IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

| | |
|---|---|
| UNITED STATES OF AMERICA, for Itself and as Trustee for the Zuni Indian Tribe, Navajo Nation and Ramah Band of Navajos, and and STATE OF NEW MEXICO, *ex rel*. State ENGINEER,<br>       Plaintiffs,<br><br>and<br>ZUNI INDIAN TRIBE, NAVAJO NATION,<br>       Plaintiffs-in-Intervention,<br><br>   -v-<br><br>STATE OF NEW MEXICO, COMMISSIONER OF PUBLIC LANDS and A & R PRODUCTIONS, *et al.*<br>       Defendants. | 01cv00072-BB-ACE<br><br>ZUNI RIVER BASIN<br>  ADJUDICATION |

SPECIFIC MASTER'S REPORT AND RECOMMENDATIONS
ON REQUEST FOR ATTORNEYS' FEES AND COSTS

   To:   The Honorable Bruce D. Black              From: Vickie L. Gabin
           United States District Judge                   Special Master

           This Report recommends that the Court deny the request for
           attorney's fees and costs brought by Paul Davis and the Paul
           Davis and JoAnn V. Davis Revocable Trust

     THIS MATTER is before the Special Master pursuant to the Court's direction to submit recommendations on a request for attorney's fees and costs associated with responding to a motion to dismiss.

BACKGROUND

December 23, 2003, the United States of America ("United States") filed a Motion to Drop/Dismiss Defendant Parties (Docket No. 294) and proposed Order.[1] Paul Davis and the Joann V. Davis Revocable Trust filed their Response and Request for Sanctions December 28, 2003 (No. 296). The United States filed its Reply January 12, 2004 (No. 301).

The Motion to Drop/Dismiss was filed pursuant to procedural orders whereby parties who were named in the United States' Complaint but who did not claim an interest in water rights within the geographic scope of this adjudication, could request to be dismissed. See June 24, 2003, Interim Procedural Order at 3 (No. 208) and July 20, 2003, Procedural and Scheduling Order at 3 (No. 215). After setting a hearing on the matter, Mr. William Stripp, counsel for Respondents, informed me that a conflict would prevent him from attending. Both Mr. Stripp and Mr. Charles O'Connell, counsel for the United States, agreed by telephone that the matter could be decided on the pleadings; and I vacated the hearing.

DISCUSSION AND RECOMMENDATION

Respondents' position is that they were named in the Motion in error, because they never filed a request to be dismissed. They request attorneys' fees for the costs of responding to the Motion. Respondents also question whether or not other Defendants listed were dismissed in error. The United States points out that, rather than contact the United

---

[1] The United States has since submitted a Revised/Substitute Order Granting Motion to Drop/Dismiss Party-Defendants, which excludes a number of parties listed in error on the first motion.

2

States with regard to the error, Mr. Stripp filed a formal response.  Fed. R. Civ. P. 11 (c)(1)(A).

I recommend that the request for attorneys' fees be denied.  I agree with Mr. O'Connell that Mr. Stripp could have, and should have, contacted the United States in an attempt to remedy the error.  Rule 11 requires that the movant be given notice of an alleged offense and an opportunity to correct the same.  (I would add to that provision that all participants in a stream system adjudication have an obligation to this Court to cooperate in good faith and work toward a speedy and efficient conclusion to the suit.)

Stream system adjudications are messy creatures; the sheer number of parties alone virtually guarantees that inadvertent errors will be made during the years the suits are underway.  At the January 21, 2004, status and scheduling conference, Mr. O'Connell described how the list of defendants was drawn up.  He stated that the United States' staff relied on the Disclaimer of Interest forms which had been mailed to each named party, as well as informal correspondence and notes, and comments noted by defendants on the waiver of personal service forms.  The Disclaimer of Interest form returned by the prospective purchaser of Respondents' property is attached to the United States' Reply.  Handwritten on the bottom of the form is the statement "I'm purchasing the property of Paul & JoAnn Davis who are on the list.  At this point there is no surfaces irragation [sic] or underground water well."  The staff member who relied on this statement to compile the dismissal list evidently jumped to the conclusion that the Respondents' had no water rights.  This conclusion was unfortunate, but not fatal to Respondents' interests.  The dismissal of a water rights claimant

from an adjudication is neither a judicial determination that the claimant has no water rights, nor a bar to advancing a water rights claim. Even if the party fails to respond to a motion to dismiss, or takes no other action, the hydrographic survey eventually will identify that claimant and join him or her.

                                        Respectfully submitted,

                                            /electronic signature/
                                      SPECIAL MASTER VICKIE L. GABIN