IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO
_____

UNITED STATES OF AMERICA,

      Plaintiff,

    v.                                                                             No. CIV 01-00072 BB
                                                                              Zuni River Adjudication

STATE OF NEW MEXICO *ex rel.*
State Engineer, A & R Productions, *et al.*,

      Defendants.

## MEMORANDUM OPINION
## AND
## ORDER ON MOTION FOR EXPEDITED HEARING

**THIS MATTER** is before the Court on *Defendants Yates' Motion for Expedited Order to Compel State Engineer to Accept Statement of Claims* **[Doc. #328]. Defendants seek an expedited order to avoid the preclusive effect of an adverse finding by the State Engineer. For the reasons set forth below, Defendants' Motion shall be DENIED as moot.**

**New Mexico's water statutes set out an administrative procedure whereby a person aggrieved by a decision of the State Engineer is entitled to a hearing before the State Engineer. NMSA 1978 § 72-2-14 (1997 Repl. Pamp.) ("If, without holding a hearing, the state engineer enters a decision, acts or refuses to act, any person aggrieved by the decision, act or refusal to act, is entitled to a hearing, if a request for a hearing**

is made in writing within thirty days after receipt by certified mail of notice of decision, act or refusal to act"). No appeal shall be taken to the district court until the State Engineer has held a hearing and entered his decision in the hearing. *Id.* Except for appeals from the State Engineer's decision to the district court, findings of the State Engineer generally have preclusive effect in subsequent proceedings. *Amoco Production Co. v. Heimann*, 904 F.2d 1405, 1414, n.11 (10th Cir. 1990) (citing *Reynolds v. Rio Rancho Estates*, 624 P.2d 502, 504 (N.M. 1981)); N.M. Const. Art. XVI, § 5 ("In any appeal to the district court from the decision, act or refusal to act of any state executive officer or body in matters relating to water rights, the proceeding upon appeal shall be *de novo* as cases originally docketed in the district court unless otherwise provided by law.").

Although administrative estoppel is favored as a matter of general policy, its suitability may vary according to the specific context of the rights at stake, the power of the agency, and the relative adequacy of agency procedures. *Astoria Fed. Sav. & Loan Ass'n. v. Solimino*, 501 U.S. 104, 109-110 ((1991); *Salguero v. City of Clovis*, 2004 WL 966287 (10th Cir. 2004). "[W]here a common-law principle is well established, as are the rules of preclusion, the courts may take it as given that Congress has legislated with an expectation that the principle will apply except 'when a statutory purpose to the contrary is evident.'" *Astoria Fed. Sav. & Loan Ass'n*, 501 U.S. at 108 (quoting *Isbrandtsen Co. v. Johnson*, 343 U.S. 779, 783 (1952) (citations omitted). The common-

2

law rule of preclusion is not consistent with the New Mexico legislature's intent in enacting the water adjudication statutes. *See* NMSA 1978 72-4-15 through 19. The legislature intended that a stream-system adjudication be all embracing stating, "[t]he court in which any suit involving the adjudication of water rights may be properly brought shall have *exclusive* jurisdiction to hear and determine *all* questions necessary for the adjudication of all water rights within the stream system involved." NMSA 1978 § 72-4-17 (*emphasis added*); *Reynolds v. Lewis*, 508 P.2d 577, 581 (1973) (only courts have power to adjudicate water rights).

This adjudication was initiated well before the State Engineer took action and made a decision on Defendants' declaration. Where a party in a federal court proceeding is involuntarily required to participate in a state administrative action, decisions in that action are not generally given preclusive effect in the federal proceeding. *United Parcel Serv. v. California Public Utilities Comm'n*, 77 F.3d 1178, 1182-87 (9th Cir. 1996); *My Club v. Edwards*, 943 F.2d 270 (3d Cir. 1991). Application of this principle makes eminent sense in this context since the State Engineer, a party in the federal proceeding, becomes the adjudicator in the state administrative action. The adjudicatory process in this Court provides both the State Engineer and Defendants the opportunity to present evidence and make legal arguments regarding their positions on the subject water rights claim. Giving preclusive effect to the State Engineer's decision on Defendants' declaration would require Defendants to litigate in state court

the identical issue that will be before the Court in this adjudication. This Court will, therefore, not give preclusive effect to any decision reached by the State Engineer on Defendants' declaration. Because the State Engineer's pre-hearing decision on Defendants' declaration will not have preclusive effect in this adjudication, Defendants' Motion for an expedited order will be denied as moot.

      IT IS SO ORDERED.

                                                                                      _____  
                                                                                      **BRUCE D. BLACK**  
                                                                                      **United States District Judge**