IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| and ) | |
| STATE OF NEW MEXICO, *ex rel.* State ) | |
| ENGINEER, ) | |
| Plaintiffs, ) | |
| ) | |
| and ) | 01cv00072-BB-ACE |
| ZUNI INDIAN TRIBE, and NAVAJO NATION, ) | |
| Plaintiffs-in-Intervention, ) | ZUNI RIVER BASIN |
| ) | ADJUDICATION |
| -v- ) | |
| ) | |
| A & R PRODUCTIONS, *et al.* ) | |
| ) | |
| Defendants. ) | |
| ) | |

MEMORANDUM OPINION AND ORDER

THIS MATTER is before the Court on the Motion to Certify Questions to the New Mexico Supreme Court filed November 2, 2005, by the Wester New Mexico Water Preservation Association ("WNMWPA") (Docket No. 396). For the reasons given below, the Motion is DENIED.

**Procedural Background**

This matter arose during the adjudication of the individual water rights claims in the Zuni River Basin pursuant to procedural and scheduling orders entered by the Special Master. *See, e.g.*, the January 5, 2005, Procedural and Scheduling Order for the Adjudication of Water Rights Claims in Sub-Areas 4 and 8 of the Zuni River Stream System (No. 355). At the July 18, 2005, status conference and working session for Sub-Areas 4 and 8, co-Plaintiffs United States of America ("United States") and the State of New Mexico, *ex rel.* State Engineer ("State") announced that the amount of water to be offered water rights claimants for domestic wells would be the higher of 0.7

acre-feet per annum, or an amount equivalent to historical beneficial use. Attorneys representing individual water rights claimants immediately protested that announcement. To better determine whether potential, adversarial proceedings regarding this offer should occur on a stream system-wide basis, before any consent orders were served on claimants, the Special Master entered an Order to Show Cause and Notice of Hearing Re: Stream System-Wide Issue (July 26, 2005, No. 370). The co-Plaintiffs satisfactorily demonstrated that the stream system-wide approach was unnecessary, and the Special Master permitted them to go forward under the existing procedural and scheduling order.

**Request for Certification**

The WNMWPA's Motion requests that this Court certify six questions to the New Mexico Supreme Court: whether existing statutes, agency regulations, and permits create a legal right and reasonable expectation of a property interest of three acre-feet per annum in a domestic well; whether domestic well users should have their right to divert up to three acre-feet per annum curtailed or limited without having been given prior notice of a beneficial use requirement; whether there exists a "protected interest" in a permit to appropriate water for domestic uses such that the interest may not be curtailed without prior notice; whether the diversion of water under a domestic well permit may be limited when the issuance of that permit is required under specified factual situations; whether a limitation upon a domestic well violates Art. IV, §34 of the New Mexico Constitution; and whether, under certain facts, the diversion of three-acre feet per annum should be permitted regardless of historic beneficial use.

Paul Davis, *et al.*, adds the question whether, in light of § 72-12-1, *et seq.*, and the State Engineer's permits, the State should be estopped from offering owners of domestic wells less than three acre-feet of water.

**Requirements for Certification**

"Novel, unsettled questions of state law, ... not 'unique circumstances,' are necessary before federal courts may avail themselves of state certification procedures." <u>Arizonans for Official English v. Arizona</u>, 520 U.S. 43, 79 (1997).  Whether to certify a question to the state court is within the discretion of the federal court, <u>Albert v. Smith's Food and Drug Centers, Inc.</u>, 356 F.3d. 1242 (10th Cir. 2004), and certification is not to be routinely invoked whenever federal court is presented with an unsettled question of state law.  <u>Armijo v. Ex Cam, Inc.</u>, 843 P.2d 406 (10th Cir. 1988).  There is no certification absent an "unusual difficulty in deciding the state law question."  <u>Copier by and Through Lindsey v. Smith & Wesson</u>, 138 F.3d 833 (10th Cir. 1998).

The scope of the New Mexico Supreme Court's authority to accept certification of questions by this Court is limited to questions of law certified to it by a court of the United States

> if the answer may be determinative of an issue in pending litigation in the certifying court and the question is one for which answer is not provided by a controlling:
>
> (1) appellate opinion of the New Mexico Supreme Court or the New Mexico Court of Appeals; or
>
> (2) constitutional provision or statute of this state.

NMRA, 12-607; NMSA § 39-7-4.

**New Mexico Law**

New Mexico's Constitution and statutory scheme define the parameters of a water right in New Mexico.  "Beneficial use shall be the basis, the measure and the limit of the right to the use of water." N.M. Const. art. XVI, § 3.  The language of NMSA  § 72-12-1 applies the constitutional provision specifically to groundwater:

3

>The water of underground streams, channels, artesian basins, reservoirs or lakes, having reasonably ascertainable boundaries, are hereby declared to ... belong to the public and to be subject to appropriation for beneficial use.

Domestic, livestock, and certain other uses are considered to be relatively small uses, and the procedures for appropriating water for beneficial use are described and further defined by NMSA §§ 72-12-1.1 through 72-12-3.

**Discussion**

As the United States of America points out in its Response (November 30, 2005, No. 405), the questions raised boil down to one central issue: are water rights for domestic wells in New Mexico limited to the quantity of water beneficially used? For the purpose of deciding whether to certify the question to the New Mexico Supreme Court, this Court must determine whether this question is unsettled in New Mexico law.[1]

New Mexico law is clear on the subject. The constitutional provision and statutes cited above as well as abundant case law clearly state that beneficial use defines the extent of a water right. This fundamental principle "is applicable to all appropriations of public waters." State ex rel. Martinez v. City of Las Vegas, 89 P.3d 47, 58-9 (2004), quoting State ex rel. State Eng'r. v. Crider, 431 P.2d 45, 48 (1967). Only by applying water to beneficial use can an appropriator acquire a perfected right to that water. State ex rel. Cmty. Ditches v. Tularosa Cmty. Ditch, 143 P. 207 (1914), Hanson v. Turney, 94 P.3d 1 (Ct. App. 2004). Further, the purpose of a stream system adjudication is to determine the amount of water which each water right claimant is entitled to in order to facilitate the

---

[1] The WNMWPA and Davis set forth numerous factual allegations and arguments regarding the State Engineer's permitting process and the proposed consent orders; many of the statements and arguments are disputed by the State and the United States. This Court need not address any of these for the purpose of deciding the certification question.

4

distribution of unappropriated water.  NMSA §§ 72-4-15 through 72-4-19; Snow v. Abalos, 140 P. 1044 (1914).

Neither the WNMWPA nor Davis cite any authority which supports the proposition that domestic uses are exempt from the beneficial use requirement which exists under state law, nor do they cite support for their suggestion that domestic uses should enjoy special treatment in this water rights adjudication.

IT IS ORDERED, THEREFORE, that the Motion is DENIED.

_____
BRUCE D. BLACK
UNITED STATES DISTRICT JUDGE