IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

| | |
|---|---|
| UNITED STATES OF AMERICA, for Itself and as Trustee for the Zuni Indian Tribe, Navajo Nation and Ramah Band of Navajos, and and STATE OF NEW MEXICO, *ex rel*. State ENGINEER, Plaintiffs, and ZUNI INDIAN TRIBE, NAVAJO NATION, Plaintiffs-in-Intervention, -v- STATE OF NEW MEXICO, COMMISSIONER OF PUBLIC LANDS and A & R PRODUCTIONS, *et al.* Defendants. | 01cv072-BB/WDS ZUNI RIVER BASIN ADJUDICATION |

**MEMORANDUM OPINION AND ORDER**

**THIS MATTER** comes before the Court on the Motions to Dismiss Counterclaims of Defendants Paul Davis Survivor's Trust, Joann V. Davis Residual Trust, Luis Mario Baeza and Lisa Baeza filed by the State of New Mexico, *ex rel*. State Engineer ("State") and the United States of America ("United States"). (Answers and Counterclaims filed September 6, 2007, Doc. Nos. 1259 - 1262; Motions to Dismiss filed September 26, 2007, October 3, 2007, Doc. Nos. 1278 - 1281, 1285-1288).  For the reasons given below, the Court will **GRANT** the Motions to Dismiss.

Background

Answers and Counterclaims were filed by Counterclaimants in response to the Amended Complaint filed for the adjudication of the Zuni River Basin (August 4, 2003, Doc. No. 222). Each

of the counterclaims 1) state the legal descriptions for the lands owned by defendants, and 2) set forth a claim to "all water that falls upon, flows through, or lies beneath land that it owns or has an interest in, including, but not limited to the right to divert, impound, pump, and otherwise use those waters."  Paul Davis Survivor's Trust also enumerates its shares in the Ramah Valley Acequia Community Ditch Association and the Ramah Land and Irrigation company, and claims an ownership interest in all water rights associated with the shares.  Unless otherwise noted, assertions and argument included in the Counterclaims and Responses to the Motions to Dismiss, and the State's and United States' Motions to Dismiss and Replies are consolidated for discussion.

Discussion

Both the State and the United States assert that Counterclaimants' claims of ownership and the associated right to use all the water that touches their lands violate the New Mexico Constitution, which provides that beneficial use is the "measure, the basis and the limit" of water rights in New Mexico.  N.M. Const. art. XVI, § 3.

Counterclaimants argue that under New Mexico law, the application of water, or the intent to apply the water, followed by due diligence toward application and ultimate application of the water, gives the appropriator the continued and continuous right to take the water.  Their intent to use all the water that touches their land, therefore, is consistent with the New Mexico Supreme Court's definition of beneficial use as they believe is defined in <u>State v. Las Vegas</u>, 89 P.3d 47 (N.M. 2004).

As this Court has previously found,

> (N)ew Mexico law is clear on the subject.  The constitutional provision and statutes cited above as well as abundant case law clearly state that beneficial use defines the extent of a water right.  This fundamental principle "is applicable to all

> appropriations of public waters." State ex rel. Martinez v. City of Las Vegas, 89 P.3d 47, 58-9 (2004), quoting State ex rel. State Eng'r. v. Crider, 431 P.2d 45, 48 (1967). Only by applying water to beneficial use can an appropriator acquire a perfected right to that water. State ex rel. Cmty. Ditches v. Tularosa Cmty. Ditch, 143 P. 207 (1914), Hanson v. Turney, 94 P.3d 1 (Ct. App. 2004). Further, the purpose of a stream system adjudication is to determine the amount of water which each water right claimant is entitled to in order to facilitate the distribution of unappropriated water. NMSA §§ 72-4-15 through 72-4-19; Snow v. Abalos, 140 P. 1044 (1914).

Memorandum Opinion and Order (June 15, 2006, Doc. No. 733). Due diligence in developing a water right for which a permit has been granted may give an appropriator the right to use water, State ex rel. Reynolds v. Mendenhall, 68 N.M. 467, 362 P.2d 998 (1961). Development of a water right, however, requires in the first instance that future, intended uses of surface waters or groundwaters be applied for and perfected pursuant to New Mexico's statutory scheme for administrative applications. §§ 72-5-1, *et seq*., 72-12-1, *et seq*., NMSA 1978.[1]

The United States' Consolidated Reply (November 1, 2007, Doc. No. 1366) addresses three additional matters, only one of which is necessary to address in view of the disposition of these motions. Counterclaimants' responses include assertions of actual beneficial use, which the United States characterizes as allegations made outside the pleadings. These allegations may be considered by the Court only if the allegations are excluded or the motions to dismiss are converted into motions for summary judgment pursuant to Fed. R. Civ. P. 12(d), Alexander v. Oklahoma, 382 F.3d 1206, 1214 (10th Cir. 2004). Consolidated Reply 2 - 3. The Court agrees that even if substantiated by evidence or affidavits, the Counterclaimants' "new" allegations of actual beneficial use could not

---

[1] The scope of this adjudication is to determine the elements of surface water and groundwater having priority dates senior to December 4, 2008. *See*, Order Granting Motion to Define Temporal Scope of Adjudication and Clarifying Effect of Consent Orders (December 4, 2008, Doc. No. 1988). Consequently, to be included in this case, water rights applied for and developed pursuant to the State Engineer's administrative authority would have to have been permitted prior to December 4, 2008.

be used to support Counterclaimants' theory of water ownership.  All defendants, however, have the full opportunity to prove the extent of their beneficial use(s) pursuant to the procedural orders which guide the course of this adjudication.

Legal Standard

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides a party the ability to move for the dismissal of a claim based on "the failure to state a claim upon which relief can be granted."  When evaluating a motion to dismiss, a court must accept as true the material facts alleged in the complaint, and may dismiss an action where "it appears the plaintiff can prove no set of facts in support of the claims that would entitle the plaintiff to relief."  Grossman v. Novell, Inc., 120 F3d 1112, 1118 (10th Cir. 1997).  The motion must be decided solely on the pleadings.  Fed. R. Civ. P. 12(d).

As discussed above, under New Mexico law beneficial use defines the extent of the water right.  Counterclaimants allege no set of facts or contrary authority in support of their claims of ownership of all the waters that touch their lands.  The counterclaims are dismissed.

**IT IS SO ORDERED**.

_____
**BRUCE D. BLACK**
**UNITED STATES DISTRICT JUDGE**