IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

| | |
|---|---|
| UNITED STATES OF AMERICA, for Itself and ) <br> as Trustee for the Zuni Indian Tribe, Navajo Nation ) <br> and Ramah Band of Navajos, and ) <br> and ) <br> STATE OF NEW MEXICO, *ex rel*. State ) <br> ENGINEER, ) <br>           Plaintiffs, ) <br> ) <br> and ) <br> ZUNI INDIAN TRIBE, NAVAJO NATION, ) <br>           Plaintiffs-in-Intervention, ) <br> ) <br>      -v- ) <br> ) <br> STATE OF NEW MEXICO, COMMISSIONER ) <br> OF PUBLIC LANDS and A & R PRODUCTIONS, ) <br> *et al.* ) <br> ) <br>           Defendants. ) <br> ) | 01cv072-BB/WDS <br><br> ZUNI RIVER BASIN <br>    ADJUDICATION <br><br><br><br> Subfile No. ZRB-3-0090 |

MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on a Motion to Set Aside Entry of Default (April 14, 2008; Doc. No. 1729) and Response in Opposition to the Motion for Default Judgment (April 14, 2008; Doc. No. 1730) ("Motions") filed by Defendant David Kessler, and the Opposition to Motion to Set Aside Entry of Default ("Response," April 23, 2008; Doc. No. 1734), filed by Plaintiffs United States of America and State of New Mexico, *ex rel*. State Engineer. For reasons set forth below, the Motions are DENIED.

**Background**

The adjudication of water rights claims in Sub-area 7 of the Zuni River Basin is guided by the Special Master's Procedural and Scheduling Order for the Adjudication of Water Rights Claims

in Sub-Area 7 of the Zuni River Stream System ("Procedural Order," March 7, 2006; Doc. No. 561). The Procedural Order describes in detail how defendants must respond to the consent order(s) proposed by the Plaintiffs.   To object to any element of a proposed consent order, a defendant is required to: a) timely return a "Request for Consultation" to the United States; b) attend a mandatory consultation for discussion of the defendant's disagreement with the proposed consent order; and c) if the consultation does not result in agreement, file a form Answer with the Court.  Procedural Order, Section III.B.  The form Answer must, *inter alia*, explain the reason for disagreeing with the proposed consent order, and include a statement that the defendant has made a good faith effort to consult with and resolve the disagreement with the Plaintiffs.  Procedural Order, Section II.I.  Good faith participation in a scheduled consultation must occur before the dispute can be placed before the Court.  Procedural Order, Section III.B.1. A defendant's failure to request a consultation or otherwise contact the United States for a field inspection and/or file a form answer "shall be considered grounds for entry of a default order that incorporates the proposed Consent Order, in accordance with the criteria set forth in paragraph III.C.3 of this Order." Procedural Order, Section III.C.1.

A service packet consisting of, among other documents, the Procedural Order, consent order(s), Notice of Water Rights Adjudication, form Answer and explanatory cover letter was sent to each defendant.  The Notice of Water Rights Adjudication, cover letter and form Answer repeated the instructions and deadlines set forth in the Procedural Order.

The Clerk's Certificate of Default was entered with respect to Subfile No. ZRB-3-0090 and other subfiles (March 3, 2008;  Doc. No. 1618); and the Court's Order Granting Default Judgment as to Subfile No. ZRB-3-0090 was entered April 7, 2008 (Doc.  No.  1706).

**Discussion**

In his Motions, Mr. Kessler states that "In a timely manner I sent in my subfile answer in the prepaid return envelope[.]" and adds that he was requesting a consultation. The Clerk's Certificate of Default certifies that no subfile answer was filed by Mr. Kessler. In his Motion to Set Aside Entry of Default, Mr. Kessler requests the opportunity to resubmit an answer; his subfile answer is attached. It states that Mr. Kessler objects to the proposed consent order because: the amount of water offered for his right is arbitrary and may not be adequate; the amount offered is well below the accepted standard; there is no obvious method used that makes sense; that livestock have been using the land; and his children may build on the land and he will need more water. He adds that he is requesting an increase to three acre-feet per annum.

Plaintiffs' Response includes copies of Mr. Kessler's original Subfile Answer which he sent to the United States and the envelope in which the document was mailed, and a June 6, 2006, letter from Mr. Bradley S. Bridgewater to Mr. Kessler, explaining that Mr. Kessler must file his Subfile Answer with the Court and return a Request for Consultation to the United States. Plaintiffs assert that Mr. Kessler (and Lisa Kessler) "have never returned a Request for Consultation concerning Subfile ZRB-3-0090 or otherwise indicated any intent to participate in good faith in consultation." Response at 2.

