IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

| | |
|---|---|
| UNITED STATES OF AMERICA, for Itself and as Trustee for the Zuni Indian Tribe, Navajo Nation and Ramah Band of Navajos, and and STATE OF NEW MEXICO, *ex rel.* State ENGINEER,<br>　　　　Plaintiffs,<br><br>and<br>ZUNI INDIAN TRIBE, NAVAJO NATION,<br>　　　　Plaintiffs-in-Intervention,<br><br>　　-v-<br><br>STATE OF NEW MEXICO, COMMISSIONER OF PUBLIC LANDS and A & R PRODUCTIONS, *et al.*<br><br>　　　　Defendants. | 01cv072-BB/WDS<br><br>ZUNI RIVER BASIN<br>　ADJUDICATION |

SPECIAL MASTER'S REPORT ON MOTION TO WITHDRAW
GENERAL ENTRIES OF APPEARANCE AND FILE
<u>A LIMITED ENTRY OF APPEARANCE ON CERTAIN ISSUES</u>

To: The Honorable Bruce D. Black　　　　　　　　From: Vickie L. Gabin
　　United States District Judge　　　　　　　　　　　　　Special Master

　　This Report recommends that the Court deny counsel for a water users' association's motion for leave to file a limited entry of appearance for certain matters on behalf of its membership.

　　THIS MATTER is before the Special Master on the Motion to Withdraw General Entries of Appearance for Members of the Western New Mexico Water Preservation Association and For Leave to Enter Limited Appearances on Behalf of Association Members When Global Issues Arise, filed by the Western New Mexico Water Preservation Association ("WNMWPA," May 8, 2008, Docket No. 1763), filed by Tanya L. Scott and Charles T. DuMars.  Responses in Opposition filed

by the United States of America ("United States," June 9, 2008, No. 1777), the State of New Mexico, ex rel. State Engineer ("State," June 6, 2008, No. 1776), the Zuni Indian Tribe (June 9, 2008, No.1779), and the Navajo Nation (June 9, 2008, No. 1778); and the WNMWPA's Reply (June 23, 2008, No. 1792).

## I. Background

This adjudication was filed in January, 2001. Subsequently, the WNMWPA was formed by persons who claim water rights in the Zuni River Basin to enable those water users to combine resources and litigate matters common to the membership as a whole. Because the WNMWPA is not a party to this adjudication, counsel filed one entry of appearance on behalf of a list of individual members (April 15, 2007, No. 1394). As the adjudication progressed, various attorneys, the Court's data manager and I observed that the court's docketing and service functions were hampered by the fact that the list of counsel and represented parties were out of date. The Order entered October 10, 2007 (No. 1300) required attorneys to amend their entries of appearance with appropriate client information and, where appropriate, file motions to withdraw as required by D.N.M.LR-Civ. 83.8. Counsel did so (*see, e.g.,* motions to withdraw filed March 3, 2008, granted September 10, 2008, No. 1856, and Motion to Withdraw, April 24, 2009, No. 2323, granted, No. 2325). Counsel now requests leave to file a limited entry of appearance for matters of general or global concern to the association as they arise, citing D.N.M.LR-Civ 83.4(c) and the New Mexico Rules of Professional Responsibility, Rule 16-102 NMRA.

## II. Issue Presented

WNMWPA counsel's request that the Court grant leave to withdraw all "general" entries of

... 

appearance for its current membership is substantially moot. As noted above, those entries of appearance have been withdrawn. What remains is the question whether counsel for the association may be granted leave to enter a limited appearance <u>at this time</u>. Existing state and federal rules address the issue in general terms.

Limited entries of appearance are authorized by D.N.M.LR-Civ. 83.4(c):

**(c) Limited Entry of Appearance.** An attorney may not appear in a limited manner as provided in N.M.R.Prof'l Conduct 16-303(E) except by Court order.

New Mexico's Rule 16-303, Candor Toward the Tribunal, provides in Paragraph E:

**E. Limited entry of appearance; lawyer's duty.** In all proceedings where a lawyer appears for a client in a limited manner, that lawyer shall disclose to the court the scope of representation.

New Mexico's Rule 16-102, Scope of Representation, is also instructive:

**C. Limitation of Representation.** A lawyer may limit the scope of the representation if the limitation is reasonable under the circumstances and the client gives informed consent.

There is no question that limited entries of appearance "maximize access to legal representation while minimizing costs." Motion at 3 and 5. The United States and opposing parties agree with the concept; they stress, however, that a limited entry of appearance should not be made until counsel has clearly identified the identity of the client(s), and the precise matter for which the limited representation is sought, and until some type of "informed consent" has been obtained from the client(s). Counsel for the WNMWPA agrees; and I am confident that counsel will, when appropriate, provide these elements in a legally cognizable way. What counsel wants, however, is assurance from this Court "that an alternative arrangement [to withdrawing from the representation

of individual members] passes muster with the Court." Reply at 9.

The rules of procedure and professional conduct cited above require certain disclosures to the court before a limited representation can be commenced. I can find no authority, nor does counsel cite to any authority, which would give this Court the ability to guarantee that future limited entries of appearance would be approved without those disclosures having been made on an issue-specific basis. Indeed, even if the Court could extend such a guarantee, the ever-changing membership of the WNMWPA coupled with counsel's current uncertainty about the extent to which any ruling of the Court would be binding upon individuals or the WNMWPA membership at large (Reply at 6-7), would result only in numerous due process issues arising. Instead, each proposed limited entry of appearance should be evaluated pursuant to the rules when an issue of general interest arises.

### III. Recommendations

1. The motion to withdraw entries of appearance should be denied as substantially moot.

2. The motion for leave to enter a limited entry of appearance should be denied with leave to refile when an issue of general interest arises, and when questions concerning representation are resolved.

Respectfully submitted,

_Vickie L. Gabin_
SPECIAL MASTER