IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

| | |
|---|---|
| UNITED STATES OF AMERICA, for Itself and as Trustee for the Zuni Indian Tribe, Navajo Nation and Ramah Band of Navajos, and and STATE OF NEW MEXICO, *ex rel.* State ENGINEER, <br>　　　　　Plaintiffs, <br><br>and <br>ZUNI INDIAN TRIBE, NAVAJO NATION, <br>　　　　　Plaintiffs-in-Intervention, <br><br>　-v- <br><br>STATE OF NEW MEXICO, COMMISSIONER OF PUBLIC LANDS and A & R PRODUCTIONS, *et al.* <br><br>　　　　　Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) )　　01cv072-BB/WDS <br><br>ZUNI RIVER BASIN <br>　ADJUDICATION <br><br><br>Subfile No. ZRB-1-0100 |

SPECIAL MASTER'S REPORT ON MOTION TO SET ASIDE DEFAULT JUDGMENT

To:  Judge Bruce D. Black　　　　　From:  Vickie L. Gabin
United States District Court　　　　Special Master

This Report is filed pursuant to F. R. Civ. P. 53, and recommends denial of a Motion to Set

Aside Default Judgment filed by Defendant JoAnn Strickland, Trustee for the Joann Strickland

Trust, (April 13, 2009, Doc. No. 2305), Plaintiffs United States of America and State of New

Mexico,  *ex rel*. State Engineer's Response to Motion to Set Aside Default Judgment (April 23,

2009, No. 2322), and Reply in Support of Motion to Set Aside Default Judgment (May 8, 2009, No.

2354).

**Background**

The Order Granting Default Judgment for Subfile No. ZRB-1-0100 was entered March 23, 2009 (No. 2208) on the Plaintiffs' Motion for Default Judgment or, in the Alternative, Summary Judgment (February 4, 2009, No. 2095). The record indicates that no response was filed.[1] The Court found that the Defendant had been legally served with process, and failed to comply with applicable scheduling orders and failed to appear. Default Order at 1. The Default Order adjudicates water rights for numerous stock watering ponds and wells for livestock watering, and one domestic well. The adjudication of water rights claims in Sub-area 8 of the Zuni River Basin is guided by the Special Master's Amended Procedural and Scheduling Order for the Adjudication of Water Rights Claims in Sub-Areas 4 and 8 of the Zuni River Stream System (September 8, 2005, No. 387). The Procedural Order describes in detail how defendants must respond to the consent order(s) proposed by the Plaintiffs. To object to any element of a proposed consent order, a defendant is required to: a) timely return a "Request for Consultation" to the United States; b) attend a mandatory consultation for discussion of the defendant's disagreement with the proposed consent order; and c) if the consultation does not result in agreement, file a form Answer with the Court. The form Answer must, *inter alia*, explain the reason for disagreeing with the proposed consent order, and include a statement that the defendant has made a good faith effort to consult with and resolve the disagreement with the Plaintiffs. Good faith participation in a scheduled consultation must occur before the dispute can be placed before the Court. A defendant's failure to request a consultation or otherwise contact the United States for a field inspection and/or file a form answer

---

[1] *See* Plaintiff's Motion for Entry of Default (January 29, 2009, No. 2077) and the Clerk's Certificate of Default (February 2, 2009, No. 2094).

is considered grounds for entry of a default order that incorporates the proposed Consent Order.

A service packet consisting of, among other documents, the Procedural Order, consent order(s), Notice of Water Rights Adjudication, form Answer and explanatory cover letter was sent to each defendant.   The Notice of Water Rights Adjudication, cover letter and form Answer repeated the instructions and deadlines set forth in the Procedural Order.   The Defendant and the United States now dispute whether Defendant returned a Request for Consultation to the United States.   She has appended an Affidavit to her Motion as Exhibit A, in which she asserts she filed a request for consultation in November, 2005.   Plaintiffs dispute that assertion.  Response at 3 and Exhibit A.  **Discussion**

