IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA
and STATE OF NEW MEXICO,
ex rel. STATE ENGINEER,

        Plaintiffs,                        CIVIL NO.   01-00072 BB
  and

ZUNI INDIAN TRIBE and
NAVAJO NATION,

        Plaintiffs in Intervention,
vs.

A & R PRODUCTIONS, et al.,

        Defendants.

### ORDER GRANTING UNITED STATES' MOTION TO DISMISS COUNTERCLAIM ASSERTED BY ROBERT R. WALLACE AND ROBERT J. WALLACE

#### Introduction

THIS MATTER is before the Court on Plaintiff United States of America's ("United States") Motion to Dismiss Counterclaim for Declaratory Judgment or, in the Alternative, for Summary Judgment [Doc. 2753].  No response to the motion was filed and the time for filing a response has long ago elapsed.

Defendants Robert R. Wallace and Robert J. Wallace ("the Wallaces") did not secure any extension of time within which to respond to the United States' motion, nor did the Court grant an extension.  The failure to respond to a motion constitutes consent to grant the motion.  D.N.M.LR-Civ. 7.1(b).  Accordingly, the Court determines that the Wallaces have consented to the Motion to Dismiss their counterclaim.

However, Circuit precedent indicates that a court should not grant dismissal simply because an opposing party fails to respond. Issa v. Comp USA, 354 F.3d 1174, 1177-78 (10th Cir. 2003). Under those circumstances, dismissal of the counterclaim would constitute an improper sanction.

Instead, the Court proceeds to the question of whether it has jurisdiction over the Wallaces' counterclaim. The Wallaces' failure to file a response in opposition to the motion, however, precludes them from raising factual challenges to the facts asserted in the motion. *See* D.N.M. LR-Civ 56.1(b) (all material facts set forth in a motion for summary judgment are deemed undisputed unless specifically controverted.)

**I.      Undisputed Facts**

The undisputed facts are:

1. The Wallaces' amended answer, pages 2-4, asserts a counterclaim for declaratory judgment.

2. The Wallaces' counterclaim fails to set forth grounds for the Court's jurisdiction, and fails to allege that the United States waived sovereign immunity to the counterclaim.

3. The counterclaim seeks declaratory relief concerning the Wallaces' right to develop a well and divert water under a permit issued by the New Mexico Office of the State Engineer ("OSC"), an assigned water right file number G-01068 (the G-01068 permit).

4. The Wallaces' counterclaim does not allege that any groundwater diversion they established pursuant to the G-01068 permit is within the Zuni River Stream System or the geographic scope of this adjudication.

5. The OSC water right summary for water right file G-01068 (Ex. US-1) establishes the point of diversion of the G-01068 permit within Section 16 of Township 13N, Range 17W, which is not within the geographic scope of the adjudication.

6. The United States does not seek relief against the Wallaces concerning their rights under the G-01068 permit in either the August 4, 2003 Amended Complaint or any other pleading filed in this action.  The Wallaces proceed "upon information and belief," but "have alleged no facts supporting a conclusory statement that an actual controversy exists between them and the United States concerning their rights under the G-01068 permit."   As the well in question is not within the Zuni River Stream System, the United States has taken no action with regard to any rights the Wallaces have or may have under the referenced permit.  [Doc. 2753, Motion at 2-3].

**II.    Analysis**

   **A.    *Federal Court Jurisdiction***

Before the Court can enter a declaration of rights and remedies, it must have authority–jurisdiction–to do so.  "Because the jurisdiction of federal courts is limited, there is a presumption against jurisdiction, and the party invoking federal jurisdiction bears the burden of proof."  Merida Delgado v. Gonzales, 428 F.3d 916, 919 (10th Cir. 2005) (*quoting* Marcus v. Kan. Dep't of Revenue, 170 F.3d 1305, 1309 (10th Cir. 1999)).  "Congress enlarged the range of remedies available in the federal courts [pursuant to the Declaratory Judgment Act] but did not extend their jurisdiction . . . ."  In other words, "[j]urisdiction . . . was not altered by the Declaratory Judgment Act." Skelly Oil v. Phillips Petroleum Co., 339 U.S. 667, 671 (1950).

Thus, even if the Court could declare rights and responsibilities under the permit referenced by the Wallaces, it must have the authority to act, and the Court's authority is dependent on federal jurisdiction.  Here, Wallaces have not alleged any basis for the Court to exercise jurisdiction over their claims relating to permit G-01068, and, have entirely failed to allege any waiver of sovereign immunity over the United States.  *See* 6 Charles Allen Wright, Arthur R. Miller and Mary K. Kane,

Federal Practice and Procedure, § 1427, at 234 (2010).  Put differently, the Wallaces failed to demonstrate any jurisdictional hook on which the Court can hang its hat.

    **B.**    *Discussion*

On May 21, 2003, the Court issued an order on the Special Masters Report referencing the geographic scope of adjudication.  [Doc. 200].  The Order adopted the depiction of the Zuni River surface water drainage basin provided on the map attached to the United States' January 6, 2003 Identification of the Zuni River Stream System Boundary [Doc. 156], as well as the further descriptions provided in the January 14, 2003 supplemental identification of the Zuni River System boundary [Doc. 158].

    The Amended Complaint filed in this case states:

> The boundary of this adjudication is the surface water drainage of the Zuni River stream system. . . . Groundwater diversions which lie within the surface boundaries are included in this adjudication.  The groundwater considered in this adjudication is limited to that which lies within the surface boundaries, as though their lines were drawn vertically through the earth.

[Doc. 222, at 14.]

The subject of the Wallaces' counterclaim relates to rights under permit G-01068, a permit *outside* the Zuni River Stream System.  Thus, any such counterclaim is not compulsory as it does not "arise out of the transaction or occurrence that is the subject matter of [the Amended Complaint]."  Fed. R. Civ. P. 13(a)(1)(A).

Rule 13, however, also contemplates the filing a permissive counterclaim.  "A pleading may state as a counterclaim against an opposing party any claim that is not compulsory."  Fed. R. Civ. P. 13(b).  Permissive counterclaims should be supported by independent grounds of federal jurisdiction.  *See* 6 Charles Allen Wright, Arthur R. Miller and Mary K. Kane, Federal Practice and

Procedure, § 1422, at 202 (2010) (permissive counterclaims require their own jurisdictional basis). In this case, no independent basis for federal jurisdiction was pled.

As earlier indicated, the Wallaces failed to allege that the diversion of water pursuant to their G-01068 permit is within the Zuni River Stream System. Moreover, the Wallaces failed to state independent grounds to support the Court's jurisdiction over their counterclaim. Thus, the Court concludes that it lacks jurisdiction over the counterclaim.

## Conclusion

Not only did the Wallaces consent to dismissal of their counterclaim by their failure to respond to the motion to dismiss, but the Court lacks jurisdiction to entertain the counterclaim.

IT IS THEREFORE ORDERED that the United States' motion to dismiss counterclaim, or, in the alternative, motion for summary judgment [Doc. 2753] is GRANTED, with the result that the Wallaces' counterclaim is dismissed, without prejudice.[1]

_____
Bruce D. Black
Chief United States District Judge

---

[1] *See* Brereton v. Bountiful City Corp., 434 F.3d 1213, 1216 (10th Cir. 2006) (dismissal for lack of subject matter jurisdiction must be without prejudice because "the court, having determined that it lacks jurisdiction over the action, is incapable of reaching a disposition on the merits of the underlying claims.").