IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA, and
STATE OF NEW MEXICO, ex rel. STATE
ENGINEER,

      Plaintiffs,

and                                                          No. 01-cv-0072 MV/WPL

ZUNI INDIAN TRIBE, NAVAJO NATION,          ZUNI RIVER BASIN
                                                              ADJUDICATION
      Plaintiffs in Intervention

v.                                                            **Subfile No.** ZRB-2-0014

A & R PRODUCTIONS, et al.,

      Defendants.

**ORDER GRANTING IN PART AND DENYING IN PART THE BAWOLEKS' MOTION REQUESTING JUDICIAL NOTICE**

      This matter is before the Court on Edward and Suzan Bawolek's ("the Bawoleks") Motion Requesting Judicial Notice in Subfile ZRB-2-0014. (Doc. 2969.) Plaintiffs filed a joint response opposing the motion. (Doc. 2978.) The Bawoleks filed a reply. (Doc. 2980.) Having considered the briefing, the record, and the relevant law, and being otherwise fully advised in these matters, the Court grants in part and denies in part the Bawoleks' motion.

**BACKGROUND**

      The Bawoleks filed the instant motion requesting that the Court take judicial notice of four adjudicative facts. These "facts" include statements found on three separate websites and an edited statement from Plaintiffs' Amended Complaint. Attached to the motion are screen shots of the websites with the requested facts highlighted. The Bawoleks assert that these facts are

necessary to proving their claims and that failure to take judicial notice would "potentially place evidence at risk and prejudice the Bawoleks' defense." Plaintiffs argue that judicial notice is limited in nature, that the motion requesting judicial notice contained an insufficient explanation of how the facts are relevant or why they qualify for judicial notice, and that these materials are not appropriate for judicial notice under any circumstances. Plaintiffs further dispute the contents of the websites.

### DISCUSSION

To be admissible, evidence must be relevant: it must make the existence of any fact of consequence more or less probable than it would be without the evidence. FED. R. EVID. 401. Federal Rule of Evidence 201(b) authorizes a court to take judicial notice of adjudicative facts. The Rule states that a court may judicially notice a fact that is not subject to reasonable dispute if the fact is a) generally known within the court's territorial jurisdiction or b) capable of accurate and ready determination by sources whose accuracy cannot reasonably be questioned. *See also United States v. Boyd*, 289 F.3d 1254, 1258 (10th Cir. 2002). A fact is within the common knowledge when most people in the jurisdiction would be aware of such a fact. *See Brown v. Piper*, 91 U.S. 37, 42 (1895); *United States v. Jones*, 580 F.2d 219, 222 (6th Cir. 1978). Courts should resolve every reasonable doubt in the negative when deciding whether to judicially recognize a fact. *Brown*, 91 U.S. at 42. Subsection (c)(2) of the Rule requires a court to take such notice upon request of a party if the court is supplied with the necessary information.

Rule 201 authorizes a court to take judicial notice solely of adjudicative facts, as opposed to legislative facts. Adjudicative facts concern the parties to a proceeding, whereas legislative facts are relevant to legal reasoning and the lawmaking process. *See, e.g.*, *United States v. Wolny*, 133 F.3d 758, 764 (10th Cir. 1998). Courts may take judicial notice only of those adjudicative

facts that are not in reasonable dispute, and generally do not take such notice of disputed matters. *See, e.g.*, *United States v. Jones*, 29 F.3d 1549, 1553 (11th Cir. 1994) (stating that a judicially noticed fact must be one that only an unreasonable person would dispute). Judicially noticed facts typically consist of matters of public record. *Tal v. Hogan*, 453 F.3d 1244, 1264 n.24 (10th Cir. 2006). While a court may take notice, for example, that a website, press release, or record exists, such documents cannot be considered to prove the truth of matters asserted therein. *See id.* (citing *Oxford Asset Mgmt., Ltd. v. Jaharis*, 297 F.3d 1182, 1186 (11th Cir. 2002)).

The Bawoleks first ask this Court to take judicial notice of the existence of three websites and the highlighted content. They assert that these facts are relevant, but fail to explain their relevancy to this Court. The Bawoleks' failure to explain the relevance of these documents to the issues at bar renders them inappropriate for judicial notice. *See, e.g.*, *Ctr. for Native Ecosystems v. United States Fish & Wildlife Serv.*, 795 F. Supp. 2d 1199, 1205-06 (D. Colo. 2011) (declining to take judicial notice of a fact with attenuated relevance to the case).

Even if the Court assumes that the website statements qualify as relevant adjudicative facts as described above, the Bawoleks are not entitled to judicial notice. The Bawoleks assert that the three websites are "maintained by governmental agencies operating within and for New Mexico" and are thus within this Court's knowledge. The history of judicial notice suggests that noticed facts need to be matters of common knowledge. The existence of a press release containing a statement from the New Mexico Department of Game and Fish Director does not qualify as a matter within the common knowledge of persons in New Mexico. While the existence of the press release and the websites is readily determinable, the content of the statements at issue are contested. The proposed websites and their contents are not within the

common knowledge in this jurisdiction and are reasonably disputed by the Plaintiffs. Therefore, this Court denies the Bawoleks' Motion Requesting Judicial Notice as to those websites.

The Bawoleks also ask this Court to take judicial notice an edited version of ¶ 21 of Plaintiffs' Amended Complaint. The Amended Complaint (Doc. 222) is a matter of public record and can be judicially noticed. *See Rothman v. Gregor*, 220 F.3d 81, 92 (2d Cir. 2000) (taking judicial notice of a filed complaint as a public record). The edited statement, taken alone and as requested by the Bawoleks, would be misleading. However, as the Amended Complaint is a matter of public record, this Court will notice the document in its entirety. It is noticed solely for the existence of the document and not for the truth of any matter asserted therein.

## CONCLUSION

For the reasons stated above, the Court DENIES the Bawoleks' Motion Requesting Judicial Notice as to the three websites. The Court GRANTS the Bawoleks' Motion Requesting Judicial Notice as to Plaintiffs' Amended Complaint, as limited above.

IT IS SO ORDERED.

_____
William P. Lynch
United States Magistrate Judge

A true copy of this order was served
on the date of entry--via mail or electronic
means--to counsel of record and any pro se
party as they are shown on the Court's docket.