# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, and STATE OF NEW MEXICO, ex rel. STATE ENGINEER, | ) ) ) ) | |
| Plaintiffs, | ) ) | |
| and | ) ) | No. 01-cv-0072 MV/WPL |
| ZUNI INDIAN TRIBE, NAVAJO NATION, | ) ) | ZUNI RIVER BASIN ADJUDICATION |
| Plaintiffs in Intervention, | ) ) | |
| v. | ) ) | **Subfile No.** ZRB-4-0341 |
| A & R PRODUCTIONS, et al., | ) ) | |
| Defendants. | | |

## PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

Plaintiffs United States and the State of New Mexico (collectively "Plaintiffs") filed a joint motion under Federal Rule of Civil Procedure 12(c) for judgment on the pleadings in this subfile. (Doc. 3106.) Subfile defendants Larry and Dianne Zwigart did not respond. Plaintiffs request that this Court enter judgment in their favor, in the form of a proposed Consent Order submitted as Attachment A to the Motion. (*See id.* at Ex. A.) Having reviewed the briefing, the record, and the relevant law, I recommend that the Court grant the Plaintiffs' motion for judgment on the pleadings and adopt the proposed Consent Order as the final judgment of the Court in this subfile.

Federal Rule of Civil Procedure 12(c) provides that "[a]fter the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." Rule 12(c) is

designed "to provide a means of disposing of cases when the material facts are not in dispute between the parties." *Peña v. Greffet*, --- F. Supp. 3d ---, ---, 2015 WL 3860084, at *8 (D.N.M. 2015) (citing *Kruzits v. Okuma Mach. Tool, Inc.*, 40 F.3d 52, 54 (3d Cir. 1994)). "Judgment on the pleadings should not be granted unless the moving party has clearly established that no material issue of fact remains to be resolved and the party is entitled to judgment as a matter of law." *Park Univ. Enters., Inc. v. Am. Cas. Co. of Reading, PA*, 442 F.3d 1239, 1244 (10th Cir. 2006) (quotation omitted). Rule 12(c) motions are generally treated like motions to dismiss under Rule 12(b)(6), except that claims dismissed under Rule 12(c) are dismissed with prejudice. *Peña*, --- F. Supp. 3d at ---, 2015 WL 3860084, at *8. Accordingly, a court reviewing a motion for judgment on the pleadings must accept "all facts pleaded by the non-moving party as true and grant all reasonable inferences from the pleadings in favor of the same." *Park Univ. Enters.*, 442 F.3d at 1244. Judgment on the pleadings should be granted if the pleadings demonstrate that the moving party is entitled to judgment as a matter of law. *Ramirez v. Wal-Mart Stores, Inc.*, 192 F.R.D. 303, 304 (D.N.M. 2000).

Because the Zwigarts proceed pro se, I construe their pleadings liberally and hold them to a less stringent standard than is required of a party represented by counsel. *See Weinbaum v. City of Las Cruces, N.M.*, 541 F.3d 1017, 1029 (10th Cir. 2008) (citing *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991)). Liberal construction requires courts to make some allowance for pro se litigants' "failure to cite proper legal authority, [their] confusion of various legal theories, [their] poor syntax and sentence construction, or [their] unfamiliarity with pleading requirements[.]" *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005) (quoting *Hall*, 935 F.2d at 1110). However, "the court cannot take on the responsibility of

serving as the litigant's attorney in constructing arguments and searching the record." *Id.* (citation omitted).

The pleadings in this case include the Notice that the Consultation Period Has Ended on August 28, 2015, which notified the Zwigarts that they must file a subfile answer within twenty days (Doc. 3078); the Zwigarts' subfile answer, timely filed on September 18, 2015, that objected to the proposed Consent Order on the basis that they did not agree with the Plaintiffs' assessment of water usage, felt that the Plaintiffs' were trying to take away their rights, and felt that the Plaintiffs' proposal of 0.7 acre-feet per year for residential water use was not fair to the public (Doc. 3096); and the Plaintiffs' proposed Consent Order. *See Selman v. Delta Airlines*, No. CIV 07-1059 JB/WDS, 2008 WL 6022017, at *7 (D.N.M. Aug. 13, 2008) (unpublished) (describing the distinction made in Rule 7 between pleadings and motions).

