# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

| | |
|---|---|
| UNITED STATES OF AMERICA, and STATE OF NEW MEXICO, ex rel. STATE ENGINEER, ) ) ) ) Plaintiffs, ) ) and ) ) ZUNI INDIAN TRIBE, NAVAJO NATION, ) ) Plaintiffs in Intervention, ) ) v. ) ) A & R PRODUCTIONS, et al., ) ) Defendants. | No. 01-cv-0072 MV/WPL<br><br>ZUNI RIVER BASIN ADJUDICATION<br><br>**Subfile No.** ZRB-2-0098 |

## ORDER FOR SUPPLEMENTAL BRIEFING

New Mexico state law provides that a water rights holder may lose their water rights in two ways: forfeiture and abandonment. The parties cite to *State ex rel. Reynolds v. South Springs Co.*, 452 P.2d 478 (N.M. 1969), for their discussion of abandonment, but do not discuss the related doctrine of forfeiture. The Court in *South Springs* wrote that it "regret[s] that forfeiture and abandonment have been used interchangeably, as the element of intention is required in the doctrine of abandonment. This is not so in forfeiture." *Id.* at 481. Furthermore, New Mexico statutory law provides that the failure to use water beneficially for a period of four years will result in forfeiture of the water right, subject to certain exceptions. N.M. STAT. ANN. § 72-5-28 (1978) (formerly § 75-5-26 (1953 Comp.), as referenced in *South Springs*).

The parties will submit simultaneous supplemental briefs on the applicability of forfeiture to the claimed water rights in Atarque Lake. The briefs are limited to ten pages, inclusive of attachments, and will be submitted by 5:00 p.m. on February 11, 2016.

IT IS SO ORDERED.

_____
William P. Lynch
United States Magistrate Judge

A true copy of this order was served
on the date of entry--via mail or electronic
means--to counsel of record and any pro se
party as they are shown on the Court's docket.