# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, and STATE OF NEW MEXICO, ex rel. STATE ENGINEER, | ) ) ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| and | ) | No. 01-cv-0072 MV/WPL |
| | ) | |
| ZUNI INDIAN TRIBE, NAVAJO NATION, | ) | ZUNI RIVER BASIN |
| | ) | ADJUDICATION |
| Plaintiffs in Intervention, | ) | |
| | ) | |
| v. | ) | **Subfile No.** ZRB-2-0098 |
| | ) | |
| A & R PRODUCTIONS, et al., | ) | |
| | ) | |
| Defendants. | | |

## PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

At issue are JAY Land Ltd. Co. and Yates Ranch Property LLP's ("JAY") motion for partial summary judgment (Doc. 3059) and the cross-motion for summary judgment filed by the United States (Doc. 3076). JAY requests that this Court grant partial summary judgment on its water rights in Atarque Lake and on the issue of whether evaporation and other losses of water must be included as additional acre feet per year ("AFY") in the amount of their water rights. The United States requests that this Court grant summary judgment as to all water rights in the Zuni River Basin ("the Basin") associated with the real property owned by JAY and determine those rights to be in accordance with the United States's determinations found in Attachment A to the United States' motion (Doc. 3076 Ex. 1).

The record in the Basin adjudication is extensive. I do not address, beyond what is necessary for the determination of these motions, the factual or procedural history of this case. Having considered the parties' filings and the relevant law, I recommend that the Court deny JAY's motion and grant-in-part and deny-in-part the United States's motion.

STANDARD OF REVIEW

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). The moving party bears the initial burden of "'showing' . . . that there is an absence of evidence to support the nonmoving party's case." *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986); *Adler v. Wal-Mart Stores, Inc.*, 144 F.3d 664, 670-71 (10th Cir. 1998). Once the moving party has met this burden, the nonmoving party must identify specific facts that show the existence of a genuine issue of material fact requiring trial on the merits. *Bacchus Indus., Inc. v. Arvin Indus., Inc.*, 939 F.2d 887, 891 (10th Cir. 1991). The nonmovant must identify these facts by reference to "affidavits, deposition transcripts, or specific exhibits incorporated therein." *Adler*, 144 F.3d at 671. A fact is "material" if, under the governing law, it could have an effect on the outcome of the lawsuit. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute over a material fact is "genuine" if a rational jury could find in favor of the nonmoving party on the evidence presented. *Id.* A mere "scintilla" of evidence is insufficient to successfully oppose a motion for summary judgment. *Id.* at 252. The record and all reasonable inferences therefrom must be viewed in the light most favorable to the nonmovant. *See Muñoz v. St. Mary-Corwin Hosp.*, 221 F.3d 1160, 1164 (10th Cir. 2000). When there are cross motions for summary judgment, each motion is to be treated separately. *Christy v. Travelers Indem. Co. of Am.*, 810 F.3d 1220, 1225 n.3 (10th Cir. 2016).

The burden of establishing a water right would be on JAY, as the user of water, regardless of which party moved for summary judgment. Where the burden of persuasion at trial would be on the nonmovant, the movant can meet Rule 56's burden of production by either (1) providing affirmative evidence negating an essential element of the nonmovant's claim or (2) showing the Court that the nonmovant's evidence is insufficient to demonstrate an essential element of the nonmovant's claim. *Celotex*, 477 U.S. at 331 (citations omitted). Evidence provided by either the movant or the nonmovant need not be submitted "in a form that would be admissible at trial." *Id.* at 324. Rather, the content of the evidence presented must be capable of being presented in an admissible form at trial. *Trevizo v. Adams*, 455 F.3d 1155, 1160 (10th Cir. 2006). For example, parties may submit affidavits to support or oppose a motion for summary judgment, even though the affidavits constitute hearsay, provided that the information can be presented in another, admissible form at trial, such as live testimony. *See* FED. R. CIV. P. 56(c)(4); *Johnson v. Weld Cnty., Colo.*, 594 F.3d 1202, 1209-10 (10th Cir. 2010); *Trevizo*, 455 F.3d at 1160.

## DISCUSSION

JAY and the United States filed cross motions for summary judgment. I treat each motion individually.

New Mexico state law provides the substantive standards for this adjudication. (Doc. 2954 at 2.) The Constitution of the State of New Mexico provides that "[t]he unappropriated water . . . within the state . . . is hereby declared to belong to the public." N.M. CONST. Art. 16 § 2. "Beneficial use shall be the basis, the measure and the limit of the right to the use of water." *Id.* at § 3. That is, a water user may acquire the right to use water through beneficial use. N.M.

STAT. ANN. § 72-1-2; *State ex rel. Erickson v. McLean*, 308 P.2d 983, 987 (N.M. 1957).[1]

"Beneficial use" means the "direct use or storage and use of water by man for a beneficial

purpose including, but not limited to, agricultural, municipal, commercial, industrial, domestic,

livestock, fish and wildlife, and recreational uses." N.M. CODE R. 19.26.2.7(D) (2014).

Adjudicated water rights decrees must declare "the priority, amount, purpose, periods and place

of use." § 72-4-19.

"The burden of proof with respect to quantifying a water right in a stream system

adjudication falls squarely on a defendant, or the user of the water right." *State v. Aamodt*, No.

Civ. 66-6639 MV/WPL, Subfile PM-67833, Doc. 8119 at 6 (D.N.M. Feb. 24, 2014)

(unpublished) (citing *Pecos Valley Artesian Conservancy Dist. v. Peters*, 193 P.2d 418, 421-22

(N.M. 1948)).

## I.      JAY's Motion

JAY moved for partial summary judgment with respect to two discrete issues: a

determination that any water rights in Atarque Lake have not been abandoned or otherwise

relinquished, and a determination that all water rights associated with their stock ponds include

any evaporative or other losses. The burden is on JAY to justify a water right above that which

was offered by the Plaintiffs. (Doc. 2985 at 2-3.) As explained below, I recommend that the

Court deny JAY's motion.

### A.  Atarque Lake

Atarque Lake was a manmade impoundment of water created by a dam that was built

sometime before 1937.[2] The dam was destroyed no later than 1971. Defense counsel filed with

---

[1] Unless otherwise noted, all statutory references are to the New Mexico Statutes Annotated, current on Westlaw through the end of 2015.

[2] The parties dispute whether the dam was built before March 19, 1907. Any entity seeking a water right in the surface waters of New Mexico after March 19, 1907, must first file an application for

4

the State Engineer's office a Declaration of Ownership of Water Right of Surface Waters Perfected Prior to March 19, 1907, for Atarque Lake on December 11, 2004. (Doc. 3059 Ex. 2 ("Shoenfeld Declaration").) The Shoenfeld Declaration claims an unknown diversion quantity; 3,535 AFY consumption for evaporation; livestock, irrigation, and recreation uses; a dam approximately thirty-five feet tall and 150 feet long, made of stone, mortar, concrete, and timbers, that was destroyed prior to 1971; and that the claimed water right has not been exercised since the dam's destruction in 1971. (*Id.*) JAY and its predecessors in interest have owned Atarque Ranch, including Atarque Lake, since 1978.

