# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA, and )
STATE OF NEW MEXICO, ex rel. STATE )
ENGINEER, )
)
        Plaintiffs, )
)
and )    No. 01-cv-0072 MV/WPL
)
ZUNI INDIAN TRIBE, NAVAJO NATION, )    ZUNI RIVER BASIN
)    ADJUDICATION
        Plaintiffs in Intervention, )
)
v. )    **Subfile No.** ZRB-5-0014
)
A & R PRODUCTIONS, et al., )
)
        Defendants.

## PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

Plaintiffs United States and the State of New Mexico (collectively "Plaintiffs") filed a joint motion under Federal Rule of Civil Procedure 12(c) for judgment on the pleadings in this subfile. (Doc. 3264.) Subfile defendant The Clawson Farm & Ranch LLC d/b/a The Quarter Circle Ranch ("Quarter Circle") did not respond. Plaintiffs request that this Court enter judgment in their favor, in the form of a proposed Consent Order, described at pages 2-5 of the motion. (*Id.*) Having reviewed the briefing, the record, and the relevant law, I recommend that the Court grant the Plaintiffs' motion for judgment on the pleadings and adopt the proposed Consent Order as the final judgment of the Court in this subfile.

Federal Rule of Civil Procedure 12(c) provides that "[a]fter the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." Rule 12(c) is

designed "to provide a means of disposing of cases when the material facts are not in dispute between the parties." *Peña v. Greffet*, --- F. Supp. 3d ---, ---, 2015 WL 3860084, at \*8 (D.N.M. 2015) (citing *Kruzits v. Okuma Mach. Tool, Inc.*, 40 F.3d 52, 54 (3d Cir. 1994)). "Judgment on the pleadings should not be granted unless the moving party has clearly established that no material issue of fact remains to be resolved and the party is entitled to judgment as a matter of law." *Park Univ. Enters., Inc. v. Am. Cas. Co. of Reading, PA*, 442 F.3d 1239, 1244 (10th Cir. 2006) (quotation omitted). Rule 12(c) motions are generally treated like motions to dismiss under Rule 12(b)(6), except that claims dismissed under Rule 12(c) are dismissed with prejudice. *Peña*, --- F. Supp. 3d at ---, 2015 WL 3860084, at \*8. Accordingly, a court reviewing a motion for judgment on the pleadings must accept "all facts pleaded by the non-moving party as true and grant all reasonable inferences from the pleadings in favor of the same." *Park Univ. Enters.*, 442 F.3d at 1244. Judgment on the pleadings should be granted if the pleadings demonstrate that the moving party is entitled to judgment as a matter of law. *Ramirez v. Wal-Mart Stores, Inc.*, 192 F.R.D. 303, 304 (D.N.M. 2000).

Although the Local Rules do not allow corporations to proceed pro se, *see* D.N.M.LR-Civ. 83.7, it appears that Quarter Circle has not retained counsel. In an abundance of caution, I treat Quarter Circle as any other pro se party: I construe its pleadings liberally and hold it to a less stringent standard than is required of a party represented by counsel. *See Weinbaum v. City of Las Cruces*, *N.M.*, 541 F.3d 1017, 1029 (10th Cir. 2008) (citing *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991)). Liberal construction requires courts to make some allowance for pro se litigants' "failure to cite proper legal authority, [their] confusion of various legal theories, [their] poor syntax and sentence construction, or [their] unfamiliarity with pleading requirements[.]" *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005)

2

(quoting *Hall*, 935 F.2d at 1110). However, "the court cannot take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record." *Id.* (citation omitted).

The pleadings in this case include the Notice that the Consultation Period Has Ended, filed on September 26, 2007, which notified Quarter Circle that it must file a subfile answer within twenty days (Doc. 1277); Quarter Circle's subfile answer, timely filed on October 17, 2007, that objected to the proposed Consent Order on the basis that the proposed water right is insufficient to operate and sustain the property, as currently used, and does not provide room for future expansion (Doc. 1314); and the Plaintiffs' proposed Consent Order. *See Selman v. Delta Airlines*, No. CIV 07-1059 JB/WDS, 2008 WL 6022017, at *7 (D.N.M. Aug. 13, 2008) (unpublished) (describing the distinction made in Rule 7 between pleadings and motions).

The record in the Basin adjudication is extensive. I do not address, beyond what is necessary for the determination of this motion, the factual or procedural history of this case. The burden of establishing a water right is on Quarter Circle, as the users of water. The parties seek adjudication of the water rights associated with one stock pond and six wells on Quarter Circle's property.

