## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

| | |
|---|---|
| UNITED STATES OF AMERICA, and STATE OF NEW MEXICO, ex rel. STATE ENGINEER, )<br>)<br>)<br>)<br>Plaintiffs, )<br>)<br>and )<br>)<br>ZUNI INDIAN TRIBE, NAVAJO NATION, )<br>)<br>Plaintiffs in Intervention, )<br>)<br>v. )<br>)<br>A & R PRODUCTIONS, et al., )<br>)<br>Defendants. ) | No. 01-cv-0072 MV/WPL<br><br>ZUNI RIVER BASIN ADJUDICATION<br><br>**Subfile No.** ZRB-4-0453 |

### PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

Plaintiffs United States and the State of New Mexico jointly moved for summary judgment on this subfile. (Doc. 3289.) Subfile Defendant Theodore Broderick did not respond to the motion within the time allotted and did not request an extension of time to respond. The record in the Basin adjudication is extensive. I do not address, beyond what is necessary for the determination of this motion, the factual or procedural history of this case. Having considered the parties' filings and the relevant law, I recommend that the Court grant the Plaintiffs' motion and adjudicate this Subfile as described herein.

### STANDARD OF REVIEW

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P.

56(a). The moving party bears the initial burden of "'showing' . . . that there is an absence of evidence to support the nonmoving party's case." *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986); *Adler v. Wal-Mart Stores, Inc.*, 144 F.3d 664, 670-71 (10th Cir. 1998). Once the moving party has met this burden, the nonmoving party must identify specific facts that show the existence of a genuine issue of material fact requiring trial on the merits. *Bacchus Indus., Inc. v. Arvin Indus., Inc.*, 939 F.2d 887, 891 (10th Cir. 1991). The nonmovant must identify these facts by reference to "affidavits, deposition transcripts, or specific exhibits incorporated therein." *Adler*, 144 F.3d at 671. A fact is "material" if, under the governing law, it could have an effect on the outcome of the lawsuit. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute over a material fact is "genuine" if a rational jury could find in favor of the nonmoving party on the evidence presented. *Id.* A mere "scintilla" of evidence is insufficient to successfully oppose a motion for summary judgment. *Id.* at 252. The record and all reasonable inferences therefrom must be viewed in the light most favorable to the nonmovant. *See Muñoz v. St. Mary-Corwin Hosp.*, 221 F.3d 1160, 1164 (10th Cir. 2000). When there are cross motions for summary judgment, each motion is to be treated separately. *Christy v. Travelers Indem. Co. of Am.*, 810 F.3d 1220, 1225 n.3 (10th Cir. 2016).

    The burden of establishing a water right would be on Broderick, as the user of water, regardless of which party moved for summary judgment. Where the burden of persuasion at trial would be on the nonmovant, the movant can meet Rule 56's burden of production by either (1) providing affirmative evidence negating an essential element of the nonmovant's claim or (2) showing the Court that the nonmovant's evidence is insufficient to demonstrate an essential element of the nonmovant's claim. *Celotex*, 477 U.S. at 331 (citations omitted). Evidence provided by either the movant or the nonmovant need not be submitted "in a form that would be

admissible at trial." *Id.* at 324. Rather, the content of the evidence presented must be capable of being presented in an admissible form at trial. *Trevizo v. Adams*, 455 F.3d 1155, 1160 (10th Cir. 2006). For example, parties may submit affidavits to support or oppose a motion for summary judgment, even though the affidavits constitute hearsay, provided that the information can be presented in another, admissible form at trial, such as live testimony. *See* FED. R. CIV. P. 56(c)(4); *Johnson v. Weld Cnty., Colo.*, 594 F.3d 1202, 1209-10 (10th Cir. 2010); *Trevizo*, 455 F.3d at 1160.

Even though Broderick failed to respond, summary judgment is only appropriate if the Plaintiffs have met their burden.

## DISCUSSION

This Subfile dispute involves a single well—3B-4-W172. Broderick applied for and received a permit from the State Engineer to drill a "[d]omestic well to accompany a house or other dwelling unit constructed for sale" on the real property associated with this Subfile. (Doc. 3289 at 5 (quoting Doc. 3289 Ex. B at 1-2).) Construction of the well was completed prior to November 2008, but Broderick never constructed a house or other dwelling unit on the real property and never diverted water from the well for any beneficial use on the property. (*Id.* at 5-6 (citing Doc. 3289 Ex. A at 3-4.) In his Subfile Answer, the only pleading filed by Broderick, he states simply that the proposed consent order did "not accurately reflect amounts of water that have been placed to beneficial use." (Doc. 2783 at 2.) The Subfile answer contains no explanation or contention as to how much water has been put to beneficial use or what that use may be.

New Mexico state law provides the substantive standards for this adjudication. (Doc. 2954 at 2.) The Constitution of the State of New Mexico provides that "[t]he unappropriated

water . . . within the state . . . is hereby declared to belong to the public." N.M. CONST. Art. 16 § 2. "Beneficial use shall be the basis, the measure and the limit of the right to the use of water." *Id.* at § 3. That is, a water user may acquire the right to use water through beneficial use. N.M. STAT. ANN. § 72-1-2; *State ex rel. Erickson v. McLean*, 308 P.2d 983, 987 (N.M. 1957). "Beneficial use" means the "direct use or storage and use of water by man for a beneficial purpose including, but not limited to, agricultural, municipal, commercial, industrial, domestic, livestock, fish and wildlife, and recreational uses." N.M. CODE R. 19.26.2.7(D) (2014). Adjudicated water rights decrees must declare "the priority, amount, purpose, periods and place of use." § 72-4-19.

"The burden of proof with respect to quantifying a water right in a stream system adjudication falls squarely on a defendant, or the user of the water right." *State v. Aamodt*, No. Civ. 66-6639 MV/WPL, Subfile PM-67833, Doc. 8119 at 6 (D.N.M. Feb. 24, 2014) (unpublished) (citing *Pecos Valley Artesian Conservancy Dist. v. Peters*, 193 P.2d 418, 421-22 (N.M. 1948)).

The Plaintiffs provided adequate and uncontradicted evidence in the form of an Affidavit from Scott Turnbull, an associate engineer with Natural Resources Consulting Engineers, Inc.—the engineering consulting firm contracted by the United States to perform the hydrographic survey of the Zuni River Basin—that well 3B-4-W172 has not been used to put any quantity of water to beneficial use. Accordingly, I recommend that the Court grant the Plaintiffs' motion for summary judgment and adjudicate the water right in well 3B-4-W172 as follows:

**WELL**

    **Map Label:**    3B-4-W172

    **OSE File No:**    G 02744

**Priority Date:** NO RIGHT

**Purpose of Use:** DOMESTIC CONSTRUCTION

**Well Location:** As shown on Hydrographic Survey Map 3B-4

    **S.** 19   **T.** 11N   **R.** 15W   **1/4, 1/16, 1/64** NW   NW   NW

    **X (ft):** 2,533,589   **Y (ft):** 1,520,013

    New Mexico State Plane Coordinate System, West Zone, NAD 1983

**Amount of Water:** NO RIGHT

---

**THE PARTIES ARE NOTIFIED THAT WITHIN 14 DAYS OF SERVICE** of a copy of these Proposed Findings and Recommended Disposition they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636(b)(1). **A party must file any objections with the Clerk of the District Court within the fourteen-day period if that party wants to have appellate review of the Proposed Findings and Recommended Disposition. If no objections are filed, no appellate review will be allowed.**

_William P. Lynch_
William P. Lynch
United States Magistrate Judge