# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, and  STATE OF NEW MEXICO, ex rel. STATE ENGINEER, | ) ) ) ) | |
| Plaintiffs, | ) ) | |
| and | ) ) | No. 01cv00072-MV-WPL |
| ZUNI INDIAN TRIBE, NAVAJO NATION, | ) ) | ZUNI RIVER BASIN ADJUDICATION |
| Plaintiffs in Intervention, | ) ) | |
| v. | ) ) | **Subfile No.** ZRB-4-0169 |
| A & R PRODUCTIONS, et al. | ) ) | |
| Defendants. | ) ) | |

**PROPOSED FINDINGS AND RECOMMENDED DISPOSITION**

Plaintiffs United States and the State of New Mexico jointly moved for summary judgment on this subfile. (Doc. 3306.) Subfile Defendants Henry Ray and Rebecca Grizzle did not respond to the motion within the time allotted and did not request an extension of time to respond. The record in the Basin adjudication is extensive. I do not address, beyond what is necessary for the determination of this motion, the factual or procedural history of this case. Having considered the parties' filings and the relevant law, I recommend that the Court grant the Plaintiffs' motion and adjudicate this Subfile as described herein.

## STANDARD OF REVIEW

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). The moving party bears the initial burden of "'showing' . . . that there is an absence of evidence to support the nonmoving party's case." *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986); *Adler v. Wal-Mart Stores, Inc.*, 144 F.3d 664, 670-71 (10th Cir. 1998). Once the moving party has met this burden, the nonmoving party must identify specific facts that show the existence of a genuine issue of material fact requiring trial on the merits. *Bacchus Indus., Inc. v. Arvin Indus., Inc.*, 939 F.2d 887, 891 (10th Cir. 1991). The nonmovant must identify these facts by reference to "affidavits, deposition transcripts, or specific exhibits incorporated therein." *Adler*, 144 F.3d at 671. A fact is "material" if, under the governing law, it could have an effect on the outcome of the lawsuit. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute over a material fact is "genuine" if a rational jury could find in favor of the nonmoving party on the evidence presented. *Id.* A mere "scintilla" of evidence is insufficient to successfully oppose a motion for summary judgment. *Id.* at 252. The record and all reasonable inferences therefrom must be viewed in the light most favorable to the nonmovant. *See Muñoz v. St. Mary-Corwin Hosp.*, 221 F.3d 1160, 1164 (10th Cir. 2000). When there are cross motions for summary judgment, each motion is to be treated separately. *Christy v. Travelers Indem. Co. of Am.*, 810 F.3d 1220, 1225 n.3 (10th Cir. 2016).

The burden of establishing a water right would be on the Grizzles, as the users of water, regardless of which party moved for summary judgment. Where the burden of persuasion at trial would be on the nonmovant, the movant can meet Rule 56's burden of production by either (1)

providing affirmative evidence negating an essential element of the nonmovant's claim or (2) showing the Court that the nonmovant's evidence is insufficient to demonstrate an essential element of the nonmovant's claim. *Celotex*, 477 U.S. at 331 (citations omitted). Evidence provided by either the movant or the nonmovant need not be submitted "in a form that would be admissible at trial." *Id.* at 324. Rather, the content of the evidence presented must be capable of being presented in an admissible form at trial. *Trevizo v. Adams*, 455 F.3d 1155, 1160 (10th Cir. 2006). For example, parties may submit affidavits to support or oppose a motion for summary judgment, even though the affidavits constitute hearsay, provided that the information can be presented in another, admissible form at trial, such as live testimony. *See* FED. R. CIV. P. 56(c)(4); *Johnson v. Weld Cnty., Colo.*, 594 F.3d 1202, 1209-10 (10th Cir. 2010); *Trevizo*, 455 F.3d at 1160.

Even though the Grizzles failed to respond, summary judgment is only appropriate if the Plaintiffs have met their burden.

## DISCUSSION

This Subfile dispute involves a single well—2A-1-W035. In their amended Subfile Answer, the Grizzles state that 0.7 AFY is unacceptable because it is insufficient to meet their needs; and that, based on the railroad act signed on July 1, 1862, they have the right to develop the water on their land according to their needs. (Doc. 2709.) The amended Subfile answer contains no explanation or contention as to how much water has been put to beneficial use or what that use may be, but the original Subfile answer states that the Grizzles use 3.00 AFY. (Doc. 1653.)

