**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

UNITED STATES OF AMERICA, and )
STATE OF NEW MEXICO, ex rel. STATE )
ENGINEER, )
       )
           Plaintiffs, )
       )
and )       No. 01-cv-0072 MV/WPL
       )
ZUNI INDIAN TRIBE, NAVAJO NATION, )       **ZUNI RIVER BASIN**
       )       **ADJUDICATION**
           Plaintiffs in Intervention, )
       )
v. )       **Subfile No.** ZRB-2-0098
       )
A & R PRODUCTIONS, et al., )
       )
           Defendants.

**ORDER ADOPTING MAGISTRATE JUDGE'S PROPOSED FINDINGS AND
RECOMMENDED DISPOSITION**

This matter is before me on cross-motions for summary judgment (Docs. 3059, 3076), the

Magistrate Judge's Proposed Findings and Recommended Disposition ("PFRD") (Doc. 3223),

Defendant JAY Land Ltd. Co. and Yates Ranch Property LLP's ("JAY") objections thereto

(Doc. 3230), the United States' response to the objections (Doc. 3250), the State of New

Mexico's response to the objections (Doc. 3251), and JAY's opposed motion for oral argument

(Doc. 3260). The PFRD recommended denying JAY's partial motion for summary judgment and

granting in part the United States' motion for summary judgment. JAY objects to essentially

every finding and recommendation.

In reviewing a PFRD, the Court must make de novo determinations of those portions of the PFRD to which any party made proper objections. FED. R. CIV. P. 72(b)(3); 28 U.S.C. § 636(b)(1)(C). Issues raised for the first time in objections to the PFRD are deemed waived. *United States v. Garfinkle*, 261 F.3d 1030, 1030–31 (10th Cir. 2001); *Marshall v. Chater*, 75 F.3d 1421, 1426 (10th Cir. 1996). Having conducted a de novo review, I find the objections to be without merit for the following reasons.

The PFRD thoroughly covered the factual background of this case. The Court declines to reiterate that background here.

**LEGAL STANDARD**

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). The moving party bears the initial burden of "'showing' . . . that there is an absence of evidence to support the nonmoving party's case." *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986); *Adler v. Wal-Mart Stores, Inc.*, 144 F.3d 664, 670–71 (10th Cir. 1998). Once the moving party has met this burden, the nonmoving party must identify specific facts that show the existence of a genuine issue of material fact requiring trial on the merits. *Bacchus Indus., Inc. v. Arvin Indus., Inc.*, 939 F.2d 887, 891 (10th Cir. 1991). The nonmoving party must identify these facts "by reference to affidavits, deposition transcripts, or specific exhibits incorporated therein." *Adler*, 144 F.3d at 671. A fact is "material" if, under the governing law, it could have an effect on the outcome of the lawsuit. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute over a material fact is "genuine" "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.* A mere "scintilla of evidence" is insufficient to successfully oppose a motion for summary judgment. *Id.* at 252. The record and all reasonable

inferences therefrom must be viewed in the light most favorable to the nonmoving party. *See Muñoz v. St. Mary-Corwin Hosp.*, 221 F.3d 1160, 1164 (10th Cir. 2000). When there are cross-motions for summary judgment, each motion is "to be treated separately." *Buell Cabinet Co. v. Sudduth*, 608 F.2d 431, 433 (10th Cir. 1979).

JAY, as the user of water, bears the burden of establishing a water right, regardless of which party moved for summary judgment. Where the burden of persuasion at trial would be on the nonmoving party, the moving party can meet Rule 56's burden of production by either (1) providing "affirmative evidence that negates an essential element of the nonmoving party's claim" or (2) showing the Court that the "nonmoving party's evidence is insufficient to establish an essential element of the nonmoving party's claim." *Celotex*, 477 U.S. at 331 (citations omitted). Evidence provided by either the moving party or the nonmoving party need not be submitted "in a form that would be admissible at trial." *Id.* at 324. Rather, the content of the evidence presented must be capable of being "presented at trial in an admissible form." *Trevizo v. Adams*, 455 F.3d 1155, 1160 (10th Cir. 2006). For example, parties may submit affidavits to support or oppose a motion for summary judgment, even though the affidavits are often inadmissible hearsay, provided that the information can be presented in another, admissible form at trial, such as live testimony. *See* FED. R. CIV. P. 56(c)(4); *Johnson v. Weld Cnty., Colo.*, 594 F.3d 1202, 1209–10 (10th Cir. 2010); *Trevizo*, 455 F.3d at 1160.

