IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

| | |
|---|---|
| UNITED STATES OF AMERICA, and STATE OF NEW MEXICO, ex rel. STATE ENGINEER, )<br>)<br>)<br>)<br>    Plaintiffs, )<br>)<br>and )<br>)<br>ZUNI INDIAN TRIBE, NAVAJO NATION, )<br>)<br>    Plaintiffs in Intervention, )<br>)<br>v. )<br>)<br>A & R PRODUCTIONS, et al., )<br>)<br>    Defendants. ) | No. 01-cv-0072 MV/WPL<br><br>ZUNI RIVER BASIN ADJUDICATION<br><br>**Subfile No.** ZRB-2-0038 |

**ORDER ADOPTING MAGISTRATE JUDGE'S PROPOSED FINDINGS AND RECOMMENDED DISPOSITION**

This matter is before the Court on cross-motions for summary judgment (Docs. 3305, 3315, 3317), the United States' and the State of New Mexico's (collectively, "Plaintiffs") motion to exclude expert opinion testimony (Doc. 3316), Subfile Defendants Craig and Regina Fredrickson's ("the Fredricksons") request for sanctions (Doc. 3320 at 12-15), the Magistrate Judge's Proposed Findings and Recommended Disposition ("PFRD") (Doc. 3337), the Fredricksons' objections thereto (Doc. 3345), and the Plaintiffs' response to the objections (Doc. 3360). The PFRD recommended granting the Plaintiffs' motion to exclude expert testimony, denying the Fredricksons' request for sanctions, denying the Fredricksons' motion for summary judgment, and granting the Plaintiffs' motion for summary judgment.

1

In their Objections, the Fredricksons do not address the PFRD's recommendation that the Court grant the Plaintiffs' motion to exclude expert testimony or deny the Fredricksons' request for sanctions. Accordingly, those recommendations are adopted and the Court adopts those portions of the PFRD as its own Order. *See* 28 U.S.C. § 636(b)(1) ("A judge of the court shall make a de novo determination of those portions of the [PFRD] to which objection is made.").

The Fredricksons specifically object to the PFRD's recommendation that the Court grant the Plaintiffs' motion for summary judgment and deny the Fredricksons' motion for summary judgment, and also to the PFRD's recommendation that the Court conclude that the Fredricksons' failed to establish a livestock water right for well 10A-5-W06 or, in the alternative, abandoned any such water right due to an extended period of nonuse without sufficient justification.

In reviewing a PFRD, the Court must make de novo determinations of those portions of the PFRD to which any party made proper objections. Fed. R. Civ. P. 72(b)(3); 28 U.S.C. § 636(b)(1)(C). Issues raised for the first time in objections to the PFRD are deemed waived. *United States v. Garfinkle*, 261 F.3d 1030, 1030-31 (10th Cir. 2001); *Marshall v. Chater*, 75 F.3d 1421, 1426 (10th Cir. 1996). Having conducted a de novo review to the objected-to portions of the PFRD, the Court finds the objections to be without merit for the following reasons.

The PFRD thoroughly covered the factual background of this case. The Court declines to reiterate that background here.

**LEGAL STANDARD**

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The moving party bears the initial burden of "'showing' . . . that there is an absence of

evidence to support the nonmoving party's case." *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986); *Adler v. Wal-Mart Stores, Inc.*, 144 F.3d 664, 670-71 (10th Cir. 1998). Once the moving party has met this burden, the nonmoving party must identify specific facts that show the existence of a genuine issue of material fact requiring trial on the merits. *Bacchus Indus., Inc. v. Arvin Indus., Inc.*, 939 F.2d 887, 891 (10th Cir. 1991). The nonmovant must identify these facts by reference to "affidavits, deposition transcripts, or specific exhibits incorporated therein." *Adler*, 144 F.3d at 671. A fact is "material" if, under the governing law, it could have an effect on the outcome of the lawsuit. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute over a material fact is "genuine" if a rational jury could find in favor of the nonmoving party on the evidence presented. *Id.* A mere "scintilla" of evidence is insufficient to successfully oppose a motion for summary judgment. *Id.* at 252. The record and all reasonable inferences therefrom must be viewed in the light most favorable to the nonmovant. *See Muñoz v. St. Mary-Corwin Hosp.*, 221 F.3d 1160, 1164 (10th Cir. 2000). When there are cross-motions for summary judgment, each motion is to be treated separately. *Christy v. Travelers Indem. Co. of Am.*, 810 F.3d 1220, 1225 n.3 (10th Cir. 2016).

