# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA, and
STATE OF NEW MEXICO, ex rel. STATE
ENGINEER,

        Plaintiffs,

and                                                                           No. 01-cv-0072 MV/JHR

ZUNI INDIAN TRIBE, NAVAJO NATION,          ZUNI RIVER BASIN
                                                                         ADJUDICATION
Plaintiffs in Intervention,

v.                                                                          **Subfile Nos.** ZRB-5-0056
                                                                                         ZRB-5-0057
A & R PRODUCTIONS, et al.,

        Defendants.

## **PROPOSED FINDINGS AND RECOMMENDED DISPOSITION**

THIS MATTER is before the Court on Plaintiffs United States' and the State of New Mexico's (collectively "Plaintiffs") joint motions under Federal Rule of Civil Procedure 12(c) for judgment on the pleadings in these subfiles. (Doc. 3399; Doc. 3400.). Neither Subfile Defendant Ramah Water and Sanitation District ("RWSD") nor Subfile Defendant Ramah Domestic Utilities Association (RDUA) filed a response. Plaintiffs request that this Court enter judgment on the pleadings in favor of Plaintiffs and against the Subfile Defendants consistent with the water rights set forth in pages 2-3 in Doc. 3399 and pages 2-4 in Doc. 3400. (*Id.*) The undersigned has thoroughly reviewed the parties' briefing, the record, and the relevant law, and recommends that the Court grant both of Plaintiffs' motions for judgment on the pleadings for these respective subfiles, ZRB-5-0056 and ZRB-5-0057.

1

## BACKGROUND AND PROCEDURAL HISTORY

The record in the Basin adjudication is extensive; therefore the undersigned will not address the factual or procedural history of this case beyond what is necessary for the determination of these motions. The parties seek adjudication of the water rights associated with one well on RWSD's property (ZRB-5-0056) as well as a pond and two wells which the parties contend was previously owned by RDUA but is currently owned by RWSD (ZRB-5-0057).

On June 16, 2017, Plaintiffs filed two Notices that the Consultation Period Has Ended, which notified RWSD and RDUA that they must each respectively file a subfile answer within twenty days (Doc. 3378; Doc. 3379). RWSD and RDUA then both timely filed their respective subfile answers on July 6, 2017 (Doc. 3383; Doc. 3384). For Subfile ZRB-5-0056, Defendant RWSD objected to the description of the water rights contained in the proposed Consent Order offered by Plaintiffs, because it contends "the offers do not accurately reflect either historical beneficial use or future needs," and the offer "should have been made to the Ramah Water and Sanitation District which owns the water rights attributed to the Ramah Domestic Utility Association." (Doc. 3383 at 1). For Subfile ZRB-5-0057, Defendant RDUA contended that because its corporation had been administratively revoked, "[a]ny water rights attributed to the Ramah Domestic Utility Association in Subfile No. ZRB-5-0057, should instead be attributed to the Ramah Water and Sanitation District in Subfile No. ZRB-5-0056." (Doc. 3384 at 1). On July 12, 2017, Plaintiff United States of America filed a Notice of Errata Regarding Subfile Nos. ZRB-5-0056 and ZRB-5-0057 (Doc. 3385), in which Plaintiff notified the Court that it had "inadvertently associated the wrong subfile numbers to the notices that the consultation period ended." (*Id.* at 1). Plaintiff contended, however, that the error did not affect the timeliness of Defendants' subfile answers. (*Id.* at 2).

Plaintiffs then filed two separate Joint Motions for Judgment on the Pleadings, and Memorandum of Points and Authorities in Support Thereof, as to Subfiles ZRB-5-0056 and ZRB-5-0057 on September 18, 2017. (Doc. 3399 and Doc. 3400). At their essence, for both Motions concerning Subfiles ZRB-5-0056 and ZRB-5-0057, Plaintiffs contend that Subfile Defendants RWSD and RDUA "make[] no water right claim of any kind and present[] no legal or factual basis for this Court to issue judgment in [their] favor." (Doc. 3399 at 5-6); *see* (Doc. 3400 at 6, 8) ("[T]he Subfile Answer presents no legal or factual basis for this Court to issue judgment in its favor," and "with no legal or factual basis for a water rights asserted, the only basis on which judgment may enter is that which the Plaintiffs are willing, for whatever reason, to stipulate."). Neither Defendant filed a response to the Motion, and Plaintiffs filed a Notice of Completion of Briefing for each respective subfile on October 3, 2017. (Doc. 3407; Doc. 3408).

