IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA, and
STATE OF NEW MEXICO, ex rel. STATE
ENGINEER,

      Plaintiffs,

and                                                                                        No. 01-cv-0072 MV/JHR

ZUNI INDIAN TRIBE, NAVAJO NATION,       ZUNI RIVER BASIN
                                                                            ADJUDICATION

      Plaintiffs in Intervention,

v.                                                                                           Subfile Nos. ZRB-5-0056
                                                                                                        ZRB-5-0057

A & R PRODUCTIONS, et al.,

      Defendants.

**<u>MEMORANDUM OPINION AND ORDER OVERRULING PLAINTIFF'S
OBJECTIONS AND ADOPTING MAGISTRATE JUDGE'S PROPOSED FINDINGS
AND RECOMMENDED DISPOSITION</u>**

**THIS MATTER** comes before the Court on Magistrate Judge Jerry H. Ritter's Proposed Findings and Recommended Disposition ("PFRD"), filed June 1, 2018 [Doc. 3436], Subfile Defendants' Objections to Proposed Findings and Recommended Disposition [Doc. 3437], filed June 15, 2018, and Plaintiffs' Joint Response to Objections to the Proposed Findings and Recommended Disposition, filed June 29, 2018 [Doc. 3438]. The Court, having conducted a *de novo* review of Defendants' objections, hereby overrules them and adopts the PFRD for the reasons set forth below.

### I.    STANDARD OF REVIEW

"Review of the magistrate judge's ruling is required by the district court when a party timely files written objections to that ruling." *Hutchinson v. Pfeil*, 105 F.3d 562, 566 (10th Cir. 1997). Specifically, "[d]e novo review is required when a party files timely written objections to

the magistrate judge's recommendation." *In re Griego*, 64 F.3d 580, 583–84 (10th Cir. 1995) (citation omitted). "De novo review requires the district court to consider relevant evidence of record and not merely review the magistrate judge's recommendation." *Id*. "However, neither 28 U.S.C. § 636(b)(1) nor Fed. R. Civ. P. 72(b) requires the district court to make any specific findings; the district court must merely conduct a de novo review of the record." *Garcia v. City of Albuquerque*, 232 F.3d 760, 766 (10th Cir. 2000).

## II. BACKGROUND

The two subfiles in question are a part of the larger Zuni River Basin Adjudication, whose factual and procedural history is extensive and unnecessary to delve into for the purposes of determining the motions at hand. The Magistrate Judge provided a thorough history relevant to these two subfiles in the PFRD, which will be summarized here.

On June 16, 2017, Plaintiffs filed two Notices that the Consultation Period Has Ended, which notified Subfile Defendants RWSD and RDUA that they were to file a subfile answer within twenty days [Doc. 3378; Doc. 3379]. RWSD and RDUA then both timely filed their respective subfile answers on July 6, 2017 [Doc. 3383; Doc. 3384].

Plaintiffs filed two separate Joint Motions for Judgment on the Pleadings, and Memorandum of Points and Authorities in Support Thereof, as to Subfiles ZRB-5-0056 and ZRB-5-0057, on September 18, 2017. [Doc. 3399 and Doc. 3400]. At their essence, for both Motions concerning Subfiles ZRB-5-0056 and ZRB-5-0057, Plaintiffs contend that Subfile Defendants RWSD and RDUA "make[] no water right claim of any kind and present[] no legal or factual basis for this Court to issue judgment in [their] favor." [Doc. 3399 at 5-6]; *see* [Doc. 3400 at 6, 8]. Neither Defendant filed a response to the Motion, and Plaintiffs filed Notices of

Completion of Briefing for each respective subfile on October 3, 2017. [Doc. 3407; Doc. 3408]. On June 1, 2018, Magistrate Judge Jerry H. Ritter issued his Proposed Findings and Recommended Disposition, concluding that, under New Mexico law, the burden was "on RWSD and RDUA to justify a water right above those offered by the Plaintiffs in their respective settlement offers," but "both RWSD and RDUA fail[ed] to make any allegations suggesting that they are entitled to water rights above and beyond those stipulated to by the Plaintiffs." [Doc. 3436 at 5, 6]. He therefore recommended that the Court grant Plaintiffs' Joint Motions for Judgment on the Pleadings related to Subfiles ZRB-5-0056 and ZRB-5-0057. *Id.* at 6.

