IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA and
STATE OF NEW MEXICO, *ex rel.*
STATE ENGINEER,

      Plaintiffs,

and                                               CV 01-0072 MV/JHR

ZUNI INDIAN TRIBE, NAVAJO NATION,        ZUNI RIVER BASIN
                                                                 ADJUDICATION

      Plaintiffs in Intervention,

v.                                                        **Subfile No. ZRB-1-0148**

A & R PRODUCTIONS, *et al.*,

      Defendants.

# PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

This matter comes before the Court on Defendant Norma M. Meech's Objections to Inclusion of New Material in Reply Brief, or, in the Alternative, Motion to File Surreply [Doc. 3507], filed May 19, 2021. Plaintiffs filed a Response and Ms. Meech filed a Reply, completing the briefing as of June 16, 2021. [Docs. 3510, 3512]. Pursuant to 28 U.S.C. § 636(b) and Fed. R. Civ. P. 72(b) presiding District Judge Martha Vázquez has referred this case to the undersigned Magistrate Judge to perform "any legal analysis required to recommend an ultimate disposition of the case." [Doc. 3513]. Having done so with respect to Ms. Meech's Objections, the Court **recommends** that they be sustained, and that she be permitted to file a **surreply** to Plaintiffs' Reply in Support of their Motion for Summary Judgment on this subfile [Doc. 3491], as further described herein.

1

I.  **BACKGROUND**

Ms. Meech filed a Corrected Motion to Certify Questions to the New Mexico Supreme Court on February 25, 2021. [Doc. 3488]. In this filing Ms. Meech states that Plaintiffs had "indicated that they will oppose the application of principles announced by the New Mexico Supreme Court in *State ex rel. Reynolds v. Mendenhall*, 1961-NMSC-083, 68 N.M. 467 to this subfile because future water uses are not subject to adjudication and that too many years have elapsed since the initiation of the water rights under this subfile [and] … have signaled their intention of filing a Motion for Summary Judgment on these issues." [*Id.*, pp. 1-2]. Ms. Meech asks this Court to certify questions of law pertaining to the adjudication of her water rights as applied through her family's mining operations, citing in support the affidavit of Walter L. Meech, the current President and owner of C&E Concrete, Inc., a Meech family business. [*Id.*, p. 2]. The affidavit describes the Meeches' limestone mining operation at the Tinaja pit mine southwest of Grants, New Mexico. [*Id.*, p. 3]. The mining operations require water for dust suppression to preserve air quality at mining locations, haul roads, transfer locations and other areas. [*Id.*, p. 3]. In anticipation of the mining and sand production activities at Tinaja, two wells were drilled on the property in October of 1988 and October 1990. [*Id.*, op. 4]. While one well has since dried up, the other continues to be used for its declared purposes on a nearly continuous basis. [*Id.*, p. 4]. The Meech family and C&E Concrete intend to continue to place water to beneficial use from the currently active well and from the other after it is rehabilitated as they carry on mining and processing activities at Tinaja pit. [*Id.*, p. 5]. Based on these facts Ms. Meech asks this Court to certify application of *Mendenhall* to this case to the New Mexico Supreme Court anticipating that Plaintiffs would argue to "exclude any consideration or adjudication of future water needs by Meech and C&E Concrete[.]" [*See id.*, pp. 8-12]. Plaintiffs filed response briefs in opposition to

Ms. Meech's Motion to Certify, and Ms. Meech filed a Reply, completing the briefing on that issue. [*See* Docs. 3489, 3490, 3497]. In her Reply, Ms. Meech clarified her request: that this Court permit "the New Mexico Supreme Court the opportunity to analyze and render its opinion on whether the *Mendenhall* Doctrine, born in the context of agriculture, should be extended to the mining industry where water rights will not likely be placed to beneficial use for years, perhaps decades, in the future." [Doc. 3497, pp. 2-3].

As Ms. Meech anticipated, Plaintiffs filed a Motion for Summary Judgment and Memorandum of Law in Support Thereof on March 15, 2021. [Doc. 3491]. Plaintiffs' Motion seeks adjudication of "those water rights in the Zuni River Basin ('Basin') associated with the real property owned by" Ms. Meech. [*Id.*, p. 1]. "Simply put", say Plaintiffs, "the parties disagree about the effect of the *Mendenhall* doctrine on the determination of Meech's water rights[.]" [*Id.*, pp. 2-3].