**Default Judgment**

Fed. R. Civ. P. 55(c) states in relevant part "(t)he court may set aside an entry of default for good cause, and it may set aside a default judgment under Rule 60(b)." Good cause for setting aside a default may be shown by various factors. Principal among them are whether the default was the result of culpable conduct of the defendant, whether the plaintiff would be prejudiced if the default

is set aside, and whether defendant presented a meritorious defense.  <u>Gomes v. Williams</u>, 420 F.2d 1364 (10th Circ. 1970).  With respect to Rule 60(b), a meritorious defense is analyzed by examining the defendant's allegations; for these purposes, the movant's version of facts and circumstances supporting his defense will be deemed to be true.  <u>In re Stone</u>, 588 F.2d 1316 (10th Cir. 1978).  Bold allegations, without supporting facts, will not sustain a defaulting party's burden.  <u>Gomes v. Williams</u>,  420 F.2d at 1366.

     The pleadings indicate that Mr. Kessler ignored the Procedural Order, the instructions in the other documents provided in the service packet and the June 6, 2006, letter from the United States once again explaining what had to be done.  Mr. Kessler is in default as a result of his own culpable conduct by failing to adhere to the deadlines and filing requirements set forth in the Procedural Order.           At the beginning of this stream system adjudication, this Court instructed the Special Master to "produce general guidelines and scheduling orders for the conduct of the case, and to arrange specific schedules for tasks, status conferences, status reports and other case-management necessities."  Paragraph 7, Scheduling Order (July 15, 2002, Doc. No. 147).  Procedural orders entered thus far guide the fair and efficient conduct of the adjudication of individual water rights, and are integral to the overall progress of a long and complicated legal process.  The Court cautions all parties that willful violations of  relevant procedural orders(s) will not be ignored.

     Notwithstanding Mr. Kessler's  failure to obey procedural requirements, however, this Court will grant Mr. Kessler's request that his re-submitted Subfile Answer be accepted, and will evaluate his answer on the merits.  The "preferred disposition of any case is upon its merits and not by default judgment."  <u>Gomes v. Williams</u>, 420 F.2d at 1366.

With respect to the objections that the amount of water offered for his right is arbitrary and may not be adequate, and the amount offered is well below the accepted standard, New Mexico law is clear. Actual, beneficial use defines the extent of a water right. State ex rel. Martinez v. City of Las Vegas, 89 P.3d 47, 58-9 (2004), quoting State ex rel. State Eng'r. v. Crider, 431 P.2d 45, 48 (1967). Only by applying water to beneficial use can an appropriator acquire a perfected right to that water. State ex rel. Cmty. Ditches v. Tularosa Cmty. Ditch, 143 P. 207 (1914), Hanson v. Turney, 94 P.3d 1 (Ct. App. 2004). The purpose of a stream system adjudication is to determine the amount of water which each water right claimant is entitled to in order to facilitate the distribution of unappropriated water. §§ 72-4-15 through 72-4-19, NMSA 1978; Snow v. Abalos, 140 P. 1044 (1914). *See*, Memorandum Opinion and Order at 3-5 (June 15, 2006, Doc. No. 733).

Mr. Kessler's objection that more water may be needed because his children may build on the land reflects only an intent to appropriate more water in the future. The intent to appropriate water, by itself, does not confer a water right. Future, intended uses of surface waters or groundwaters must be applied for and perfected pursuant to New Mexico's statutory scheme for administrative applications. §§ 72-5-1, *et seq.*, 72-12-1, *et seq.*, NMSA 1978; State *ex rel*. Bliss v. Dority, 225 P.2d 1007, 1011 (1950) (the statutory manner of acquiring rights in public waters is exclusive). Mr. Kessler's remaining objections to the consent order are vague, and will not be addressed here.

The Order Granting Default Judgment adjudicates two small stock ponds (.076 and .071 acre-feet of storage impoundment volume) and two domestic wells (.7 acre-feet each). Nowhere in Mr. Kessler's Subfile Answer is an indication that he has beneficially used amounts of water greater than those offered to him in the proposed consent order and confirmed by the Default Judgment.

5

IT IS ORDERED, THEREFORE, that the Motions are DENIED.

_____
BRUCE D. BLACK
UNITED STATES DISTRICT JUDGE