Defendant requests relief from the default judgment on the grounds for relief recognized by Fed. R. Civ. P. 60(b):  mistake, inadvertence, surprise [or excusable neglect].  Motion at 1.   Default judgments in subfile matters are usually analyzed pursuant to  Fed. R. Civ. P. 55, Default; Default Judgment.  Subsection (c) states in relevant part  "(t)he court may set aside an entry of default for good cause, and it may set aside a default judgment under Rule 60(b)."  Good cause for setting aside a default may be shown by various factors.  Principal among them are whether the default was the result of culpable conduct of the defendant, whether the plaintiff would be prejudiced if the default is set aside, and whether defendant presented a meritorious defense.  Gomes v. Williams, 420 F.2d 1364 (10th Circ. 1970).  A meritorious defense is analyzed by examining the defendant's allegations; for these purposes, the movant's version of facts and circumstances supporting his defense will be deemed to be true.  In re Stone, 588 F.2d 1316 (10th Cir. 1978).   With respect to Rule 60(b), bold allegations, without supporting facts, will not sustain a defaulting party's burden.   Gomes v. Williams,  420 F.2d at 1366.

Both parties detail at length what actions Defendant did or did not take to comply with the Procedural Order.   Taking Defendant's allegations to be true, In re Stone, *supra*, Defendant timely returned her Request for Consultation; and she understood the process for contesting the offered consent order by attending a consultation for members of her family.   She never received notification that her subfile had been set for a consultation.   She filed her Subfile Answer (February 24, 2006, No. 495).[2]   Once she received notice of a pending motion for default, she attempted, unsuccessfully, to resolve the matter with the United States.  Motion at 1 - 3.   She now requests the opportunity to litigate her water rights claims on the merits.   Reply at 1.

While the Plaintiffs appear to be aggrieved generally by what they assert is Defendant's failure to follow the Procedural Order, they do not allege future prejudice should this Court set aside the Default Order.   Gomes v. Williams, *supra*.

Turning to the merits, Defendant's Subfile Answer as filed is incomplete.   It appears that p. 2 was either never received at the court, or inadvertently not scanned in.    On July 9, 2009, I requested Ms. Tanya Scott, Defendant's counsel, to send a complete copy of the document to the court for re-filing.   Ms. Scott responded that because her client filed the Subfile Answer, there was no copy in Ms. Scott's files.   She would, however, contact Ms. Strickland for a complete copy.   To date, a complete copy has not been filed.   Counsel for the United States, however, did receive a copy of the form answer on March 2, 2006, and quotes from p. 2.   Response at 3.   In summary, Defendant rejects the consent order's offer for an amount less than three acre-feet for her domestic

---

[2]   The Procedural and Scheduling Order provides a January 10, 2006, deadline for the filing of either a consent order or subfile answer.   Plaintiffs object to the late filing, but do not allege that this late filing prejudiced them in any way.   Indeed, extensions of time for adjudication scheduling order deadlines are given freely so that cases are considered on their merits.   *See* Torres v. Oakland Scavenger Co., 487 U.S. 312, 316 (1988) (rules of procedure should be liberally construed and mere technicalities should not stand in the way of consideration of a case on its merits.)

well (NMSA 1978, § 72-12-1) "based upon the existence of a property or vested right for three acre feet per year as provided by the statute ... ." Response at 3.  Defendant's interpretation of § 72-12-1 is incorrect.  New Mexico law is clear that beneficial use defines the extent of a water right.  *See* Memorandum Opinion and Order, June 15, 2006 (No. 733).  Defendant did not respond to the offers for the stock ponds and livestock watering wells in her answer, but asserts that "(t)he amounts offered by the Plaintiffs do not fairly reflect the amounts that she has placed to beneficial use for cattle."  Motion at 4.

Generally, the purpose of an answer is to challenge matters alleged in the plaintiff's complaint and to avoid a default judgment.  *See,* Williams v. Life S & L, 802 F. 2d 1200, 1203 (10th Cir. 1986).  In this adjudication, the purposes of having defendants file a standard answer form are:  (1) to alert the Plaintiffs of the basis of the objection to the consent order so that the subsequent consultation is productive; and (2) to ensure that a good faith effort has been made to resolve disputes before they are placed before the court.  In her Reply, Defendant neither contests Plaintiffs' representation of her answer, nor asserts any additional facts or allegations which might assist this court in analyzing whether her defense has merit.  Allegations, without supporting facts, are insufficient to sustain the burden of overcoming a default judgment.  Gomes v. Williams, *supra*.

**Recommendations**

Based upon the discussion of the facts and law cited above, I recommend that the Court deny the Defendant's Motion to Set Aside Default Judgment.

Respectfully submitted,

_Vickie L. Gabin_
SPECIAL MASTER