The record in the Basin adjudication is extensive. I do not address, beyond what is necessary for the determination of this motion, the factual or procedural history of this case. The burden of establishing a water right is on the Zwigarts, as the users of water. The parties seek adjudication of the water rights associated with a single domestic well serving a house on the Zwigarts' property.

New Mexico state law provides the substantive standards for this adjudication. (Doc. 2954 at 2.) The Constitution of the State of New Mexico provides that "[t]he unappropriated water . . . within the state . . . is hereby declared to belong to the public." N.M. CONST. Art. 16 § 2. "Beneficial use shall be the basis, the measure and the limit of the right to the use of water." *Id.* at § 3. That is, a water user may acquire the right to use water through beneficial use. N.M. STAT. ANN. § 72-1-2 (West 2015); *State ex rel. Erickson v. McLean*, 308 P.2d 983, 987 (N.M. 1957). "Beneficial use" means the "direct use or storage and use of water by man for a beneficial

purpose including, but not limited to, agricultural, municipal, commercial, industrial, domestic, livestock, fish and wildlife, and recreational uses." N.M. CODE R. 19.26.2.7(D) (2014). Adjudicated water rights decrees must declare "the priority, amount, purpose, periods and place of use." N.M. STAT. ANN. § 72-4-19.

"The burden of proof with respect to quantifying a water right in a stream system adjudication falls squarely on a defendant, or the user of the water right." *State v. Aamodt*, No. Civ. 66-6639 MV/WPL, Subfile PM-67833, Doc. 8119 at 6 (D.N.M. Feb. 24, 2014) (unpublished) (citing *Pecos Valley Artesian Conservancy Dist. v. Peters*, 193 P.2d 418, 421-22 (N.M. 1948)). For purposes of this adjudication, the Plaintiffs "announced that the amount of water to be offered water rights claimants for domestic wells would be the higher of 0.7 [AFY], or an amount equivalent to historical beneficial use." (Doc. 733 at 1-2.) The burden is on the Zwigarts to justify a water right above that which was offered by the Plaintiffs. (Doc. 2985 at 2-3.)

The Zwigarts did not file a response to the Plaintiffs' motion for judgment on the pleadings. Their only pleading in this case is their subfile answer, which contains no factual allegations. There are no disputes of material fact related to the Zwigarts' single domestic well.

The Zwigarts raise two issues in their subfile answer: first, they object to the basin-wide standard for domestic wells, and second, they contend that the Plaintiffs have failed to consider future needs. Both arguments are without merit.

New Mexico law is clear: beneficial use defines the extent of a water right. N.M. STAT. ANN. § 72-1-2. Under New Mexico state law, beneficial use controls, without regard to the original state allotment of 3 acre-feet per year. Assuming that the Zwigarts make the same objection with regard to their own well as they do to the basin-wide standard for domestic wells,

they would bear the burden of establishing historical beneficial use great than 0.7 acre-feet per years. The Zwigarts make no allegations whatsoever that they have historically put more than 0.7 acre-feet per year to beneficial use. The Zwigarts' general distaste for the basin-wide standard does not give rise to a water right above that level.

As to the second issue, potential future needs are irrelevant to water rights determinations. The Zwigarts stated that a 0.7 acre-feet per year water right may make it impossible to raise livestock or have a garden. (Doc. 3096.) Mere speculation, assumption, or intention does not establish historic domestic use. *See Aamodt*, No. Civ. 66-6639 MV/WPL, Subfile PM-67833, Doc. 8119 at 6. As previously noted, water rights in New Mexico are based upon historical beneficial use. The Zwigarts' argument based on potential future needs is unavailing.

I find that the Zwigarts failed to make any factual allegations suggesting that their domestic well is entitled to water rights above and beyond those stipulated to by the Plaintiffs. I further find that the Plaintiffs are entitled to judgment as a matter of law. For the foregoing reasons, I recommend that the Court grant the Plaintiffs' Joint Motion for Judgment on the Pleadings (Doc. 3106) and enter final judgment in this case adopting the proposed Consent Order (Doc. 3106 Ex. A).

---

**THE PARTIES ARE NOTIFIED THAT WITHIN 14 DAYS OF SERVICE** of a copy of these Proposed Findings and Recommended Disposition they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636(b)(1). **A party must file any objections with the Clerk of the District Court within the fourteen-day period if that party wants to have appellate review of the Proposed Findings and Recommended Disposition. If no objections are filed, no appellate review will be allowed.**

---

William P. Lynch
United States Magistrate Judge

5