JAY claims a water right of 4,175 AFY in Atarque Lake. (*See* Doc. 2925 at 73 (Subfile Answer claiming surface water right in Atarque Lake for 3,775 AFY of evaporation, 100 AFY for livestock watering, and 300 AFY for irrigation; 3,775 + 100 + 300 = 4,175); Doc. 3059 Ex. 1 at 8 (citing Subfile Answer for claimed water right).) JAY contends that it is entitled to a presumption of water rights in Atarque Lake based on the Shoenfeld Declaration, pursuant to § 72-1-3. Furthermore, JAY claims that at no point did it or its predecessors in interest abandon the water right, and the water right cannot be deemed abandoned based on non-use.

There are two issues with regard to a water right in Atarque Lake: Did JAY meet its burden of establishing a water right? And if so, has that water right been abandoned or forfeited?

JAY argues that the Shoenfeld Declaration satisfies § 72-1-3, the presumption applies, and it has met its burden of establishing a water right in Atarque Lake. The United States argues that the Shoenfeld Declaration does not satisfy § 72-1-3 and the presumption does not apply, and even if it did, the presumption is insufficient to establish the elements of a water right under § 72-4-19.

---

such right with the state engineer. N.M. STAT. ANN. § 72-5-1. However, as I am treating the Atarque Lake water rights with respect to JAY's motion for partial summary judgment, I construe the facts and all reasonable inferences in the light most favorable to the non-movant.

Section 72-1-3 provides that officially certified declarations, like the Shoenfeld Declaration, "shall be prima facie evidence of the truth of their contents" for water rights vested before March 19, 1907, provided that the declaration sets forth

> the beneficial use to which said water has been applied, the date of first application to beneficial use, the continuity thereof, the location of the source of said water and if such water has been used for irrigation purposes, the description of the land upon which such water has been so used and the name of the owner thereof.

Furthermore, the declaration "shall be verified . . . [which may be done] on information and belief." *Id.* The Shoenfeld Declaration specifies the use to which the water has been applied and the location of the source of the water, but fails to state the date of first application to beneficial use and a description of the land where the water was used to irrigate. Furthermore, the Shoenfeld Declaration establishes that any beneficial use ceased in 1971 "and the water has not been used since that time." (Doc. 3059 Ex. 2 at 2.)

JAY argues that the Shoenfeld Declaration satisfies § 72-1-3 for purposes of creating a prima facie case entitling it to a water right in Atarque Lake, absent rebuttal by competent evidence from the United States. I disagree. Even if the Shoenfeld Declaration is prima facie proof of the truth of its contents, it does not satisfy § 72-1-3 because it fails to state the date of first application to beneficial use, stating only that such date was, conveniently, before March 19, 1907; fails to include a description of the land where the water was used to irrigate; and most importantly, fails to establish continuity of use. In fact, the Shoenfeld Declaration establishes that there has not been continuous use of the water associated with Atarque Lake. Accordingly, I find that the presumption does not apply.

JAY produced no further evidence establishing a water right in Atarque Lake. Because the presumption does not apply and JAY did not otherwise meet its burden of establishing a

water right in Atarque Lake, I recommend that the Court deny JAY's partial motion for summary judgment with regard to Atarque Lake.

Even if JAY did meet its initial burden of establishing a water right in Atarque Lake, any water right that existed was forfeited or abandoned long ago. JAY makes much of the fact that, traditionally, the party asserting that a property right has been abandoned bears the burden of proving that assertion. New Mexico law distinguishes between forfeiture and abandonment, with "the element of intention . . . required in the doctrine of abandonment[, but] not . . . in forfeiture." *State ex rel. Reynolds v. South Springs Co.*, 452 P.2d 478, 481 (N.M. 1969).

Prior to 1965, a four-year period of non-use automatically triggered a statutory penalty—forfeiture. N.M. STAT. ANN. § 72-5-26 (1953); *see also South Springs*, 452 P.2d at 481; *McLean*, 308 P.2d at 988. After 1965, the forfeiture penalty applied only after the State Engineer issued a notice and declaration of non-use, and the water right holder failed to put the water to beneficial use for an additional one-year period. N.M. STAT. ANN. § 72-5-28 (2002) (previously § 72-5-26, amended in 1965).

Additionally, the forfeiture penalty specifically exempts waters for storage reservoirs, but not for recreation or other uses. The right to store water is predicated on an existing water right and cannot, itself, be the basis for finding beneficial use to support a water right. *Jicarilla Apache Tribe v. United States*, 657 F.2d 1126, 1135 (10th Cir. 1981). It necessarily follows that if the water right supporting the storage right is forfeited, the storage right cannot stand alone.

It is unclear when the Atarque Dam was destroyed: if it was destroyed prior to 1965, then any right arising in Atarque Lake for recreation, irrigation, or other beneficial uses has long since been forfeited and the storage right disappeared with that forfeiture. If, however, the Dam was

destroyed after 1965, no forfeiture occurred because the State Engineer did not issue the required notice.

Abandonment, unlike forfeiture, is a creature of the common law. *South Springs*, 452 P.2d at 481-82. Abandonment "is the relinquishment of the right by the owner with the intention to forsake and desert it," and intent can be shown by "evidence of the failure of the party charged to use the right, or the water, or to keep the works necessary for the utilization of the water in repair; and if such nonusage or neglect is continued for an unreasonable period, it may fairly create the presumption of the intention to abandon." *Id.* at 480-81 (quotation omitted).

It is undisputed that the dam was destroyed no later than 1971 and has not been rebuilt. JAY contends that the period of non-use is only from 1971, the latest date at which the dam could have been destroyed, through 1978, because they have affidavits from the owners from 1978 through the present stating that they never intended to abandon the water right in Atarque Lake. It is further undisputed that the dam has not been reconstructed, there is no water in Atarque Lake, and there has been no attempt to reconstruct Atarque Lake. Therefore, it is undisputed that any water right in Atarque Lake has not been used, and has not been put to beneficial use, for at least 45 years.

In New Mexico, a "protracted period of nonuse" creates a presumption that a water right holder intended to abandon the water right and shifts the burden of proof to the holder of the right to show the reasons for nonuse and to demonstrate the absence of intent to abandon. *State ex rel. Office of State Engineer v. Elephant Butte Irr. Dist.*, 287 P.3d 324, 331 (N.M. Ct. App. 2012) (citing *South Springs*, 452 P.2d at 481-82). The 45-year period of nonuse involved in this case is an unreasonable period of nonuse and creates the presumption of intent to abandon. *See*

*South Springs*, 452 P.2d at 483 (citing with approval Colorado cases that found an unreasonable period of nonuse at forty, thirty, and eighteen years).

While JAY presented competent and admissible evidence that the owners since 1978 have not intended to abandon any water right in Atarque Lake, that is not the only element they must meet to rebut the presumption of abandonment: JAY must also show reasons for nonuse. *See Elephant Butte Irr. Dist.*, 287 P.3d at 331. JAY failed to provide any valid reason for the nearly forty years of nonuse under its ownership and the ownership of its predecessors in interest. Accordingly, I recommend that the Court deny JAY's partial motion for summary judgment to the extent that it requests a determination that JAY did not abandon any water right in Atarque Lake.