New Mexico state law provides the substantive standards for this adjudication. (Doc. 2954 at 2.) The Constitution of the State of New Mexico provides that "[t]he unappropriated water . . . within the state . . . is hereby declared to belong to the public." N.M. CONST. Art. 16 § 2. "Beneficial use shall be the basis, the measure and the limit of the right to the use of water." *Id.* at § 3. That is, a water user may acquire the right to use water through beneficial use. N.M. STAT. ANN. § 72-1-2 (West 2015); *State ex rel. Erickson v. McLean*, 308 P.2d 983, 987 (N.M. 1957). "Beneficial use" means the "direct use or storage and use of water by man for a beneficial

purpose including, but not limited to, agricultural, municipal, commercial, industrial, domestic, livestock, fish and wildlife, and recreational uses." N.M. CODE R. 19.26.2.7(D) (2014). Adjudicated water rights decrees must declare "the priority, amount, purpose, periods and place of use." N.M. STAT. ANN. § 72-4-19.

"The burden of proof with respect to quantifying a water right in a stream system adjudication falls squarely on a defendant, or the user of the water right." *State v. Aamodt*, No. Civ. 66-6639 MV/WPL, Subfile PM-67833, Doc. 8119 at 6 (D.N.M. Feb. 24, 2014) (unpublished) (citing *Pecos Valley Artesian Conservancy Dist. v. Peters*, 193 P.2d 418, 421-22 (N.M. 1948)). For purposes of this adjudication, the Plaintiffs "announced that the amount of water to be offered water rights claimants for domestic wells would be the higher of 0.7 [AFY], or an amount equivalent to historical beneficial use." (Doc. 733 at 1-2.) The burden is on Quarter Circle to justify a water right above that which was offered by the Plaintiffs. (Doc. 2985 at 2-3.)

Quarter Circle did not file a response to the Plaintiffs' motion for judgment on the pleadings. Its only pleading in this case is its subfile answer, which contains conclusory statements and amorphous information about vague future use, but no factual allegations related to historical use of the wells or stock pond. Therefore, there are no disputes of material fact related to Quarter Circle's wells or stock pond.

Quarter Circle raises two issues in its subfile answer: first, it claims that the proposed Consent Order offered insufficient water to operate and sustain the current property, including commercial, farming, and cattle operations; and second, that one of the wells was drilled for commercial use and the water right associated therewith should include an opportunity for expansion. (Doc. 1314 at 2.) Both arguments fail.

New Mexico law is clear: beneficial use defines the extent of a water right. N.M. STAT. ANN. § 72-1-2. Under New Mexico state law, beneficial use controls, without regard to the original state allotment of 3 acre-feet per year. Quarter Circle makes no factual statement whatsoever that it has historically used more water than what is offered in the proposed Consent Order. The Plaintiffs are not required to prove that the offered amount is the extent of the historical beneficial use. Quarter Circle bears the burden of establishing historical beneficial use greater than that offered by the Plaintiffs. Quarter Circle's first argument is without merit.

Much like its first contention, Quarter Circle then contends that a well drilled for commercial purposes should have a water right that allows for future expansion of water usage. Mere speculation, assumption, or intention does not establish historic domestic use. *See Aamodt*, No. Civ. 66-6639 MV/WPL, Subfile PM-67833, Doc. 8119 at 6. As previously noted, water rights in New Mexico are based upon historical beneficial use. Quarter Circle's argument based on potential future needs is unavailing.

I find that Quarter Circle failed to make any factual allegations suggesting that it is entitled to water rights above and beyond those stipulated to by the Plaintiffs. I further find that the Plaintiffs are entitled to judgment as a matter of law. For the foregoing reasons, I recommend that the Court grant the Plaintiffs' Joint Motion for Judgment on the Pleadings (Doc. 3264) and enter final judgment in this case adopting the proposed Consent Order (*id.* at 2-5).

**THE PARTIES ARE NOTIFIED THAT WITHIN 14 DAYS OF SERVICE** of a copy of these Proposed Findings and Recommended Disposition they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636(b)(1). **A party must file any objections with the Clerk of the District Court within the fourteen-day period if that party wants to have appellate review of the Proposed Findings and Recommended Disposition. If no objections are filed, no appellate review will be allowed.**

William P. Lynch
United States Magistrate Judge