New Mexico state law provides the substantive standards for this adjudication. (Doc. 2954 at 2.) The Constitution of the State of New Mexico provides that "[t]he unappropriated water . . . within the state . . . is hereby declared to belong to the public." N.M. CONST. Art. 16 § 2. "Beneficial use shall be the basis, the measure and the limit of the right to the use of water." *Id.* at § 3. That is, a water user may acquire the right to use water through beneficial use. N.M. STAT. ANN. § 72-1-2; *State ex rel. Erickson v. McLean*, 308 P.2d 983, 987 (N.M. 1957). "Beneficial use" means the "direct use or storage and use of water by man for a beneficial purpose including, but not limited to, agricultural, municipal, commercial, industrial, domestic, livestock, fish and wildlife, and recreational uses." N.M. CODE R. 19.26.2.7(D) (2014). Adjudicated water rights decrees must declare "the priority, amount, purpose, periods and place of use." § 72-4-19.

"The burden of proof with respect to quantifying a water right in a stream system adjudication falls squarely on a defendant, or the user of the water right." *State v. Aamodt*, No. Civ. 66-6639 MV/WPL, Subfile PM-67833, Doc. 8119 at 6 (D.N.M. Feb. 24, 2014) (unpublished) (citing *Pecos Valley Artesian Conservancy Dist. v. Peters*, 193 P.2d 418, 421-22 (N.M. 1948)).

The Grizzles' first argument, that 0.7 AFY is insufficient to meet their needs, is without merit or support. The only support provided by the Grizzles is an unsubstantiated and inadmissible table presented in the original Subfile answer that purports to show historical beneficial use of 3.00 AFY. (*See* Doc. 1653 at 3.)

The Grizzles' second argument, that the Pacific Railroad Act of 1862, which granted the railroads the right to develop resources as necessary, frees them from the other requirements of

4

establishing a water right in New Mexico, is equally unavailing. The Grizzles provide no argument or citation in support of this argument. The Grizzles failed to make more than a base allegation or conclusory statement as to the applicability of the Pacific Railroad Act. Even though the Grizzles proceed pro se and I am bound to make certain allowances, it is affirmatively not the province of the Court to construct arguments for pro se parties. *See Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005).

The Plaintiffs, however, provided adequate and uncontradicted evidence in the form of an Affidavit from Scott Turnbull, an associate engineer with Natural Resources Consulting Engineers, Inc.—the engineering consulting firm contracted by the United States to perform the hydrographic survey of the Zuni River Basin—that well 2A-1-W035 has historically been used for household, livestock, and other purposes at a rate of 2.043 AFY. (Doc. 3306 Ex. 2.) Accordingly, I recommend that the Court grant the Plaintiffs' motion for summary judgment and adjudicate the water right in well 2A-1-W035 as follows:

**WELL**

| | |
|---|---|
| **Map Label:** | 2A-1-W035 |
| **OSE File No:** | G 01538 |
| **Priority Date:** | 12/31/1950 |
| **Purpose of Use:** | NON 72-12-1 DOMESTIC & LIVESTOCK |
| **Well Location:** | As shown on Hydrographic Survey Map 2A-1 |

**S.** 29   **T.** 12N   **R.** 18W   **1/4, 1/16, 1/64** SE   SE   SE

**X (ft):** 2,448,373   **Y (ft):** 1,542,465

New Mexico State Plane Coordinate System, West Zone, NAD 1983

**Amount of Water:** 2.043 AFY

> **THE PARTIES ARE NOTIFIED THAT WITHIN 14 DAYS OF SERVICE** of a copy of these Proposed Findings and Recommended Disposition they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636(b)(1). **A party must file any objections with the Clerk of the District Court within the fourteen-day period if that party wants to have appellate review of the Proposed Findings and Recommended Disposition. If no objections are filed, no appellate review will be allowed.**

_____
William P. Lynch
United States Magistrate Judge