## DISCUSSION

New Mexico state law provides the substantive standards for this adjudication. (Doc. 2954 at 2.) The Constitution of the State of New Mexico provides that "[t]he unappropriated water . . . within the state . . . is hereby declared to belong to the public." N.M. CONST. Art. 16 § 2. "Beneficial use shall be the basis, the measure and the limit of the right to the use of water."

*Id.* at § 3. That is, a water user may acquire the right to use water through "[b]eneficial use." N.M. STAT. ANN. § 72-1-2; *State ex rel. Erickson v. McLean*, 308 P.2d 983, 987 (N.M. 1957).[1] "Beneficial use" means "[t]he direct use or storage and use of water by man for a beneficial purpose including, but not limited to, agricultural, municipal, commercial, industrial, domestic, livestock, fish and wildlife, and recreational uses." N.M. CODE R. 19.26.2.7(D) (2014). Adjudicated water rights decrees must declare "the priority, amount, purpose, periods and place of use." N.M. STAT. ANN. § 72-4-19.

"The burden of proof with respect to quantifying a water right in a stream system adjudication falls squarely on a defendant, or the user of the water right." *State v. Aamodt*, No. Civ. 66-6639 MV/WPL, Subfile PM-67833, Doc. 8119 at 6 (D.N.M. Feb. 24, 2014) (unpublished) (citing *Pecos Valley Artesian Conservancy Dist. v. Peters*, 193 P.2d 418, 421–22 (N.M. 1948)).

I.   JAY'S OBJECTIONS

JAY structured its objections into four categories—Atarque Lake, the 21 wells, evaporation and other losses, and the springs—and objected to the PFRD's recommendations on both of the cross-motions for summary judgment within each category.

A.   ATARQUE LAKE

JAY spends a majority of its brief addressing the Shoenfeld Declaration made for Atarque Lake (Doc. 3059 Ex. 2).[2] JAY contends that the PFRD inappropriately created three new requirements to satisfy NMSA § 72-1-3, which provides that "officially certified"

---

[1] Unless otherwise noted, all statutory references are to the New Mexico Statutes Annotated, current on Westlaw through the end of 2015.

[2] The Shoenfeld Declaration is entered as Exhibit 2 to Docket Entry 3059, but it is labeled as Exhibit 1 on the actual declaration.

declarations, like the Shoenfeld Declaration, "shall be prima facie evidence of the truth of their contents" for water rights vested before March 19, 1907, provided that the declaration sets forth

> the beneficial use to which said water has been applied, the date of first application to beneficial use, the continuity thereof, the location of the source of said water and if such water has been used for irrigation purposes, the description of the land upon which such water has been so used and the name of the owner thereof.

The PFRD recommended that the Court find that the Shoenfeld Declaration does not satisfy § 72-1-3 "because it fails to state the date of first application to beneficial use, stating only that such date was, conveniently, before March 19, 1907; fails to include a description of the land where the water was used to irrigate; and most importantly, fails to establish continuity of use." (Doc. 3223 at 6.) "In fact, the Shoenfeld Declaration establishes that there has not been continuous use of the water associated with Atarque Lake." (*Id.*) Alternatively, the PFRD recommended finding that JAY had abandoned any water right in Atarque Lake long ago, even if the Shoenfeld Declaration did satisfy § 72-1-3. (*Id.* at 7) Accordingly, the PFRD recommended that the Court deny JAY's partial motion for summary judgment to the extent that it requests a determination JAY did not abandon any water right in Atarque Lake, and grant the United States' motion with respect to Atarque Lake and conclude that JAY does not hold any water right in Atarque Lake. (*Id.* at 9–11).