The Fredricksons, as the users of water, bear the burden of establishing a water right, regardless of which party moved for summary judgment. Where the burden of persuasion at trial would be on the nonmovant, the movant can meet Rule 56's burden of production by either (1) providing affirmative evidence negating an essential element of the nonmovant's claim or (2) showing the Court that the nonmovant's evidence is insufficient to demonstrate an essential element of the nonmovant's claim. *Celotex*, 477 U.S. at 331 (citations omitted). Evidence provided by either the movant or the nonmovant need not be submitted "in a form that would be admissible at trial." *Id.* at 324. Rather, the content of the evidence presented must be capable of

3

being presented in an admissible form at trial. *Trevizo v. Adams*, 455 F.3d 1155, 1160 (10th Cir. 2006). For example, parties may submit affidavits to support or oppose a motion for summary judgment, even though the affidavits constitute hearsay, provided that the information can be presented in another, admissible form at trial, such as live testimony. *See* FED. R. CIV. P. 56(c)(4); *Johnson v. Weld Cnty., Colo.*, 594 F.3d 1202, 1209-10 (10th Cir. 2010); *Trevizo*, 455 F.3d at 1160.

Finally, when resolving objections to a magistrate judge's proposal, "the district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." FED. R. CIV. P. 72(b)(3). In addition to requiring specificity in objections, the Tenth Circuit has stated that "[i]ssues raised for the first time in objections to the magistrate judge's recommendation are deemed waived." *Marshall v. Chater*, 75 F.3d 1421, 1426 (10th Cir. 1996); *see United States v. Garfinkle*, 261 F.3d 1030, 1030-31 (10th Cir. 2001).

**DISCUSSION**

As further explained herein, the Court has conducted the requisite de novo review to those of portions of the PFRD to which the Fredricksons objected. The objections are overruled and the PFRD is adopted as an Order of the Court.

New Mexico state law provides the substantive standards for this adjudication. (Doc. 2954 at 2.) The Constitution of the State of New Mexico provides that "[t]he unappropriated water . . . within the state . . . is hereby declared to belong to the public." N.M. CONST. Art. 16 § 2. "Beneficial use shall be the basis, the measure and the limit of the right to the use of water." *Id.* at § 3. That is, a water user may acquire the right to use water through beneficial use. N.M.

STAT. ANN. § 72-1-2; *State ex rel. Erickson v. McLean*, 308 P.2d 983, 987 (N.M. 1957).[1] "Beneficial use" means the "direct use or storage and use of water by man for a beneficial purpose including, but not limited to, agricultural, municipal, commercial, industrial, domestic, livestock, fish and wildlife, and recreational uses." N.M. CODE R. 19.26.2.7(D) (2014). Adjudicated water rights decrees must declare "the priority, amount, purpose, periods and place of use." § 72-4-19.

"The burden of proof with respect to quantifying a water right in a stream system adjudication falls squarely on a defendant, or the user of the water right." *State v. Aamodt*, No. Civ. 66-6639 MV/WPL, Subfile PM-67833, Doc. 8119 at 6 (D.N.M. Feb. 24, 2014) (unpublished) (citing *Pecos Valley Artesian Conservancy Dist. v. Peters*, 193 P.2d 418, 421-22 (N.M. 1948)).

The Fredricksons present, essentially, five objections to the PFRD. First, the Fredricksons contend that a declaration of water rights, filed in 1990 and accepted by the New Mexico Office of the State Engineer, is sufficient to prove their alleged water right. Second, the Fredricksons argue, for the first time, that the report of Scott Turnbull establishes a minimum level for their purported livestock water right. Third, the Fredricksons argue that a Consent Decree in another Subfile (Doc. 2776) constitutes admissible evidence to substantiate their claim for water rights. The Fredricksons then turn to the issue of abandonment and argue that they sought advice from the United States Natural Resources Conservation Service about repairing their rangeland, and thus did not abandon any livestock water right. Finally, the Fredricksons argue, for the first time, that they used the well at issue to irrigate one quarter of one acre of land for two years, and this demonstrates that they did not abandon any livestock water right.

---

[1] Unless otherwise noted, all statutory references are to the New Mexico Statutes Annotated, current on Westlaw through the end of 2015.

As previously noted, arguments not presented, in the first instance, to the Magistrate Judge are waived. *Marshall*, 75 F.3d at 1426. While the Fredricksons did attach the 1990 declaration of water rights below (Doc. 3305 Ex. 8 at 20-21), they did not argue that the declaration supported their current claim for water rights. In fact, the Fredricksons' sole argument below was that Mr. Fredrickson's purported expert report justified their claim of water rights.