Defendants' failure to respond in opposition to Plaintiffs' Motion for Judgment on the Pleadings constitutes consent to grant the motion. *See* D.N.M. LR-CIV 7.1(b) ("The failure of a party to file and serve a response in opposition to a motion within the time prescribed for doing so constitutes consent to grant the motion."). However, the undersigned will not recommend granting the Motion on the Pleadings based on the procedural default under Rule 7.1(b) alone. *See Estate of Anderson v. Denny's Inc.,* 291 F.R.D. 622, 633 (D.N.M. 2013) (Browning, J.) ("[A]lthough the local rules provide that a party's failure to respond to a motion for summary judgment is deemed consent to the Court granting the motion, the Court will nonetheless rule on motions for summary judgment on the merits, and generally does not grant dispositive motions on procedural defaults alone.") (citing D.N.M.LR–Civ 7.1(b) and *Sawyer v. USAA Ins. Co.*, No. CIV 11–0523 JB/CG, 2012 WL 6005766, at *23 (D.N.M. Nov. 9, 2012) (Browning, J.)).

## LEGAL STANDARD

Federal Rule of Civil Procedure 12(c) provides that "[a]fter the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." Rule 12(c) is designed "to provide a means of disposing of cases when the material facts are not in dispute between the parties." *Peña v. Greffet*, 110 F.Supp.3d 1103, 1112 (D.N.M. 2015) (citing *Kruzits v. Okuma Mach. Tool, Inc.*, 40 F.3d 52, 54 (3d Cir. 1994)). "Judgment on the pleadings is appropriate only when "the moving party has clearly established that no material issue of fact remains to be resolved and the party is entitled to judgment as a matter of law." *Sanders v. Mountain Am. Fed. Credit Union*, 689 F.3d 1138, 1141 (10th Cir. 2012) (quoting *Park Univ. Enters., Inc. v. Am. Cas. Co. of Reading, PA*, 442 F.3d 1239, 1244 (10th Cir. 2006), *abrogated on other grounds by Magnus, Inc. v. Diamond State Ins. Co.,* 545 Fed.Appx. 750, 753 (10th Cir.2013)). Rule 12(c) motions are generally treated like motions to dismiss under Rule 12(b)(6), except that claims dismissed under Rule 12(c) are dismissed with prejudice. *Peña*, 110 F. Supp. 3d at 1113. Accordingly, a court reviewing a motion for judgment on the pleadings must "accept all facts pleaded by the non-moving party as true and grant all reasonable inferences from the pleadings in favor of the same." *Colony Ins. Co. v. Burke*, 698 F.3d 1222, 1228 (10th Cir. 2012) (quoting *Park Univ. Enters.*, 442 F.3d at 1244).

## ANALYSIS

New Mexico law governs the acquisition of water rights of all parties hereto. *See United States v. Ballard*, 184 F. Supp. 1, 12 (D.N.M. 1960) ("The provisions of the New Mexico Constitution, statutory law of New Mexico and the case law of the Federal, Territorial and the State Courts of New Mexico above cited, govern the acquisition of Water Rights of all the parties, including the Government of the United States, the State Game Commission of the State