Subfile Defendants objected to the PFRD by asserting that Plaintiffs' standard calculation for domestic households, which the Subfile Defendants consist of, is more than twice what was offered by Plaintiffs for these subfiles. [Doc. 3437 at 1]. They further assert that they "will prove their historical beneficial use of water at trial." *Id.* at 2. Plaintiffs jointly responded to the objections by further explaining that during the consultation period before the subfiles were filed, "although Defendants expressed general dissatisfaction with Plaintiffs' settlement offers, Defendants made no water right claim of their own." [Doc. 3438 at 4]. Plaintiffs argue that Defendants do not object to the Magistrate Judge's findings or conclusions, but rather reiterate their contention in their subfile answers that Plaintiffs' settlement offer was insufficient, and therefore raise no basis on which the Court can reverse the Magistrate Judge's PFRD. *Id.* at 9 (citing *One Parcel of Real Prop., With Bldgs., Appurtenances, Improvements, and Contents*, 73 F.3d 1057, 1060 (10th Cir. 1996)).

## III. ANALYSIS

Because Subfile Defendants filed objections to the PFRD, the Court has reviewed both the PFRD and relevant evidence of record *de novo*. In their Objections, Subfile Defendants cite no authority suggesting that they are entitled to a trial without first meeting their burden of establishing that their historical use is greater than what Plaintiffs offered in their proposed Consent Order. [Doc. 3436 at 5]. Moreover, the objection that Plaintiffs' offer is less than what Defendants contend is their standard calculation is not the standard for determining water rights under New Mexico law that is well articulated in the PFRD. *See id.*; NMSA 1978, § 72-1-2. Instead, Defendants simply restated their dissatisfaction with the amount of water offered by Plaintiffs without offering any evidence of their historical use to support their position that they are entitled to more than what was offered. The Court therefore overrules Defendants' objections to the PFRD.

As the Magistrate Judge noted, while Defendants' failure to respond to Plaintiffs' Motion for Judgment on the Pleadings constitutes consent to grant the motion under D.N.M. LR-CIV 7.1(b), the Court generally does not grant dispositive motions on procedural defaults alone, and will rule on the motions on their merits. *See Estate of Anderson v. Denny's Inc.,* 291 F.R.D. 622, 633 (D.N.M. 2013) (Browning, J.).

However, the Court agrees with the Magistrate Judge that Subfile Defendants' failure to file a response taken along with their failure to establish historical beneficial use in their subfile answers is sufficient to conclude that Subfile Defendants have not met their burden of proving that they are entitled to water rights above and beyond those stipulated to by Plaintiffs. *Pecos*

*Valley Artesian Conservancy Dist. v. Peters*, 1948-NMSC-022, ¶ 11, ¶ 17, 52 N.M. 148, 193 P.2d 418.

In sum, based on a *de novo* review of the record as well as the PFRD, the Court concludes that Subfile Defendants' failure to establish historical beneficial use greater than Plaintiffs' offer entitle Plaintiffs to judgment as a matter of law.

**WHEREFORE, IT IS ORDERED THAT:**

1. Subfile Defendants' Objections to the Proposed Findings and Recommended Disposition [Doc. 3437] are overruled;

2. The Magistrate Judge's Proposed Findings and Recommended Disposition (Doc. 3436] is ADOPTED;

3. Defendants' Joint Motions for Judgment on the Pleadings and Memorandum of Points and Authorities in Support Thereof in Subfile Nos. ZRB-5-0056 and ZRB-5-0057 [Doc. 3399; Doc. 3400] are GRANTED; and

4. Final Judgment is entered in favor of Plaintiffs and against Defendants as to Subfiles ZRB-5-0056 and ZRB-5-0057 adopting the water rights as described in Doc. 3399 at pages 2-3 and Doc. 3400 at pages 2-3.

_____
MARTHA VAZQUEZ
UNITED STATES DISTRICT JUDGE