Plaintiffs' introductory paragraph to their Motion for Summary Judgment states that no dispute of material fact exists concerning the priority, amount, purpose, place of use, and point of diversion associated with the water rights held by Ms. Meech. [Doc. 3491, pp. 1-2]. In support, Plaintiffs cite the declaration of their expert, Thomas W. Ley, the Joint Status Report for this Subfile [Doc. 3453], and excerpts from the depositions of Walter L. Meech and Edward O. Morlan. [*See* Doc. 3491, pp. 3-6]. Relying on these facts, Plaintiffs' Motion assume that Ms. Meech seeks "a water right for the wells not only for water actually diverted and placed to beneficial use, but also for water Meech might pump and divert in the future. In other words, Meech claims that *Mendenhall* entitles her to a continuously expanding water right unmoored from the beneficial-use requirement." [*Id.*, p. 10]. Plaintiffs argue that they "have construed Meech's water rights in the context of both the New Mexico constitutional requirement of beneficial use and *Mendenhall's*

relation-back principle[,]" and that Meech is not entitled to continued expansion of her beneficial use based on the future expansion of the Tinaja pit mine. [*Id.*, pp. 12-13]. Plaintiffs ask the Court to declare Meech's water rights in accordance with their calculations.[1]

Ms. Meech's Response argues that Plaintiffs set up a strawman. [Doc. 3496, p. 8]. According to her briefing, Ms. Meech is not claiming an unlimited right to future use, but additional appropriation via "an ordered process" which permits the Court to "provide for the continued development of the water right into the future." [*Id.*, pp. 8-15]. Additionally, Ms. Meech argues that there are issues of fact regarding past beneficial use of water from well SB-1-W10 (G-336), citing in support a second affidavit authored by Walter L. Meech as Ms. Meech's son and President of C&E Concrete. [*See* Doc. 3496, pp. 3-8].

In their Reply brief Plaintiffs argue application of *Mendenhall*'s reasonable-time requirement to preclude Ms. Meech's claim to an expanding water right. [*See* Doc. 3504, pp. 2-10]. Their argument addresses Meech's contention that the mining operations will continue for 100 years and argues that, under *Mendenhall*, Meech has had a reasonable amount of time to develop her beneficial use of less than twenty years. [*Id.*, pp. 3-7]. Plaintiffs contend that it is for the state legislature to add a mining exception to *Mendenhall*'s application; they also believe that Ms. Meech has failed to adduce facts sufficient to show a genuine material issue precluding summary judgment. [Doc. 3504, pp. 7-15]. Plaintiffs submit that Meech's assertions about beneficial use from well 8B-1-W10 are implausible, relying on a Second Declaration of Thomas W. Ley and from evidence from Ms. Meech's expert witness, Alan Kuhn. [*See* Doc. 3504, pp. 2, 11-15].

---

[1] Plaintiffs' argument concerning evaporative losses, and Meech's response, are not relevant here. Therefore, they are not discussed.

## II.     MS. MEECH'S PRESENT OBJECTIONS

Ms. Meech says that Plaintiffs' Reply contains "extensive material from [their] expert witness" and raised "a new argument that a reasonable time to develop a water right for mining and related activities has expired, as a matter of law." [Doc. 3507, p. 1]. Ms. Meech asks to be permitted an opportunity to file a surreply. The factual issues are clear enough. Plaintiffs agree that "Meech should be given a limited opportunity" to respond to the new material they submitted in their Reply. [Doc. 3510, p. 2].[2] The legal issue is murkier.

Plaintiffs argue that their Reply brief raised no new arguments about *Mendenhall* and ask the Court to prohibit an opportunity to further brief *Mendenhall* issues. [Doc. 3510, pp. 5-8]. Plaintiffs say that they have consistently accounted for *Mendenhall*'s application to Ms. Meech's beneficial use and "from the outset, have anchored their argument to the test set forth in *Mendenhall* and its progeny." [*Id.*, p 6 (citing Doc. 3491, pp. 10-13)]. Plaintiffs argue that the main purpose of their Reply was to point out the defects in Ms. Meech's Response, rendering a surreply inappropriate. [*Id.*, p. 7 ("Plaintiffs' focus in their Reply Brief on *Mendenhall*'s reasonable time element thus was simply a function of the fact that Meech completely ignored that element of the test in her Response Brief.")].