### B.  Evaporative and Other Losses

The parties do not meaningfully dispute that a water right includes some additional amount for losses. (*See* Doc. 3076 at 15 ("Ultimately, to account for losses not only for Defendants but for all livestock water users in the Basin, Plaintiffs estimated 10 gallons per day per [unit] for losses alone.").) To the extent that the Defendants move for a Court order enshrining this principle, I recommend that the Court grant summary judgment in favor of the Defendants on the limited question of whether some loss can be accounted for in a water right.

The Defendants also sought summary judgment on how to quantify a water right when loss is involved, but presented no clear argument on this point. Accordingly, I recommend that the Court deny the Defendants' motion for summary judgment on this issue.

### II.    The United States' Motion

The United States moved for summary judgment of all the water rights associated with Atarque Lake, twenty one wells, four natural springs, and ten natural depressions found on

approximately 97,427 acres of JAY's land, commonly known as Atarque Ranch.[3] The burden

remains on JAY to justify a water right above that which was offered by the Plaintiffs. (Doc.

2985 at 2-3.) As explained below, I recommend that the Court grant-in-part and deny-in-part the

United States's motion.

### A.  Atarque Lake

The undisputed facts of Atarque Lake were discussed above. JAY continues to bear the

burden of proving its alleged water right in Atarque Lake. The Schoenfeld Declaration, as

discussed above, does not satisfy the requirements of § 72-1-3 to create a presumption of a water

right. JAY submitted no additional evidence to meet its burden. Accordingly, I recommend that

the Court determine that JAY failed to establish a water right in Atarque Lake and grant the

United States's motion for summary judgment on this point.

Even if JAY established a water right in Atarque Lake, that right was abandoned long

ago. As discussed above, it is unclear whether the statutory punishment of forfeiture applies in

this case. Even if forfeiture does not apply, 45 years of nonuse creates a presumption of

abandonment. JAY now bears the burden of rebutting that presumption with evidence that there

was no intent to abandon the water right and that there was a reason for the period of nonuse.

*Elephant Butte Irr. Dist.*, 287 P.3d at 331. While JAY presented acceptable evidence to show

that the owners from 1978 on never intended to abandon the water right, JAY presented no

evidence or reason for the period of nonuse. As such, JAY failed to rebut the presumption of

---

[3] The disputed wells are individually identified as:10A-2-W01, 10A-2-W02, 10A-3-W02, 10A-4-W01, 10A-5-W01, 10B-1-W05, 10B-2-W01, 10B-2-W03, 10B-2-W04, 9B-2-W06, 9B-4-W01, 9C-2-W03, 9C-2-W04, 9C-3-W01, 9C-3-W02, 9C-3-W03, 9C-4-W01, 9C-4-W03, 9C-4-W04, 9C-4-W05, and 9C-5-W01.
   The disputed springs are individually identified as 10A-4-SPR01 (Jaralosa Springs), 10A-4-SPR02 (Los Alamos Springs 1), 10A-4-SPR03 (Los Alamos Springs 2), and 9C-4-SPR02 (Canyon Springs).
   The depressions are not individually identified on the hydrographic survey.

abandonment. Should the Court find that a water right existed in Atarque Lake, I recommend that the Court further determine that such water right was abandoned and JAY failed to meet its burden of rebutting the presumption of abandonment. Accordingly, I recommend that the Court grant the United States's motion with respect to Atarque Lake and conclude that JAY does not hold a water right in Atarque Lake.

### B. Wells

The United States moves for summary judgment in its favor regarding the 21 wells remaining in dispute. JAY failed to respond to this portion of the United States's motion, stating instead that the United States failed to identify the wells at issue. I disagree. The United States attached to its motion a one page document entitled "Attachment A – Atarque Ranch Remaining Contested Water Rights" (Doc. 3076 Ex. A), which lists the well identification numbers, the historic use, the priority date, and the quantity in AFY for each well.

### i. *Well 10A-2-W01*

The United States argues that well 10A-2-W01 is entitled to a water right of 0.392 AFY for livestock watering. (*Id.*) This amount reflects a decrease from the United States's original offer of 2.131 AFY (*see* Doc. 2925 at 2) because JAY presented evidence that well 10B-2-W04 was entitled to a significantly increased water right that proportionally reduced rights in the surrounding wells. JAY argues generally that the Court should reject the United States's calculations, but does not respond to the motion for summary judgment with respect to this well. The parties agree that the well has a priority date of November 15, 1936.

JAY provided no information in its response to the motion for summary judgment, however, JAY requested 3.276 AFY in its subfile answer. (Doc. 2925 at 2.) JAY does not provide any argument as to why the water right in well 10A-2-W01 should not be reduced to

0.392 AFY in light of well 10B-2-W04's ability to serve the area covered by well 10A-2-W01. Because JAY bears the burden of establishing a water right beyond that which is offered by the United States and failed to present evidence or argument with regard to this well, I recommend that the Court find that JAY failed to meet this burden and adjudicate the following water right in this well:

**WELL**

|  |  |
|---|---|
| **Map Label:** | 10A-2-W01 |
| **OSE File No:** | G 00721 |
| **Priority Date:** | 11/15/1936 |
| **Purpose of Use:** | NON 72-12-1 LIVESTOCK WATERING |
| **Well Location:** | As shown on Hydrographic Survey Map 10A-2 |

       **S**. 9    **T.** 07N    **R.** 18W    **1/4, 1/16, 1/64** SW  NE  SW

       **X (ft):** 2,450,094    **Y (ft):** 1,400,705

       New Mexico State Plane Coordinate System, West Zone, NAD 1983

**Amount of Water:**   Historical beneficial use not to exceed 0.392 ac-ft per annum

      ii.  *Well 10A-2-W02*

The United States argues that well 10A-2-W02 is entitled to a water right of 0.392 AFY for livestock watering. (Doc. 3076 Ex. A.) This amount reflects a decrease from the United States's original offer of 2.131 AFY (*see* Doc. 2925 at 2) because JAY presented evidence that well 10B-2-W04 was entitled to a significantly increased water right that proportionally reduced rights in the surrounding wells. JAY argues generally that the Court should reject the United States's calculations, but does not respond to the motion for summary judgment with respect to this well. The parties agree that the well has a priority date of November 15, 1936.

JAY provided no information in its response to the motion for summary judgment, however, JAY requested 3.00 AFY in its subfile answer. (Doc. 2925 at 3.) JAY does not provide any argument as to why the water right in well 10A-2-W02 should not be reduced to 0.392 AFY in light of well 10B-2-W04's ability to serve the area covered by well 10A-2-W02. Because JAY bears the burden of establishing a water right beyond that which is offered by the United States and failed to present evidence or argument with regard to this well, I recommend that the Court find that JAY failed to meet this burden and adjudicate the following water right in this well:

**WELL**

    **Map Label:**          10A-2-W02

    **OSE File No:**       G 00729

    **Priority Date:**      11/15/1936

    **Purpose of Use:**    NON 72-12-1 LIVESTOCK WATERING

    **Well Location:**     As shown on Hydrographic Survey Map 10A-2

        **S.** 29   **T.** 07N      **R.** 18W      **1/4, 1/16, 1/64** SW   NW   NW

        **X (ft):** 2,443,644    **Y (ft):** 1,385,995

        New Mexico State Plane Coordinate System, West Zone, NAD 1983

    **Amount of Water:**   Historical beneficial use not to exceed 0.392 ac-ft per annum

        iii.  *Well 10A-3-W02*

The United States argues that well 10A-3-W02 is entitled to a water right of 0.392 AFY for livestock watering. (Doc. 3076 Ex. A.) This amount reflects a decrease from the United States's original offer of 2.131 AFY (*see* Doc. 2925 at 3-4) because JAY presented evidence that well 10B-2-W04 was entitled to a significantly increased water right that proportionally reduced rights in the surrounding wells. JAY argues generally that the Court should reject the United

13

States's calculations, but does not respond to the motion for summary judgment with respect to this well. The parties agree that the well has a priority date of November 15, 1936.