JAY makes several arguments as to why the PFRD is wrong. First, JAY argues that the PFRD erroneously used the term "presumption" when describing the effect of a valid declaration under § 72-1-3, rather than continuously referring to a valid declaration as prima facie evidence of the truth of its contents. (Doc. 3230 at 3.) This is a distinction without a difference and JAY's objections on this basis are overruled.

Second, JAY contends that the "validity of the [§ 72-1-3] water right declaration is beyond the power of this Court to adjudicate." (Doc. 3230 at 4.) JAY argues, without citation to any authority, that the ministerial function of the State of New Mexico State Engineer's Office when accepting a declaration under § 72-1-3 is a determination of water rights by the State Engineer. This is incorrect.

In 2004, this Court stated that it will "not give preclusive effect to any decision reached by the State Engineer on [the Shoenfeld Declaration]." (Doc. 330 at 4.) Additionally, the Court found that the "common-law rule of [administrative estoppel] is not consistent with the New Mexico legislature's intent in enacting the water adjudication statutes" and that the "legislature intended that a stream-system adjudication be all embracing stating, '[t]he court in which any suit involving the adjudication of water rights may be properly brought shall have *exclusive* jurisdiction to hear and determine *all* questions necessary for the adjudication of all water rights within the stream system involved.'" (*Id.* at 2–3 (quoting NMSA 1978 § 72-4-17) (emphasis in original).)

The simple fact that the State Engineer accepted the Shoenfeld Declaration and allowed it to stand as prime facie evidence of the truth of its contents does not constitute a full and final adjudication, and does not remove the ultimate adjudication of water rights in Atarque Lake from this Court's jurisdiction. The Shoenfeld Declaration is within the scope of this Court's review. Any objections on this point are overruled.

Third, JAY argues that the Shoenfeld Declaration satisfies § 72-1-3. Because the Shoenfeld Declaration makes clear that water at Atarque Lake has not been used since 1970 or 1971, when the dam was destroyed, the Declaration is self-defeating for purposes of § 72-1-3, which requires a showing of the continuity of beneficial use. As the PFRD suggest, the

Shoenfeld Declaration shows that any water at Atarque Lake has been continuously *not* used for at least forty years.

It is unnecessary to resolve further objections as to § 72-1-3 because, as the PFRD suggested, even if the Shoenfeld Declaration satisfies § 72-1-3 and is prima facie evidence for the truth of its contents, the Shoenfeld Declaration does not satisfy the elements of a water right, and any water right in Atarque Lake was abandoned long ago.

Next, JAY argues that a water right in New Mexico does not include a requirement of continual use. JAY suggests that "[u]se interrupted or even ended is quite sufficient for a water right, which once established can be interrupted until the cows come home, provided it is not abandoned or forfeited." (Doc. 3230 at 8.) JAY furthers contends that PFRD failed to distinguish the issues between filing the declaration from the issue of abandonment. Again, JAY is wrong.

The PFRD made alternative recommendations: either the Shoenfeld Declaration does not satisfy § 72-1-3, rendering JAY without any support for its claimed water right in Atarque Lake, or the Shoenfeld Declaration was valid, but any water right has long since been abandoned by nonuse. The PFRD adequately distinguished the issues which JAY now attempts to conflate.

While JAY is correct that New Mexico law does not require constant exercise of a water right, it does provide that a water right can be abandoned and lost, which occurs when the owner of the right relinquishes the right "with the intention to forsake and desert it," but such intent can be shown by

> evidence of the failure of the party charged to use the right, or the water, or to keep the works necessary for the utilization of the water in repair; and if such nonusage or neglect is continued for an unreasonable period, it may fairly create the presumption of the intention to abandon.

*State ex rel. Reynolds v. South Springs Co.*, 452 P.2d 478, 480–81 (N.M. 1969) (quotation omitted). Continual use is not required to establish a water right, but an unreasonable period of nonuse may give rise to abandonment, and loss, of the water right.