While the Fredricksons are correct that a declaration pursuant to § 72-12-5 does constitute "prima facie evidence of the truth of [its] contents," "the common-law rule of [administrative estoppel] is not consistent with the New Mexico legislature's intent in enacting the water adjudication statutes," (Doc. 330 at 2-3). Indeed, the "legislature intended that a stream-system adjudication be all embracing" (*id.*) when it stated that "[t]he court in any suit involving the adjudication of water rights may be properly brought shall have *exclusive* jurisdiction to hear and determine *all* questions necessary for the adjudication of all water rights within the stream system involved" (*id.* (quoting § 72-4-17) (emphasis in original)).

The simple fact that the State Engineer accepted the declaration for this well and allowed it to stand as prima facie evidence of the truth of its contents does not constitute a full and final adjudication, and does not remove the ultimate adjudication of water rights in well 10A-5-W06 from this Court's jurisdiction.

Further, "[t]he burden of proof with respect to quantifying a water right in a stream system adjudication falls squarely on a defendant, or the user of the water right." *Aamodt*, No. Civ. 66-6639 MV/WPL, Subfile PM-67833, Doc. 8119 at 6 (D.N.M. Feb. 24, 2014) (unpublished) (citing *Pecos Valley Artesian Conservancy Dist.*, 193 P.3d at 421-22)). The declaration at issue in this case does not contain a statement of the quantity of water, which is an

essential element for a water rights decree pursuant to § 72-4-19 ("Upon the adjudication of the rights of the use of the waters of a stream system, a decree shall be prepared and filed . . . [and] shall in every case declare, as to the water right adjudged to each party, the priority, amount, purpose, periods and place of use . . . ."). Even if the declaration were binding in this Court, it is insufficient to establish the Fredricksons' claimed water right. This objection is overruled.

The Fredricksons did not argue to the Magistrate Judge that the Plaintiffs' expert, Scott Turnbull, established a minimum level for their purported livestock water right. This objection is overruled. Even if this argument remained viable, it would fail: the Fredricksons bear the burden of establishing the quantity of their water right, and proposing a water right somewhere between 1.1 and 28.3 AFY fails to carry this burden.

The Fredricksons' third argument, that a Consent Decree in another Subfile (Doc. 2776) somehow bears on their purported livestock water right is both waived and unavailing. The Fredricksons present no discernible argument on this point. Instead, the Fredricksons suggest that failing to recognize their purported livestock water right in well 10A-5-W06 would constitute treating Subfile claimants differently. This objection is baseless and overruled.

The Fredricksons then turn their objections to the alternative conclusion in the PFRD, that any livestock water right that once existed in well 10A-5-W06 has been abandoned. The Fredricksons assert their consultation with the United States Natural Resources Conservation Service on the issue of rehabilitating forage range land constitutes use of the water right and an affirmative intent not to abandon. This is incorrect. Mere consultation without action—much like statements of intent—is insufficient to sustain a water right after a long period of nonuse. In this case, the Fredricksons' simple consultation does not negate the protracted nonuse since 2000. This objection is overruled.

Finally, the Fredricksons argue, for the first time, that they used the well at issue to irrigate one quarter of one acre of land for two years, and this demonstrates that they did not abandon any livestock water right. This argument, like many of the objections above, is waived because the Fredricksons did not raise this argument to the Magistrate Judge. Additionally, a livestock water right does not equate, or immediately transfer, to an irrigation water right. Further, watering one quarter of one acre of land for two years is insufficient to show an intention not to abandon any previously existing livestock water right, nor is it sufficient to sustain a water right on its own. This objection is overruled.

The Court thus adopts the PFRD as its own order and concludes that no livestock water right ever existed in well 10A-5-W06. Further, if any such livestock water right existed, that water right was abandoned through extended nonuse. The Plaintiffs' motion for summary judgment is granted and the Fredricksons' cross motion for summary judgment is denied.

The Court adjudicates the following water right in well 10A-5-W06:

**WELL**

    **Map Label:**    10A-5-W06

    **OSE File No:**    G 02469

    **Priority Date:**    12/31/1955

    **Purpose of Use:**    NON 72-12-1 DOMESTIC

    **Well Location:**    As shown on Hydrographic Survey Map 10A-5

    **S.** 19    **T.** 05N    **R.** 18W    **1/4, 1/16, 1/64** NW   NE   NE

    **X (ft):** 2,439,962    **Y (ft):** 1,329,981

    New Mexico State Plane Coordinate System, West Zone, NAD 1983

    **Amount of Water:**    Historical beneficial use not to exceed 0.7 ac-ft per annum

IT IS SO ORDERED.

_____
UNITED STATES DISTRICT JUDGE