of New Mexico, and the individual defendants joined herein."). Under the New Mexico Constitution, "[t]he unappropriated water of every natural stream, perennial or torrential, within the state of New Mexico, is hereby declared to belong to the public and to be subject to appropriation for beneficial use, in accordance with the laws of the state," and "[p]riority of appropriation shall give the better right." N.M. Const. art. XVI, § 2. "Beneficial use shall be the basis, the measure and the limit of the right to the use of water." *Id.* at § 3. In other words, a water user may acquire the right to use water through beneficial use. NMSA 1978, § 72-1-2 (2018); *State ex rel. Erickson v. McLean*, 1957-NMSC-012, ¶ 20, 62 N.M. 264, 308 P.2d 983. "Beneficial use" means the "direct use or storage and use of water by man for a beneficial purpose including, but not limited to, agricultural, municipal, commercial, industrial, domestic, livestock, fish and wildlife, and recreational uses." 19.26.2.7(D), NMAC (2018). Adjudicated water rights decrees must declare "the priority, amount, purpose, periods and place of use." NMSA 1978, § 72-4-19 (2018).

In a water appropriations case, the party contesting appropriation "must [] prove the quantity of water legally appropriated by its water users; and the quantity within their appropriations now necessary for their reasonable use." *Pecos Valley Artesian Conservancy Dist. v. Peters*, 1948-NMSC-022, ¶ 17, 52 N.M. 148, 193 P.2d 418. While the burden is on the appropriator seeking to take water to show there is a surplus, this "does not relieve the riparians and appropriators, who are already in the field, from the burden of proving the quantity of water that they have been using, and that such amount is necessary for their reasonable beneficial purposes." *Id.*, ¶ 11, 193 P.2d 418. Therefore the burden is on RWSD and RDUA to justify a water right above those offered by the Plaintiffs in their respective settlement offers.

However, neither RWSD nor RDUA filed a response to the Plaintiffs' motions for judgment on the pleadings. Their only pleadings in this case are their respective subfile answers. In its respective answer, RWSD objected "to the description of the water rights contained in the proposed Consent Order offered by the United States and the State of New Mexico concerning Subfile Number ZRB-4-0056…because the offer made to the Ramah Domestic Utility Association in Subfile Number ZRB-5-0057 should have been made to the Ramah Water and Sanitation District which owns the water rights attributed to the Ramah Domestic Utility Association." (Doc. 3383 at 1). It also contended that it is a political subdivision of the State of New Mexico under the Water and Sanitation District Act, NMSA 1978, §§ 73-21-1 to 73-21-55, and therefore has all the powers of a public or quasi-municipal corporation thereunder. (*Id.* at 1-2). In its respective answer, RDUA merely contended that it made no claim for the water rights described in its subfile, and any water rights attributed to RDUA should be attributed to RWSD. (Doc. 3384 at 1).

Neither RWSD nor RDUA contends that it has historically used more water than what is offered in the proposed Consent Order, nor have they made any factual allegations regarding their respective water rights or beneficial use thereof in either respective subfile. New Mexico law is clear: beneficial use defines the extent of a water right. NMSA 1978, § 72-1-2. Therefore, RWSD and RDUA have failed to meet their burdens of establishing historical beneficial use greater than that offered by the Plaintiffs.

The undersigned finds that both RWSD and RDUA fail to make any factual allegations suggesting that they are entitled to water rights above and beyond those stipulated to by the Plaintiffs. Therefore, Plaintiffs are entitled to judgment as a matter of law. For the foregoing reasons, the undersigned recommends that the Court grant the Plaintiffs' Joint Motion for

Judgment on the Pleadings (Doc. 3399), and Plaintiffs' Joint Motion for Judgment on the Pleadings (Doc. 3400), and enter final judgment in this case for these subfiles adopting the water rights as described in Doc. 3399 at pages 2-3 and Doc. 3400 at pages 2-3.

_____
JERRY H. RITTER
UNITED STATES MAGISTRATE JUDGE

**THE PARTIES ARE FURTHER NOTIFIED THAT WITHIN 14 DAYS OF SERVICE** of a copy of these Proposed Findings and Recommended Disposition they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636(b)(1). **A party must file any objections with the Clerk of the District Court within the fourteen-day period if that party wants to have appellate review of the proposed findings and recommended disposition. If no objections are filed, no appellate review will be allowed.**