Ms. Meech filed a reply brief on her Objections. [Doc. 3512]. She argues that Plaintiffs have no right to constrain her further briefing either as to the factual issues raised in the Reply or the *Mendenhall* analysis. [*Id.*, pp. 2-9]. She says that Plaintiffs' Reply put at issue a fourth element – "requiring water to be put to beneficial use within a reasonable time period and the reasonable time period does not extend beyond twenty years as a matter of law." [*Id.*, p. 5]. Alternatively, Ms. Meech argues that Plaintiffs have failed to establish a lack of genuine issues of material fact as to

---

[2] That said, Plaintiffs state that Ms. Meech should only be so permitted if the Court *will* consider the material in reaching a decision on Plaintiffs' Motion for Summary Judgment. [*See* Doc. 3510, p. 9]. More on that later.

the reasonable time element, and that she has "persistent[ly] assert[ed] that she is able to continue development of the water rights up to the declared amounts of the well." [*Id.*, p 6-7].

### III. LEGAL STANDARDS

"Generally, the nonmoving party should be given an opportunity to respond to new material raised for the first time in the movant's reply." *Green v. New Mexico,* 420 F.3d 1189, 1196 (10th Cir. 2005) (citing *Beaird v. Seagate Tech., Inc.*, 145 F.3d 1159, 1164 (10th Cir. 1998)). "Material" for these purposes includes new evidence and new legal arguments. *Id.* (citing *Doebele v. Sprint/United Mgmt. Co.*, 342 F.3d 1117, 1139 n. 13 (10th Cir.2003)). A district court's decision to permit or deny a surreply is reviewed for abuse of discretion. *Id.* However, caution must be exercised, for a court abuses its discretion if it relies on the material in reaching its decision after denying leave to file a surreply. *Id.*; *see also Beaird v. Seagate Tech., Inc.*, 145 F.3d 1159, 1164 (10th Cir. 1998) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986)).

### IV. ISSUES RAISED

1. Did Plaintiffs attach new evidence or assert new legal arguments in their Reply sufficient to merit further briefing by Ms. Meech?

2. If Ms. Meech should be granted leave to file a surreply, should the surreply be limited as requested by Plaintiffs?

   a. Should Ms. Meech be precluded from presenting evidence on the basis that the Court will not rely on the evidence in reaching a decision on Plaintiffs' Motion for Summary Judgment?

   b. Should Ms. Meech be precluded from presenting any evidence not previously disclosed to Plaintiffs?

     c. Should Ms. Meech be permitted to respond to Plaintiffs' *Mendenhall* arguments in the Reply, or was Plaintiffs' argument constrained to addressing deficiencies in Ms. Meech's Response?

## V. ANALYSIS

### A. A Surreply should be permitted to address the new factual material submitted in the Reply.

A surreply should be permitted if new facts or arguments are raised in the Reply. Plaintiffs agree that "to the extent [they] submitted new material specifically to rebut Meech's opposition to the summary judgment motion, Meech should be given a limited opportunity to respond to that material." [Doc. 3510, p. 2]. At a minimum, therefore, Ms. Meech should be granted leave to file a surreply to address the new affidavit authored by Plaintiffs' expert, Thomas Ley.

### B. Ms. Meech should not be restricted to only supplementing the record with material previously disclosed or that the Court will rely on.

Citing Rule 56(c)(1)(A), Plaintiffs say that Ms. Meech should only be permitted to include material that has been previously disclosed or discovered with her proposed surreply. [Doc. 3510, p. 4]. However, that is not what the rule says. Rule 56(c)(1)(A) explicitly states that evidence submitted at summary judgment need not have been previously disclosed, permitting citation to affidavits, declarations and "other materials." *See* Fed. R. Civ. P. 56(c)(1)(A). Therefore, the Court rejects Plaintiffs' proposed caveat that Ms. Meech's surreply evidence be previously disclosed, except to the extent that the rules also permit Plaintiffs to move for reasonable expenses, including attorney fees, in the event that Ms. Meech's proffered evidence results in unsubstantiated delay. *See* Fed. R. Civ. P. 56(h).[3]

---

[3] For what it's worth, Ms. Meech does not anticipate that a surreply will include information that has not been previously disclosed but argues, correctly, that nothing precludes her from doing so. [Doc. 3512, p. 3].