JAY provided no information in its response to the motion for summary judgment, however, JAY requested 3.00 AFY in its subfile answer. (Doc. 2925 at 4.) JAY does not provide any argument as to why the water right in well 10A-3-W02 should not be reduced to 0.392 AFY in light of well 10B-2-W04's ability to serve the area covered by well 10A-3-W02. Because JAY bears the burden of establishing a water right beyond that which is offered by the United States and failed to present evidence or argument with regard to this well, I recommend that the Court find that JAY failed to meet this burden and adjudicate the following water right in this well:

**WELL**

        **Map Label:**          10A-3-W02

        **OSE File No:**        G 00720

        **Priority Date:**       11/15/1936

        **Purpose of Use:**     NON 72-12-1 LIVESTOCK WATERING

        **Well Location:**      As shown on Hydrographic Survey Map 10A-3

           **S**. 10   **T.** 06N      **R.** 18W     **1/4, 1/16, 1/64** NE   SW   NE

           **X (ft):** 2,457,360     **Y (ft):** 1,371,252

           New Mexico State Plane Coordinate System, West Zone, NAD 1983

      **Amount of Water:**   Historical beneficial use not to exceed 0.392 ac-ft per annum

          iv.  *Well 10A-4-W01*

The United States argues that well 10A-4-W01 is entitled to a water right of 2.131 AFY for livestock watering, including associated losses. (Doc. 3076 Ex. A.) JAY argues generally that the Court should reject the United States's calculations, but does not respond to the motion for

summary judgment with respect to this well. The parties agree that the well has a priority date of November 15, 1936.

JAY provided no information in its response to the motion for summary judgment, however, JAY requested 3.00 AFY in its subfile answer. (Doc. 2925 at 4.) Because JAY bears the burden of establishing a water right beyond that which is offered by the United States and failed to present evidence or argument with regard to this well, I recommend that the Court find that JAY failed to meet this burden and adjudicate the following water right in this well:

**WELL**

| | |
|---|---|
| **Map Label:** | 10A-4-W01 |
| **OSE File No:** | G 00730 |
| **Priority Date:** | 11/15/1936 |
| **Purpose of Use:** | NON 72-12-1 LIVESTOCK WATERING |
| **Well Location:** | As shown on Hydrographic Survey Map 10A-4 |

**S**. 27   **T.** 06N          **R.** 18W          **1/4, 1/16, 1/64** SE     SW     SE

**X (ft):** 2,457,179     **Y (ft):** 1,352,004

New Mexico State Plane Coordinate System, West Zone, NAD 1983

**Amount of Water:**   Historical beneficial use not to exceed 2.131 ac-ft per annum

v. *Well 10A-5-W01*

The United States argues that well 10A-5-W01 is entitled to a water right of 2.131 AFY for livestock watering, including associated losses. (Doc. 3076 Ex. A.) JAY argues generally that the Court should reject the United States's calculations, but does not respond to the motion for summary judgment with respect to this well. The parties agree that the well has a priority date of November 15, 1936.

JAY provided no information in its response to the motion for summary judgment, however, JAY requested 6.493 AFY in its subfile answer. (Doc. 2925 at 4-5.) Because JAY bears the burden of establishing a water right beyond that which is offered by the United States and failed to present evidence or argument with regard to this well, I recommend that the Court find that JAY failed to meet this burden and adjudicate the following water right in this well:

**WELL**

> **Map Label:**        10A-5-W01
>
> **OSE File No:**       G 00736
>
> **Priority Date:**     11/15/1936
>
> **Purpose of Use:**    NON 72-12-1 LIVESTOCK WATERING
>
> **Well Location:**     As shown on Hydrographic Survey Map 10A-5
>
> **S**. 8    **T.** 05N        **R.** 18W        **1/4, 1/16, 1/64** NE    NW    NW
>
> **X (ft):** 2,447,028    **Y (ft):** 1,340,589
>
> New Mexico State Plane Coordinate System, West Zone, NAD 1983
>
> **Amount of Water:**   Historical beneficial use not to exceed 2.131 ac-ft per annum

> vi.  *Well 10B-1-W05*

The United States argues that well 10B-1-W05 is entitled to a water right of 2.131 AFY for livestock watering, including associated losses. (Doc. 3076 Ex. A.) JAY argues generally that the Court should reject the United States's calculations, but does not respond to the motion for summary judgment with respect to this well. The parties agree that the well has a priority date of December 31, 1953.

JAY provided no information in its response to the motion for summary judgment, however, JAY requested 3.00 AFY in its subfile answer. (Doc. 2925 at 5.) Because JAY bears

the burden of establishing a water right beyond that which is offered by the United States and failed to present evidence or argument with regard to this well, I recommend that the Court find that JAY failed to meet this burden and adjudicate the following water right in this well:

**WELL**

| | |
|---|---|
| **Map Label:** | 10B-1-W05 |
| **OSE File No:** | G 00725 |
| **Priority Date:** | 12/31/1953 |
| **Purpose of Use:** | NON 72-12-1 LIVESTOCK WATERING |
| **Well Location:** | As shown on Hydrographic Survey Map 10B-1 |

**S.** 5    **T.** 07N         **R.** 17W         **1/4, 1/16, 1/64** SE     SW     NW

**X (ft):** 2,477,704     **Y (ft):** 1,405,153

New Mexico State Plane Coordinate System, West Zone, NAD 1983

**Amount of Water:**   Historical beneficial use not to exceed 2.131 ac-ft per annum

vii.  *Well 10B-2-W01*

The United States argues that well 10B-2-W01 is entitled to a water right of 0.392 AFY for livestock watering. (Doc. 3076 Ex. A.) This amount reflects a decrease from the United States's original offer of 2.131 AFY (*see* Doc. 2925 at 5) because JAY presented evidence that well 10B-2-W04 was entitled to a significantly increased water right that proportionally reduced rights in the surrounding wells. JAY argues generally that the Court should reject the United States's calculations, but does not respond to the motion for summary judgment with respect to this well. The parties agree that the well has a priority date of November 15, 1936.