JAY goes on to argue that the PFRD confused two additional issues: whether JAY is entitled to the benefit of the Shoenfeld Declaration, and whether there is an ongoing water right in Atarque Lake. Again, JAY conflates the issues. The PFRD made alternative recommendations. Assuming that JAY is entitled to the benefit of the Shoenfeld Declaration, the PFRD recommended finding that any water right in Atarque Lake has been abandoned because it has not been used since 1970 or 1971.

As to the second issue, JAY argues that it provided adequate reasons for the destruction of the dam and the protracted period of nonuse. The PFRD did not address the reasons for destruction of the dam, and this Court does not find the reasons for the dam's destruction relevant. The dam was destroyed, at the latest, in 1971—forty-five years ago. JAY presented no evidence that it has attempted to rebuild or repair the dam or otherwise put the water to beneficial use.

JAY then suggests that no authority or argument has been presented to support the claim that more than 30 years of nonuse is, as a matter of law, unreasonable. This argument is not simply wrong, it is disingenuous. The PFRD cited specifically to *South Springs*, a New Mexico Supreme Court case that cited with approval Colorado cases finding unreasonable as a matter of law nonuse for "periods of forty, thirty and eighteen years[.]" 452 P.2d at 483. JAY presented no rebuttal to this authority.

For its next objection, JAY argues that it is not required, at this stage, to present evidence of reasons for its extended nonuse. In making this argument, JAY fails to apprehend its burden.

The United States filed a motion for summary judgment, in part requesting an order finding that JAY holds no water right in Atarque Lake. The United States presented evidence to support its position. Local Rule 56.1 is clear that a response to a motion for summary judgment "must contain a concise statement of the material facts" and for each fact in dispute "must refer with particularity to those portions of the record upon which the non-movant relies." D.N.M.LR-Civ. 56.1. Based on the content of the United States' Motion for Summary Judgment, JAY was on notice of the relief requested and knew or should have known that it bore the burden of establishing a genuine issue of fact: merely asserting that there were valid reasons to not exercise a water right for forty-five years does not create a genuine issue of material fact.

All of JAY's objections with regard to Atarque Lake are without merit and are overruled. The Court adopts the PFRD's recommendations as to Atarque Lake and hereby denies JAY's partial motion for summary judgment, to the extent that it sought a determination that JAY did not abandon any water right in Atarque Lake, and grants the United States' motion for summary judgment to the extent that JAY holds no water right in Atarque Lake.

B.   21 WELLS

JAY did not move for summary judgment with respect to the 21 wells. Accordingly, the Court construes the facts in the light most favorable to JAY as the nonmovant and addresses JAY's objections to the PFRD's recommendation that the Court grant the United States' motion with respect to the 21 wells.

JAY objects to the PFRD in two respects: first, JAY argues that the PFRD improperly used the size of the ranch to limit the water rights which may be owned by it; and second, that the PFRD improperly limited the water right by a factor based on water consumed by each head of cattle and doubled to account for evaporation and other losses. JAY raises these issues for the

first time in objections to the PFRD, as JAY did not respond to this portion of the United States' motion, stating instead that the United States failed to identify the wells at issue. "Issues raised for the first time in objection to the [PFRD] are deemed waived." *Marshall*, 75 F.3d at 1426.

JAY's objections to the PFRD with respect to the 21 wells are overruled. As addressed in the PFRD, JAY bore the burden of establishing a water right and failed to meet this burden. *Aamodt*, No. Civ. 66-6639 MV/WPL, Subfile PM-67833, Doc. 8119 at 6 (D.N.M. Feb. 24, 2014) (unpublished) (citing *Pecos Valley Artesian Conservancy Dist. v. Peters*, 193 P.2d 418, 421–22 (N.M. 1948)). The Court hereby grants the United States' Motion for Summary Judgment with respect to the wells, as laid out herein.