Plaintiffs also argue that Ms. Meech should only be permitted a surreply if the Court will rely on Plaintiff's new material in the reply brief in deciding to grant or deny summary judgment. [Doc. 3510, p. 4]. However, the case Plaintiffs rely on for this proposition states that "if the court relies on new materials in a reply brief, it may not forbid the nonmovant from responding to these new materials." *Beaird v. Seagate Tech., Inc.*, 145 F.3d 1159, 1165 (10th Cir. 1998). And, nowhere in *Beaird* does the Tenth Circuit state that a district court *must* determine whether it will rely on the new material *before* permitting a surreply. The Tenth Circuit simply states that a district court does not abuse its discretion by precluding a surreply if it grants summary judgment for the movant without relying on the new material. *See Beaird*, 145 F.3d at 1164–65.

The Court does not yet know whether it will rely on the new material in Plaintiff's reply brief, but it assumes for the sake of argument that the material was important enough to merit consideration given the fact that it was submitted by Plaintiffs to contest Ms. Meech's dispute of material factual issues. Plaintiffs' request essentially asks the Court to consider the merits of its summary judgment motion before deciding whether to permit a surreply. The Court rejects Plaintiffs' request.

### C. Ms. Meech should be permitted to respond to Plaintiffs' *Mendenhall* legal argument in her surreply.

Plaintiffs contest Ms. Meech's contention that they raised new legal arguments in their reply brief. *See* Doc. 3510, p. 5. They say that their legal argument was merely responsive to Ms. Meech's and permissively pointed out defects in her response brief, including that they have always accounted for *Mendenhall*'s application as a matter of fact. *Id.*, pp. 6-7. Ms. Meech responds that she should be permitted to respond to Plaintiffs' new argument that her rights are precluded by a new *element* imposed by Plaintiffs in their reply brief; namely, a twenty-year time limit under *Mendenhall*. [Doc. 3512, p. 5]. The Court finds Ms. Meech has the better argument.

A surreply should be permitted where legal arguments in the reply brief go beyond pointing out the defects in the response brief. *See Green v. New Mexico*, 420 F.3d 1189, 1196 (10th Cir. 2005). This has been described by the Tenth Circuit as advancing new reasons in support of the motion for summary judgment. *Beaird v. Seagate Tech., Inc.*, 145 F.3d 1159, 1164 (10th Cir. 1998). When a moving party advances in a reply new reasons in support of its motion for summary judgment, the nonmoving party should be granted an opportunity to respond. *Id.*

Here, it was Plaintiffs' burden to establish entitlement to summary judgment in their Motion by showing a lack of a genuine dispute on the disputed reasonable time element. However, Plaintiffs waited until the Reply brief to argue for the imposition of a twenty-year reasonable time period. [Doc. 3504, p. 4]. The Court finds that this argument goes further than simply pointing out defects in Ms. Meech's response brief. Therefore, the Court recommends that Ms. Meech be permitted to respond to the new legal *Mendenhall*-based legal argument raised in Plaintiffs' Reply brief in her proposed surreply.

## VI.     CONCLUSION AND RECOMMENDATION

Above all, "Rule 56(c) requires the nonmoving party to be given notice and a reasonable opportunity to respond to the movant's summary judgment materials." *Beaird v. Seagate Tech., Inc.*, 145 F.3d 1159, 1164 (10th Cir. 1998) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986)). Considering Ms. Meech's objections to the material included in Plaintiffs' reply brief, the Court finds and concludes that Plaintiffs included new material that Ms. Meech should be allowed to respond to. As such, the undersigned **finds and recommends** that Ms. Meech's Objections to Inclusion of New Material in Reply Brief, or, in the Alternative, Motion to File Surreply [Doc. 3507] should be **sustained** and/or construed as a motion to file a surreply and that she be **granted** leave to file a surreply as described in her briefing.

9

_____
Jerry H. Ritter
U.S. Magistrate Judge

**THE PARTIES ARE FURTHER NOTIFIED THAT WITHIN 14 DAYS OF SERVICE** of a copy of these Proposed Findings and Recommended Disposition, they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636(b)(1). **A party must file any objections with the Clerk of the District Court within the fourteen-day period if that party wants to have appellate review of the proposed findings and recommended disposition. If no objections are filed, no appellate review will be allowed.**