JAY provided no information in its response to the motion for summary judgment, however, JAY requested 3.398 AFY in its subfile answer. (Doc. 2925 at 5.) JAY does not

provide any argument as to why the water right in well 10B-2-W01 should not be reduced to 0.392 AFY in light of well 10B-2-W04's ability to serve the area covered by well 10B-2-W01. Because JAY bears the burden of establishing a water right beyond that which is offered by the United States and failed to present evidence or argument with regard to this well, I recommend that the Court find that JAY failed to meet this burden and adjudicate the following water right in this well:

**WELL**

> **Map Label:**         10B-2-W01
>
> **OSE File No:**       G 00722
>
> **Priority Date:**      11/15/1936
>
> **Purpose of Use:**     NON 72-12-1 LIVESTOCK WATERING
>
> **Well Location:**      As shown on Hydrographic Survey Map 10B-2
>
> > **S**. 11  **T.** 07N      **R.** 18W      **1/4, 1/16, 1/64** NE      SW      SE
> >
> > **X (ft):** 2,462,873      **Y (ft):** 1,401,994
> >
> > New Mexico State Plane Coordinate System, West Zone, NAD 1983
>
> **Amount of Water:**    Historical beneficial use not to exceed 0.392 ac-ft per annum
>
> > viii.   *Well 10B-2-W03*

The United States argues that well 10B-2-W03 is entitled to a water right of 0.392 AFY for livestock watering. (Doc. 3076 Ex. A.) This amount reflects a decrease from the United States's original offer of 2.131 AFY (*see* Doc. 2925 at 6) because JAY presented evidence that well 10B-2-W04 was entitled to a significantly increased water right that proportionally reduced rights in the surrounding wells. JAY argues generally that the Court should reject the United

States's calculations, but does not respond to the motion for summary judgment with respect to this well. The parties agree that the well has a priority date of November 15, 1936.

JAY provided no information in its response to the motion for summary judgment, however, JAY requested 3.00 AFY in its subfile answer. (Doc. 2925 at 6.) JAY does not provide any argument as to why the water right in well 10B-2-W03 should not be reduced to 0.392 AFY in light of well 10B-2-W04's ability to serve the area covered by well 10B-2-W03. Because JAY bears the burden of establishing a water right beyond that which is offered by the United States and failed to present evidence or argument with regard to this well, I recommend that the Court find that JAY failed to meet this burden and adjudicate the following water right in this well:

**WELL**

       **Map Label:**           10B-2-W03

       **OSE File No:**        G 00717

       **Priority Date:**       11/15/1936

       **Purpose of Use:**     NON 72-12-1 LIVESTOCK WATERING

       **Well Location:**      As shown on Hydrographic Survey Map 10B-2

           **S**. 26   **T.** 07N       **R.** 18W     **1/4, 1/16, 1/64** SE   SE   NE

           **X (ft):** 2,464,079    **Y (ft):** 1,384,340

           New Mexico State Plane Coordinate System, West Zone, NAD 1983

       **Amount of Water:**   Historical beneficial use not to exceed 0.392 ac-ft per annum

           ix.  *Well 10B-2-W04*

The United States argues that well 10B-2-W04 is entitled to a water right of 28.91 AFY for livestock watering. (Doc. 3076 Ex. A.) This amount reflects an increase from the United States's original offer of 2.831 AFY (*see* Doc. 2925 at 6) because Jay presented evidence in the

form of pumping records that showed well 10B-2-W04 pumping 28.91 AFY in 2006 to serve twelve pastures, through miles of piping (*see* Doc. 3076 at 17). JAY argues generally that the Court should reject the United States's calculations, but does not respond to the motion for summary judgment with respect to this well. The parties agree that the well has a priority date of November 15, 1936.

JAY provided no information in its response to the motion for summary judgment, however, JAY requested 36 AFY in its subfile answer. (Doc. 2925 at 6.) JAY does not provide any argument or evidence as to why well 10B-2-W04 is entitled to a water right greater than 28.91 AFY. Because JAY bears the burden of establishing a water right beyond that which is offered by the United States and failed to present evidence or argument with regard to this well, I recommend that the Court find that JAY failed to meet this burden and adjudicate the following water right in this well:

**WELL**

  **Map Label:**   10B-2-W04

  **OSE File No:**   G 00718

  **Priority Date:**   11/15/1936

  **Purpose of Use:**  NON 72-12-1 DOMESTIC & LIVESTOCK WATERING

  **Well Location:**  As shown on Hydrographic Survey Map 10B-2

    **S.** 30 **T.** 07N   **R.** 17W   **1/4, 1/16, 1/64** NW NE  NW

    **X (ft):** 2,471,125  **Y (ft):** 1,387,962

    New Mexico State Plane Coordinate System, West Zone, NAD 1983

  **Amount of Water:** Historical beneficial use not to exceed 28.91 ac-ft per annum

    x. *Well 9B-2-W06*

The United States argues that well 9B-2-W06 is entitled to a water right of 0.392 AFY for livestock watering. (Doc. 3076 Ex. A.) This amount reflects a decrease from the United States's original offer of 2.131 AFY (*see* Doc. 2925 at 8) because JAY presented evidence that well 10B-2-W04 was entitled to a significantly increased water right that proportionally reduced rights in the surrounding wells. JAY argues generally that the Court should reject the United States's calculations, but does not respond to the motion for summary judgment with respect to this well. The parties agree that the well has a priority date of November 15, 1936.

JAY provided no information in its response to the motion for summary judgment, however, JAY requested 3.00 AFY in its subfile answer. (Doc. 2925 at 8.) JAY does not provide any argument as to why the water right in well 9B-2-W06 should not be reduced to 0.392 AFY in light of well 10B-2-W04's ability to serve the area covered by well 9B-2-W06. Because JAY bears the burden of establishing a water right beyond that which is offered by the United States and failed to present evidence or argument with regard to this well, I recommend that the Court find that JAY failed to meet this burden and adjudicate the following water right in this well:

**WELL**

**Map Label:**       9B-2-W06

**OSE File No:**      G 00731

**Priority Date:**    11/15/1936

**Purpose of Use:**   NON 72-12-1 LIVESTOCK WATERING

**Well Location:**    As shown on Hydrographic Survey Map 9B-2

   **S**. 31   **T.** 07N       **R.** 19W       **1/4, 1/16, 1/64** NE       SW       SW

   **X (ft):** 2,409,750       **Y (ft):** 1,381,388

   New Mexico State Plane Coordinate System, West Zone, NAD 1983

**Amount of Water:**    Historical beneficial use not to exceed 0.392 ac-ft per annum

xi.  *Well 9B-4-W01*

The United States argues that well 9B-4-W01 is entitled to a water right of 2.131 AFY for livestock watering, including associated losses. (Doc. 3076 Ex. A.) JAY argues generally that the Court should reject the United States's calculations, but does not respond to the motion for summary judgment with respect to this well. The parties agree that the well has a priority date of December 31, 1953.

JAY provided no information in its response to the motion for summary judgment, however, JAY requested 3.248 AFY in its subfile answer. (Doc. 2925 at 9.) Because JAY bears the burden of establishing a water right beyond that which is offered by the United States and failed to present evidence or argument with regard to this well, I recommend that the Court find that JAY failed to meet this burden and adjudicate the following water right in this well:

**WELL**

**Map Label:**        9B-4-W01

**OSE File No:**      G 00716

**Priority Date:**     12/31/1953

**Purpose of Use:**    NON 72-12-1 LIVESTOCK WATERING

**Well Location:**     As shown on Hydrographic Survey Map 9B-4

**S.** 30  **T.** 06N         **R.** 19W         **1/4, 1/16, 1/64** NE     SW     SW

**X (ft):** 2,409,407      **Y (ft):** 1,354,562

New Mexico State Plane Coordinate System, West Zone, NAD 1983

**Amount of Water:**    Historical beneficial use not to exceed 2.131 ac-ft per annum

xii.  *Well 9C-2-W03*

The United States argues that well 9C-2-W03 is entitled to a water right of 0.392 AFY for livestock watering. (Doc. 3076 Ex. A.) This amount reflects a decrease from the United States's original offer of 2.131 AFY (*see* Doc. 2925 at 9) because JAY presented evidence that well 10B-2-W04 was entitled to a significantly increased water right that proportionally reduced rights in the surrounding wells. JAY argues generally that the Court should reject the United States's calculations, but does not respond to the motion for summary judgment with respect to this well. The parties agree that the well has a priority date of November 15, 1936.