## WELL

**Map Label:**        10A-2-W01

**OSE File No:**       G 00721

**Priority Date:**     11/15/1936

**Purpose of Use:**    NON 72-12-1 LIVESTOCK WATERING

**Well Location:**     As shown on Hydrographic Survey Map 10A-2

**S**. 9    **T.** 07N        **R.** 18W        **1/4, 1/16, 1/64** SW    NE    SW

**X (ft):** 2,450,094    **Y (ft):** 1,400,705

New Mexico State Plane Coordinate System, West Zone, NAD 1983

**Amount of Water:**   Historical beneficial use not to exceed 0.392 ac-ft per annum

## WELL

**Map Label:**        10A-2-W02

**OSE File No:**       G 00729

**Priority Date:**     11/15/1936

**Purpose of Use:**     NON 72-12-1 LIVESTOCK WATERING

**Well Location:**     As shown on Hydrographic Survey Map 10A-2

**S.** 29   **T.** 07N        **R.** 18W        **1/4, 1/16, 1/64** SW    NW    NW

**X (ft):** 2,443,644     **Y (ft):** 1,385,995

New Mexico State Plane Coordinate System, West Zone, NAD 1983

**Amount of Water:**   Historical beneficial use not to exceed 0.392 ac-ft per annum

## WELL

**Map Label:**     10A-3-W02

**OSE File No:**     G 00720

**Priority Date:**     11/15/1936

**Purpose of Use:**     NON 72-12-1 LIVESTOCK WATERING

**Well Location:**     As shown on Hydrographic Survey Map 10A-3

**S.** 10   **T.** 06N        **R.** 18W        **1/4, 1/16, 1/64** NE    SW    NE

**X (ft):** 2,457,360     **Y (ft):** 1,371,252

New Mexico State Plane Coordinate System, West Zone, NAD 1983

**Amount of Water:**   Historical beneficial use not to exceed 0.392 ac-ft per annum

## WELL

**Map Label:**     10A-4-W01

**OSE File No:**     G 00730

**Priority Date:**     11/15/1936

**Purpose of Use:**     NON 72-12-1 LIVESTOCK WATERING

**Well Location:**     As shown on Hydrographic Survey Map 10A-4

**S.** 27   **T.** 06N        **R.** 18W        **1/4, 1/16, 1/64** SE    SW    SE

**X (ft):** 2,457,179       **Y (ft):** 1,352,004

New Mexico State Plane Coordinate System, West Zone, NAD 1983

**Amount of Water:**   Historical beneficial use not to exceed 2.131 ac-ft per annum

## WELL

**Map Label:**         10A-5-W01

**OSE File No:**       G 00736

**Priority Date:**     11/15/1936

**Purpose of Use:**    NON 72-12-1 LIVESTOCK WATERING

**Well Location:**     As shown on Hydrographic Survey Map 10A-5

**S.** 8     **T.** 05N        **R.** 18W        **1/4, 1/16, 1/64** NE    NW    NW

**X (ft):** 2,447,028       **Y (ft):** 1,340,589

New Mexico State Plane Coordinate System, West Zone, NAD 1983

**Amount of Water:**   Historical beneficial use not to exceed 2.131 ac-ft per annum

## WELL

**Map Label:**         10B-1-W05

**OSE File No:**       G 00725

**Priority Date:**     12/31/1953

**Purpose of Use:**    NON 72-12-1 LIVESTOCK WATERING

**Well Location:**     As shown on Hydrographic Survey Map 10B-1

**S.** 5     **T.** 07N        **R.** 17W        **1/4, 1/16, 1/64** SE    SW    NW

**X (ft):** 2,477,704       **Y (ft):** 1,405,153

New Mexico State Plane Coordinate System, West Zone, NAD 1983

**Amount of Water:**   Historical beneficial use not to exceed 2.131 ac-ft per annum

## WELL

| | |
|---|---|
| **Map Label:** | 10B-2-W01 |
| **OSE File No:** | G 00722 |
| **Priority Date:** | 11/15/1936 |
| **Purpose of Use:** | NON 72-12-1 LIVESTOCK WATERING |
| **Well Location:** | As shown on Hydrographic Survey Map 10B-2 |