JAY provided no information in its response to the motion for summary judgment, however, JAY requested 3.00 AFY in its subfile answer. (Doc. 2925 at 9.) JAY does not provide any argument as to why the water right in well 9C-2-W03 should not be reduced to 0.392 AFY in light of well 10B-2-W04's ability to serve the area covered by well 9C-2-W03. Because JAY bears the burden of establishing a water right beyond that which is offered by the United States and failed to present evidence or argument with regard to this well, I recommend that the Court find that JAY failed to meet this burden and adjudicate the following water right in this well:

**WELL**

**Map Label:**     9C-2-W03

**OSE File No:**     G 00735

**Priority Date:**     11/15/1936

**Purpose of Use:**     NON 72-12-1 LIVESTOCK WATERING

**Well Location:**     As shown on Hydrographic Survey Map 9C-2

**S**. 8     **T.** 07N          **R.** 19W          **1/4, 1/16, 1/64** SW     SW     SW

**X (ft):** 2,412,200     **Y (ft):** 1,400,441

New Mexico State Plane Coordinate System, West Zone, NAD 1983

23

**Amount of Water:**    Historical beneficial use not to exceed 0.392 ac-ft per annum

xiii.   *Well 9C-2-W04*

The United States argues that well 9C-2-W04 is entitled to a water right of 0.392 AFY for livestock watering. (Doc. 3076 Ex. A.) This amount reflects a decrease from the United States's original offer of 2.131 AFY (*see* Doc. 2925 at 9-10) because JAY presented evidence that well 10B-2-W04 was entitled to a significantly increased water right that proportionally reduced rights in the surrounding wells. JAY argues generally that the Court should reject the United States's calculations, but does not respond to the motion for summary judgment with respect to this well. The parties agree that the well has a priority date of November 15, 1936.

JAY provided no information in its response to the motion for summary judgment, however, JAY requested 3.627 AFY in its subfile answer. (Doc. 2925 at 9-10.) JAY does not provide any argument as to why the water right in well 9C-2-W04 should not be reduced to 0.392 AFY in light of well 10B-2-W04's ability to serve the area covered by well 9C-2-W04. Because JAY bears the burden of establishing a water right beyond that which is offered by the United States and failed to present evidence or argument with regard to this well, I recommend that the Court find that JAY failed to meet this burden and adjudicate the following water right in this well:

**WELL**

**Map Label:**        9C-2-W04

**OSE File No:**       G 00733

**Priority Date:**     11/15/1936

**Purpose of Use:**    NON 72-12-1 LIVESTOCK WATERING

**Well Location:**     As shown on Hydrographic Survey Map 9C-2

**S**. 12   **T.** 07N   **R.** 19W   **1/4, 1/16, 1/64** NW   SE   NE

**X (ft):** 2,434,842   **Y (ft):** 1,403,138

New Mexico State Plane Coordinate System, West Zone, NAD 1983

**Amount of Water:**   Historical beneficial use not to exceed 0.392 ac-ft per annum

xiv.   *Well 9C-3-W01*

The United States argues that well 9C-3-W01 is entitled to a water right of 0.392 AFY for livestock watering. (Doc. 3076 Ex. A.) This amount reflects a decrease from the United States's original offer of 2.131 AFY (*see* Doc. 2925 at 10) because JAY presented evidence that well 10B-2-W04 was entitled to a significantly increased water right that proportionally reduced rights in the surrounding wells. JAY argues generally that the Court should reject the United States's calculations, but does not respond to the motion for summary judgment with respect to this well. The parties agree that the well has a priority date of December 31, 1953.

JAY provided no information in its response to the motion for summary judgment, however, JAY requested 3.379 AFY in its subfile answer. (Doc. 2925 at 10.) JAY does not provide any argument as to why the water right in well 9C-3-W01 should not be reduced to 0.392 AFY in light of well 10B-2-W04's ability to serve the area covered by well 9C-3-W01. Because JAY bears the burden of establishing a water right beyond that which is offered by the United States and failed to present evidence or argument with regard to this well, I recommend that the Court find that JAY failed to meet this burden and adjudicate the following water right in this well:

**<u>WELL</u>**

**Map Label:**   9C-3-W01

**OSE File No:**   G 00734

**Priority Date:**          12/31/1953

**Purpose of Use:**       NON 72-12-1 LIVESTOCK WATERING

**Well Location:**        As shown on Hydrographic Survey Map 9C-3

       **S.** 15   **T.** 07N      **R.** 19W     **1/4, 1/16, 1/64** NW   SW   NW

       **X (ft):** 2,422,765     **Y (ft):** 1,398,072

       New Mexico State Plane Coordinate System, West Zone, NAD 1983

  **Amount of Water:**   Historical beneficial use not to exceed 0.392 ac-ft per annum

       xv.  *Well 9C-3-W02*

The United States argues that well 9C-3-W02 is entitled to a water right of 0.392 AFY for livestock watering. (Doc. 3076 Ex. A.) This amount reflects a decrease from the United States's original offer of 2.131 AFY (*see* Doc. 2925 at 10-11) because JAY presented evidence that well 10B-2-W04 was entitled to a significantly increased water right that proportionally reduced rights in the surrounding wells. JAY argues generally that the Court should reject the United States's calculations, but does not respond to the motion for summary judgment with respect to this well. The parties agree that the well has a priority date of December 31, 1953.

JAY provided no information in its response to the motion for summary judgment, however, JAY requested 3.00 AFY in its subfile answer. (Doc. 2925 at 10-11.) JAY does not provide any argument as to why the water right in well 9C-3-W02 should not be reduced to 0.392 AFY in light of well 10B-2-W04's ability to serve the area covered by well 9C-3-W02. Because JAY bears the burden of establishing a water right beyond that which is offered by the United States and failed to present evidence or argument with regard to this well, I recommend that the Court find that JAY failed to meet this burden and adjudicate the following water right in this well:

**WELL**

| | |
|---|---|
| **Map Label:** | 9C-3-W02 |
| **OSE File No:** | G 00728 |
| **Priority Date:** | 12/31/1953 |
| **Purpose of Use:** | NON 72-12-1 LIVESTOCK WATERING |
| **Well Location:** | As shown on Hydrographic Survey Map 9C-3 |

      **S.** 24  **T.** 07N     **R.** 19W    **1/4, 1/16, 1/64** SE    NE    NE

      **X (ft):** 2,437,970    **Y (ft):** 1,391,088

      New Mexico State Plane Coordinate System, West Zone, NAD 1983

**Amount of Water:**   Historical beneficial use not to exceed 0.392 ac-ft per annum

      xvi.   *Well 9C-3-W03*

The United States argues that well 9C-3-W03 is entitled to a water right of 0.392 AFY for livestock watering. (Doc. 3076 Ex. A.) This amount reflects a decrease from the United States's original offer of 2.131 AFY (*see* Doc. 2925 at 11) because JAY presented evidence that well 10B-2-W04 was entitled to a significantly increased water right that proportionally reduced rights in the surrounding wells. JAY argues generally that the Court should reject the United States's calculations, but does not respond to the motion for summary judgment with respect to this well. The parties agree that the well has a priority date of December 31, 1953.