**S**. 11   **T.** 07N        **R.** 18W        **1/4, 1/16, 1/64** NE     SW      SE

**X (ft):** 2,462,873      **Y (ft):** 1,401,994

New Mexico State Plane Coordinate System, West Zone, NAD 1983

**Amount of Water:**   Historical beneficial use not to exceed 0.392 ac-ft per annum

## WELL

| | |
|---|---|
| **Map Label:** | 10B-2-W03 |
| **OSE File No:** | G 00717 |
| **Priority Date:** | 11/15/1936 |
| **Purpose of Use:** | NON 72-12-1 LIVESTOCK WATERING |
| **Well Location:** | As shown on Hydrographic Survey Map 10B-2 |

**S**. 26   **T.** 07N        **R.** 18W        **1/4, 1/16, 1/64** SE     SE      NE

**X (ft):** 2,464,079      **Y (ft):** 1,384,340

New Mexico State Plane Coordinate System, West Zone, NAD 1983

**Amount of Water:**   Historical beneficial use not to exceed 0.392 ac-ft per annum

## WELL

| | |
|---|---|
| **Map Label:** | 10B-2-W04 |
| **OSE File No:** | G 00718 |

**Priority Date:**         11/15/1936

**Purpose of Use:**         NON 72-12-1 DOMESTIC & LIVESTOCK WATERING

**Well Location:**         As shown on Hydrographic Survey Map 10B-2

    **S.** 30   **T.** 07N         **R.** 17W      **1/4, 1/16, 1/64** NW      NE      NW

    **X (ft):** 2,471,125      **Y (ft):** 1,387,962

    New Mexico State Plane Coordinate System, West Zone, NAD 1983

**Amount of Water:**   Historical beneficial use not to exceed 28.91 ac-ft per annum

## WELL

**Map Label:**         9B-2-W06

**OSE File No:**         G 00731

**Priority Date:**         11/15/1936

**Purpose of Use:**         NON 72-12-1 LIVESTOCK WATERING

**Well Location:**         As shown on Hydrographic Survey Map 9B-2

    **S.** 31   **T.** 07N         **R.** 19W      **1/4, 1/16, 1/64** NE      SW      SW

    **X (ft):** 2,409,750      **Y (ft):** 1,381,388

    New Mexico State Plane Coordinate System, West Zone, NAD 1983

**Amount of Water:**   Historical beneficial use not to exceed 0.392 ac-ft per annum

## WELL

**Map Label:**         9B-4-W01

**OSE File No:**         G 00716

**Priority Date:**         12/31/1953

**Purpose of Use:**         NON 72-12-1 LIVESTOCK WATERING

**Well Location:**         As shown on Hydrographic Survey Map 9B-4

**S.** 30   **T.** 06N         **R.** 19W         **1/4, 1/16, 1/64** NE     SW     SW

**X (ft):** 2,409,407     **Y (ft):** 1,354,562

New Mexico State Plane Coordinate System, West Zone, NAD 1983

**Amount of Water:**   Historical beneficial use not to exceed 2.131 ac-ft per annum

## WELL

**Map Label:**          9C-2-W03

**OSE File No:**        G 00735

**Priority Date:**      11/15/1936

**Purpose of Use:**     NON 72-12-1 LIVESTOCK WATERING

**Well Location:**      As shown on Hydrographic Survey Map 9C-2

**S.** 8   **T.** 07N         **R.** 19W         **1/4, 1/16, 1/64** SW     SW     SW

**X (ft):** 2,412,200     **Y (ft):** 1,400,441

New Mexico State Plane Coordinate System, West Zone, NAD 1983

**Amount of Water:**   Historical beneficial use not to exceed 0.392 ac-ft per annum

## WELL

**Map Label:**          9C-2-W04

**OSE File No:**        G 00733

**Priority Date:**      11/15/1936

**Purpose of Use:**     NON 72-12-1 LIVESTOCK WATERING

**Well Location:**      As shown on Hydrographic Survey Map 9C-2

**S.** 12   **T.** 07N         **R.** 19W         **1/4, 1/16, 1/64** NW     SE     NE

**X (ft):** 2,434,842     **Y (ft):** 1,403,138

New Mexico State Plane Coordinate System, West Zone, NAD 1983

    **Amount of Water:**   Historical beneficial use not to exceed 0.392 ac-ft per annum