JAY provided no information in its response to the motion for summary judgment, however, JAY requested 3.876 AFY in its subfile answer. (Doc. 2925 at 11.) JAY does not provide any argument as to why the water right in well 9C-3-W03 should not be reduced to 0.392 AFY in light of well 10B-2-W04's ability to serve the area covered by well 9C-3-W03. Because JAY bears the burden of establishing a water right beyond that which is offered by the

United States and failed to present evidence or argument with regard to this well, I recommend that the Court find that JAY failed to meet this burden and adjudicate the following water right in this well:

**WELL**

| | |
|---|---|
| **Map Label:** | 9C-3-W03 |
| **OSE File No:** | G 00726 |
| **Priority Date:** | 12/31/1953 |
| **Purpose of Use:** | NON 72-12-1 LIVESTOCK WATERING |
| **Well Location:** | As shown on Hydrographic Survey Map 9C-3 |

**S.** 33   **T.** 07N         **R.** 19W         **1/4, 1/16, 1/64** SE      NE      SW

**X (ft):** 2,421,472      **Y (ft):** 1,380,120

New Mexico State Plane Coordinate System, West Zone, NAD 1983

**Amount of Water:**   Historical beneficial use not to exceed 0.392 ac-ft per annum

xvii.   *Well 9C-4-W01*

The United States argues that well 9C-4-W01 is entitled to a water right of 0.392 AFY for livestock watering. (Doc. 3076 Ex. A.) This amount reflects a decrease from the United States's original offer of 2.131 AFY (*see* Doc. 2925 at 11) because JAY presented evidence that well 10B-2-W04 was entitled to a significantly increased water right that proportionally reduced rights in the surrounding wells. JAY argues generally that the Court should reject the United States's calculations, but does not respond to the motion for summary judgment with respect to this well. The parties agree that the well has a priority date of December 31, 1953.

JAY provided no information in its response to the motion for summary judgment, however, JAY requested 3.00 AFY in its subfile answer. (Doc. 2925 at 11.) JAY does not

provide any argument as to why the water right in well 9C-4-W01 should not be reduced to 0.392 AFY in light of well 10B-2-W04's ability to serve the area covered by well 9C-4-W01. Because JAY bears the burden of establishing a water right beyond that which is offered by the United States and failed to present evidence or argument with regard to this well, I recommend that the Court find that JAY failed to meet this burden and adjudicate the following water right in this well:

**WELL**

> **Map Label:**        9C-4-W01
>
> **OSE File No:**      G 00727
>
> **Priority Date:**    12/31/1953
>
> **Purpose of Use:**   NON 72-12-1 LIVESTOCK WATERING
>
> **Well Location:**    As shown on Hydrographic Survey Map 9C-4
>
> **S.** 1    **T.** 06N        **R.** 19W        **1/4, 1/16, 1/64** NW    SW    NW
>
> **X (ft):** 2,432,816      **Y (ft):** 1,376,854
>
> New Mexico State Plane Coordinate System, West Zone, NAD 1983
>
> **Amount of Water:**    Historical beneficial use not to exceed 0.392 ac-ft per annum

xviii.  *Well 9C-4-W03*

The United States argues that well 9C-4-W03 is entitled to a water right of 2.131 AFY for livestock watering, including associated losses. (Doc. 3076 Ex. A.) JAY argues generally that the Court should reject the United States's calculations, but does not respond to the motion for summary judgment with respect to this well. The parties agree that the well has a priority date of December 31, 1953.

JAY provided no information in its response to the motion for summary judgment, however, JAY requested 3.00 AFY in its subfile answer because this well supplies two stock ponds. (Doc. 2925 at 12.) Because JAY bears the burden of establishing a water right beyond that which is offered by the United States and failed to present evidence or argument with regard to this well, I recommend that the Court find that JAY failed to meet this burden and adjudicate the following water right in this well:

**WELL**

      **Map Label:**      9C-4-W03

      **OSE File No:**      G 00739

      **Priority Date:**      12/31/1953

      **Purpose of Use:**      NON 72-12-1 LIVESTOCK WATERING

      **Well Location:**      As shown on Hydrographic Survey Map 9C-4

          **S**. 13   **T.** 06N      **R.** 19W      **1/4, 1/16, 1/64** SE    NW    SW

          **X (ft):** 2,435,836      **Y (ft):** 1,363,853

      New Mexico State Plane Coordinate System, West Zone, NAD 1983

      **Amount of Water:**    Historical beneficial use not to exceed 2.131 ac-ft per annum

        xix.   *Well 9C-4-W04*

The United States argues that well 9C-4-W04 is entitled to a water right of 2.131 AFY for livestock watering, including associated losses. (Doc. 3076 Ex. A.) JAY argues generally that the Court should reject the United States's calculations, but does not respond to the motion for summary judgment with respect to this well. The parties agree that the well has a priority date of November 15, 1936.

JAY provided no information in its response to the motion for summary judgment, however, JAY requested 3.00 AFY in its subfile answer. (Doc. 2925 at 12.) Because JAY bears the burden of establishing a water right beyond that which is offered by the United States and failed to present evidence or argument with regard to this well, I recommend that the Court find that JAY failed to meet this burden and adjudicate the following water right in this well:

**WELL**

> **Map Label:** 9C-4-W04
>
> **OSE File No:** G 00738
>
> **Priority Date:** 11/15/1936
>
> **Purpose of Use:** NON 72-12-1 LIVESTOCK WATERING
>
> **Well Location:** As shown on Hydrographic Survey Map 9C-4
>
> **S**. 24   **T.** 06N        **R.** 19W        **1/4, 1/16, 1/64** SW   NW   NW
>
> **X (ft):** 2,433,241    **Y (ft):** 1,359,585
>
> New Mexico State Plane Coordinate System, West Zone, NAD 1983
>
> **Amount of Water:**   Historical beneficial use not to exceed 2.131 ac-ft per annum

> xx.   *Well 9C-4-W05*

The United States argues that well 9C-4-W05 is entitled to a water right of 2.131 AFY for livestock watering, including associated losses. (Doc. 3076 Ex. A.) JAY argues generally that the Court should reject the United States's calculations, but does not respond to the motion for summary judgment with respect to this well. The parties agree that the well has a priority date of November 15, 1936.