## WELL

    **Map Label:**       9C-3-W01

    **OSE File No:**     G 00734

    **Priority Date:**     12/31/1953

    **Purpose of Use:**   NON 72-12-1 LIVESTOCK WATERING

    **Well Location:**    As shown on Hydrographic Survey Map 9C-3

        **S**. 15   **T.** 07N     **R.** 19W    **1/4, 1/16, 1/64** NW   SW   NW

        **X (ft):** 2,422,765    **Y (ft):** 1,398,072

       New Mexico State Plane Coordinate System, West Zone, NAD 1983

    **Amount of Water:**   Historical beneficial use not to exceed 0.392 ac-ft per annum

## WELL

    **Map Label:**       9C-3-W02

    **OSE File No:**     G 00728

    **Priority Date:**     12/31/1953

    **Purpose of Use:**   NON 72-12-1 LIVESTOCK WATERING

    **Well Location:**    As shown on Hydrographic Survey Map 9C-3

        **S**. 24   **T.** 07N     **R.** 19W    **1/4, 1/16, 1/64** SE   NE   NE

        **X (ft):** 2,437,970    **Y (ft):** 1,391,088

       New Mexico State Plane Coordinate System, West Zone, NAD 1983

    **Amount of Water:**   Historical beneficial use not to exceed 0.392 ac-ft per annum

## WELL

    **Map Label:**       9C-3-W03

**OSE File No:**          G 00726

**Priority Date:**        12/31/1953

**Purpose of Use:**       NON 72-12-1 LIVESTOCK WATERING

**Well Location:**        As shown on Hydrographic Survey Map 9C-3

    **S**. 33   **T.** 07N          **R.** 19W          **1/4, 1/16, 1/64** SE      NE      SW

    **X (ft):** 2,421,472      **Y (ft):** 1,380,120

    New Mexico State Plane Coordinate System, West Zone, NAD 1983

**Amount of Water:**   Historical beneficial use not to exceed 0.392 ac-ft per annum

## WELL

**Map Label:**           9C-4-W01

**OSE File No:**          G 00727

**Priority Date:**        12/31/1953

**Purpose of Use:**       NON 72-12-1 LIVESTOCK WATERING

**Well Location:**        As shown on Hydrographic Survey Map 9C-4

    **S**. 1   **T.** 06N          **R.** 19W          **1/4, 1/16, 1/64** NW      SW      NW

    **X (ft):** 2,432,816      **Y (ft):** 1,376,854

    New Mexico State Plane Coordinate System, West Zone, NAD 1983

**Amount of Water:**   Historical beneficial use not to exceed 0.392 ac-ft per annum

## WELL

**Map Label:**           9C-4-W03

**OSE File No:**          G 00739

**Priority Date:**        12/31/1953

**Purpose of Use:**       NON 72-12-1 LIVESTOCK WATERING

**Well Location:**        As shown on Hydrographic Survey Map 9C-4

**S**. 13    **T.** 06N        **R.** 19W        **1/4, 1/16, 1/64** SE        NW        SW

**X (ft):** 2,435,836        **Y (ft):** 1,363,853

New Mexico State Plane Coordinate System, West Zone, NAD 1983

**Amount of Water:**    Historical beneficial use not to exceed 2.131 ac-ft per annum

## WELL

**Map Label:**        9C-4-W04

**OSE File No:**        G 00738

**Priority Date:**        11/15/1936

**Purpose of Use:**        NON 72-12-1 LIVESTOCK WATERING

**Well Location:**        As shown on Hydrographic Survey Map 9C-4

**S**. 24    **T.** 06N        **R.** 19W        **1/4, 1/16, 1/64** SW        NW        NW

**X (ft):** 2,433,241        **Y (ft):** 1,359,585

New Mexico State Plane Coordinate System, West Zone, NAD 1983

**Amount of Water:**    Historical beneficial use not to exceed 2.131 ac-ft per annum

## WELL

**Map Label:**        9C-4-W05

**OSE File No:**        G 00737

**Priority Date:**        11/15/1936

**Purpose of Use:**        NON 72-12-1 LIVESTOCK WATERING

**Well Location:**        As shown on Hydrographic Survey Map 9C-4

**S**. 24    **T.** 06N        **R.** 19W        **1/4, 1/16, 1/64** SE        NE        NW

**X (ft):** 2,437,027        **Y (ft):** 1,359,692

New Mexico State Plane Coordinate System, West Zone, NAD 1983