JAY provided no information in its response to the motion for summary judgment, however, JAY requested 3.00 AFY in its subfile answer. (Doc. 2925 at 12-13.) Because JAY

bears the burden of establishing a water right beyond that which is offered by the United States and failed to present evidence or argument with regard to this well, I recommend that the Court find that JAY failed to meet this burden and adjudicate the following water right in this well:

**WELL**

| | |
|---|---|
| **Map Label:** | 9C-4-W05 |
| **OSE File No:** | G 00737 |
| **Priority Date:** | 11/15/1936 |
| **Purpose of Use:** | NON 72-12-1 LIVESTOCK WATERING |
| **Well Location:** | As shown on Hydrographic Survey Map 9C-4 |

**S.** 24   **T.** 06N        **R.** 19W       **1/4, 1/16, 1/64** SE      NE      NW

**X (ft):** 2,437,027      **Y (ft):** 1,359,692

New Mexico State Plane Coordinate System, West Zone, NAD 1983

**Amount of Water:**   Historical beneficial use not to exceed 2.131 ac-ft per annum

      xxi.   *Well 9C-5-W01*

The United States argues that well 9C-5-W01 is entitled to a water right of 2.131 AFY for livestock watering, including associated losses. (Doc. 3076 Ex. A.) JAY argues generally that the Court should reject the United States's calculations, but does not respond to the motion for summary judgment with respect to this well. The parties agree that the well has a priority date of December 31, 1953.

JAY provided no information in its response to the motion for summary judgment, however, JAY requested 3.739 AFY in its subfile answer. (Doc. 2925 at 13.) Because JAY bears the burden of establishing a water right beyond that which is offered by the United States and

failed to present evidence or argument with regard to this well, I recommend that the Court find that JAY failed to meet this burden and adjudicate the following water right in this well:

**WELL**

| | |
|---|---|
| **Map Label:** | 9C-5-W01 |
| **OSE File No:** | G 00742 |
| **Priority Date:** | 12/31/1953 |
| **Purpose of Use:** | NON 72-12-1 LIVESTOCK WATERING |
| **Well Location:** | As shown on Hydrographic Survey Map 9C-5 |

      **S.** 29   **T.** 06N   **R.** 19W   **1/4, 1/16, 1/64** NE   SW   SW

      **X (ft):** 2,414,929   **Y (ft):** 1,355,171

      New Mexico State Plane Coordinate System, West Zone, NAD 1983

**Amount of Water:**   Historical beneficial use not to exceed 2.131 ac-ft per annum

### C.  Natural Springs

In its subfile answer, JAY claimed a water right of 15 AFY in Canyon Springs, 9C-4-SPR02; a water right of an "amount required to keep Stock Pond 10A-4-SP01 filled 365 days per year" in Jaralosa Springs, 10A-4-SPR01; and a water right of 0.50 AFY collectively in the Los Alamos Springs, 10A-4-SPR02 and 10A-4-SPR03. (Doc. 2925 at 71-72.) The United States contends that JAY is not entitled to a water right in any of these springs and moves for summary judgment in its favor regarding the four springs identified—10A-4-SPR01, 10A-4-SPR02, 10A-4-SPR03, and 9C-4-SPR02—on the basis that the springs are unimproved and therefore do not give rise to a water right for agricultural purposes.

It is undisputed that JAY claims a water right in these springs based on livestock watering, which is an agricultural use. In New Mexico, "man-made diversion, together with

intent to apply water to beneficial use and actual application of the water to beneficial use, is necessary to claim water rights by appropriation in New Mexico for agricultural purposes." *State ex rel. Reynolds v. Miranda*, 493 P.2d 409, 411 (N.M. 1972). Without a man-made diversion, intent and application are insufficient to establish a water right for livestock watering. *See id.* at 410; *Harkey v. Smith*, 247 P. 550, 551 (N.M. 1926).

The United States presented evidence in the form of an affidavit from Scott Turnbull—an associate engineer with Natural Resources Consulting Engineers, Inc. ("NRCE"), who conducts technical analysis for the United States on issues related to the Basin and "perform[s] field visits to document and verify water features within and through the Basin"—stating that he reviewed field notes and photographs collected by NRCE during field visits to the springs and "found no indication that the springs have been improved." (Doc. 3076 Ex. 4 at 1, 6.)

JAY presented an affidavit from Darrell Brown, the general ranch manager of Yates Ranch Property LLP and JAY Land Ltd. Co., stating that Jaralosa Springs, 10A-4-SPR01, serves several stock ponds through a pipeline, and that Los Alamos Springs serves an "additional excavated watering tank located close to it." (Doc. 3093 Ex. 26 at 2.) JAY also presented a Declaration of Ownership filled out by defense counsel in 2004 that claims a water right of 15.00 AFY in Canyon Springs, and states specifically that there is a "[d]iversion box and pipeline from springs part of the way to reservoirs, open ditch, 3 earthen reservoirs." (Doc. 3093 Ex. 27 at 2.)

With respect to both Los Alamos Springs, 10A-4-SPR02 and 10A-4-SPR03, the United States submitted competent evidence that there are no man-made improvements on these springs. JAY's statement that the springs serve "an additional excavated watering tank" is insufficient to create an issue of material fact as to whether there are man-made improvements on these springs. Therefore, I recommend that the Court find that 10A-4-SPR02 and 10A-4-SPR03 have not been

34

improved by man and therefore do not give rise to a water right, and grant summary judgment for the United States with regard to these two springs.

Based on the affidavit of Darrell Brown and the Declaration related to Canyon Springs, I find that there remains a disputed issue of material fact as to whether Canyon Springs or Jaralosa Springs, 9C-4-SPR02 and 10A-4-SPR01, respectively, have man-made improvements. Accordingly, I recommend that the Court deny the United States's motion for summary judgment with respect to these two springs.

### D. Natural Depressions

In its subfile answer, JAY asserted water rights in myriad unnumbered and undescribed stock tanks. (*See* Doc. 2925 at 73-76.) The United States moved for summary judgment in its favor with respect to ten natural depressions on Atarque Ranch. The United States argues that the natural depressions have no man-made improvements, as required by *Miranda*. JAY contends that these are stock tanks and have been excavated and bermed.

The parties submitted competing affidavits with regard to the natural depressions/stock tanks. Accordingly, I find that there is a genuine dispute of material fact with regard to whether these natural depressions/stock tanks have man-made improvements, as required under New Mexico law to establish an agriculturally based water right. Therefore, I recommend that the Court deny the United States's motion for summary judgment with regard to these features.

### CONCLUSION

For the foregoing reasons, I recommend that the Court deny JAY's motion in full. I recommend that the Court grant-in-part and deny-in-part the United States's motion for summary judgment. Specifically, I recommend that the Court grant the United States's motion with respect to Atarque Lake and determine that JAY does not have a water right in Atarque Lake; grant the

United States's motion with respect to the twenty-one contested wells and adjudicate those water rights as outlined herein; grant the United States's motion with regard to the Los Alamos Springs, 10A-4-SPR02 and 10A-4-SPR03, and determine that JAY is not entitled to a water right therein; deny the United States's motion with respect to Jaralosa Springs, 10A-4-SPR01, and Canyon Springs, 9C-4-SPR02; and deny the United States's motion with respect to the natural depressions/stock tanks.

---

**THE PARTIES ARE NOTIFIED THAT WITHIN 14 DAYS OF SERVICE** of a copy of these Proposed Findings and Recommended Disposition they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636(b)(1). **A party must file any objections with the Clerk of the District Court within the fourteen-day period if that party wants to have appellate review of the Proposed Findings and Recommended Disposition. If no objections are filed, no appellate review will be allowed.**

---

William P. Lynch
United States Magistrate Judge