**Amount of Water:**   Historical beneficial use not to exceed 2.131 ac-ft per annum

## WELL

**Map Label:**        9C-5-W01

**OSE File No:**      G 00742

**Priority Date:**    12/31/1953

**Purpose of Use:**   NON 72-12-1 LIVESTOCK WATERING

**Well Location:**    As shown on Hydrographic Survey Map 9C-5

**S.** 29   **T.** 06N        **R.** 19W        **1/4, 1/16, 1/64** NE     SW     SW

**X (ft):** 2,414,929      **Y (ft):** 1,355,171

New Mexico State Plane Coordinate System, West Zone, NAD 1983

**Amount of Water:**    Historical beneficial use not to exceed 2.131 ac-ft per annum

C.        <u>EVAPORATION AND OTHER LOSSES</u>

JAY argues that the PFRD drew contradictory conclusions by suggesting that the Court grant JAY's partial motion for summary judgment, to the extent that it requested a ruling that evaporation was a part of a water right for stock watering, and the recommendation that the Court deny JAY's partial motion for summary judgment. (Doc. 3230 at 21.)

The parties did not dispute that a water right for stock watering includes some allowance for evaporation and other losses. To the extent that the PFRD recommended a finding on this point, such a finding is unnecessary. To the extent that JAY argues for additional water rights based on evaporation, this argument is denied and JAY's objections are overruled. The PFRD appropriately and thoroughly considered the issue, and evaporation is included in the water rights adjudicated above.

D.      SPRINGS

The PFRD recommended denying the United States' motion for summary judgment with respect to Canyon Springs, 9C-4-SPR02, Jaralosa Springs, 10A-4-SPR01, and ten natural depressions, and granting the motion with respect to Los Alamos Springs, 10A-4-SPR02 and 10A-4-SPR03. (Doc. 3223 at 33-35.) JAY argues that the PFRD inappropriately considered its otherwise unsupported statement that Los Alamos Springs serve "an additional excavated watering tank." (Doc. 3230 at 32 and Doc. 3093 Ex. 27 at 2.) The Court concurs with the PFRD's recommendation that this single statement is insufficient to create a genuine issue of material fact as to whether there are human-made improvements on these springs.

JAY's objection on this point is overruled.

E.      MOTION FOR ORAL ARGUMENT

Finally, JAY moved for oral argument on the objections. (Doc. 3260.) The Court sees no reason for oral argument in this case and finds that oral argument would not assist the Court in its determination. JAY's motion for oral argument is denied.

IT IS THEREFORE ORDERED that:

1) the Magistrate Judge's Proposed Findings and Recommended Disposition (Doc. 3223) are ADOPTED by the Court;

2) JAY's partial motion for summary judgment (Doc. 3059) is DENIED;

3) the United States' motion for summary judgment (Doc. 3076) is GRANTED-IN-PART and DENIED-IN-PART;

4) JAY has no water right in Atarque Lake;

5) JAY's water rights in the 21 wells are as described herein;

6) JAY has no water right in Los Alamos Springs;

7) there remain issues of material fact as to Canyon Springs, Jaralosa Springs, and the ten natural depressions;

8) JAY's motion for oral argument (Doc. 3260) is DENIED; and

9) the matter is returned to the Magistrate Judge for additional proceedings relating to the unresolved matters.

IT IS SO ORDERED.

_____
MARTHA VAZQUEZ
UNITED STATES DISTRICT JUDGE