**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

UNITED STATES OF AMERICA, and
STATE OF NEW MEXICO, ex rel. STATE
ENGINEER,

      Plaintiffs,

and

ZUNI INDIAN TRIBE, NAVAJO NATION,

      Plaintiffs in Intervention,

v.                                                                      No. 01-cv-0072-MV/JHR
                                                             ZUNI RIVER BASIN ADJUDICATION
A & R PRODUCTIONS, et al.            Subfile No. ZRB-1-0148

      Defendants.

## PROPOSED FINDINGS AND RECOMMENDED DISPOSITION ON NORMA MEECH'S CORRECTED MOTION TO CERTIFY QUESTIONS TO THE NEW MEXICO SUPREME COURT

This matter comes before the Court on subfile ZRB-1-0148 and Norma Meech's Corrected Motion to Certify Questions to the New Mexico Supreme Court. [Doc. 3488]. Plaintiffs United States of America and State of New Mexico filed response briefs and Meech filed a reply. [Docs. 3489, 3490, 3497]. Later Meech filed a Notice of Supplemental Authority alerting the Court to the New Mexico Court of Appeals' decision in *State ex rel. Office of State Eng'r v. Elephant Butte Irrigation Dist.*, 2021 WL 4272676, at *1 (N.M. Ct. App. Sept. 17, 2021). [Doc. 3521]. Plaintiffs responded. [Doc. 3524]. Having reviewed the briefing and all pertinent authority, the Court finds that to the extent there were questions of state law subject to certification before the *Elephant Butte* decision was issued, those questions were answered. As such, the undersigned recommends that the Court **deny** Ms. Meech's Motion to Certify.

1

### I.   HISTORY OF THE CASE

This case was brought by the United States of America to determine the water rights of users of the Zuni River basin. [*See* Doc. 1 (Complaint), p. 15; Doc. 222 (Amended Complaint), p. 21]. Defendants, like Ms. Meech, are all persons or entities claiming rights or interests in the use of the surface or groundwaters of the Zuni River basin in New Mexico adverse to the rights of the United States, the State of New Mexico, the Zuni Indian Tribe and Ramah members of the Navajo Indian Nation. [Doc. 1, p. 17; Doc. 222, p. 13]. Ms. Meech[1] was notified that the consultation period for the present subfile ended on January 28, 2020, requiring her to either accept the Consent Order bearing Plaintiffs' most recent offer or file a subfile answer. [Doc. 3446, pp. 1-2]. Ms. Meech answered through counsel on March 2, 2020, asserting that Plaintiffs' offers did not accurately reflect past beneficial use of water nor planned future beneficial use pursuant to *State ex rel. Reynolds v. Mendenhall*, 1961-NMSC-083, 68 N.M. 467. [Doc. 3449 (Subfile Answer), p. 1].

The parties agreed that discovery was necessary, submitted a Joint Status Report and Proposed Discovery Plan, and participated in a Scheduling Conference with the undersigned magistrate judge. [Docs. 3451 (Clerk's Minutes, Status Conference), 3453 (JSR), 3454 (Clerk's Minutes, Scheduling Conference), 3455 (Scheduling Order). Among other things, the Joint Status Report summarized Plaintiffs' contention that Ms. Meech is not entitled to water rights based on future needs or under *Mendenhall* while discussing Ms. Meech's interest as principal in C&E Concrete Inc. ("C&E"), "a business that has existed since the mid-1970s … [which] produces concrete, asphalt, sand, gravel, and crushed rock, as well as engages in limestone mining operations from a mineral deposit located southwest of Grants, New Mexico." [Doc. 3453, p. 5].

---

[1] Norma Meech notified the Court that her husband, Walter Meech, died on March 18, 2017 and filed an Unopposed Motion for Substitution of Party on May 4, 2020, which this Court granted. [Docs. 3456, 3458, 3469].

2

The mining operation takes place at a "large open pit mine known as the Tinaja Rock Quarry." [Doc. 3453, p. 5]. As stated in Ms. Meech's Motion to Certify, the mining operations at Tinaja require water for dust suppression to preserve air quality at mining locations, haul roads, transfer locations and other areas. [Doc. 3488, p. 3]. In anticipation of the mining and sand production activities at Tinaja, two wells were drilled on the property in October of 1988 and October 1990. [*Id.*, op. 4]. While one well has since stopped producing, the other continues to be used for its declared purposes on a nearly continuous basis. [*Id.*, p. 4]. The Meech family and C&E intend to continue to place water to beneficial use from the currently active well and from the other after rehabilitation as they carry on mining and processing activities at Tinaja. [*Id.*, p. 5].

Based on these facts and in anticipation of a decision on Plaintiffs' Motion for Summary Judgment ([Doc. 3491]), Ms. Meech asks this Court to certify to the New Mexico Supreme Court a question of application of *Mendenhall* to this case anticipating that Plaintiffs would argue to "exclude any consideration or adjudication of future water needs by Meech and C&E Concrete[.]" [*See id.*, pp. 8-12]. Plaintiffs filed response briefs in opposition to Ms. Meech's Motion to Certify, and Ms. Meech filed a Reply, completing the briefing. [*See* Docs. 3489, 3490, 3497]. In her Reply, Ms. Meech clarified her request: that this Court permit "the New Mexico Supreme Court the opportunity to analyze and render its opinion on whether the *Mendenhall* Doctrine, born in the context of agriculture, should be extended to the mining industry where water rights will not likely be placed to beneficial use for years, perhaps decades, in the future." [Doc. 3497, pp. 2-3].

On September 24, 2021 Ms. Meech filed a Notice of Supplemental Authority alerting the Court to the New Mexico Court of Appeals' decision in *State ex rel. Office of State Eng'r v. Elephant Butte Irrigation Dist.*, 2021 WL 4272676, at *1 (N.M. Ct. App. Sept. 17, 2021). [Doc. 3521]. Ms. Meech stated that the *Elephant Butte* decision "contains a significant discussion of the

relation doctrine, also referenced in New Mexico as the *Mendenhall* doctrine, that is relevant to the issues pending before the Court." [*Id.*, p. 1]. While Plaintiffs lodged some general objections to Ms. Meech's Notice, they agree that "the New Mexico Court of Appeals' thorough discussion of the doctrine of relation is relevant to issues raised in the United States' and State of New Mexico's Motion for Summary Judgment[.]" [Doc. 3524, p. 2].

## II.     LAW OF CERTIFICATION OF QUESTIONS BY A FEDERAL COURT

While there is no specific rule of procedure so permitting,[2] well established practice allows certification of questions of state law by a federal district court to the state's highest court. *See, e.g.*, *Arizonans for Official English v. Arizona*, 520 U.S. 43, 75 (1997); *Allstate v. Stone*, 1993-NMSC-066, 116 N.M. 464, 863 P.2d 1085 ("This matter comes before us by way of certification from the United States District Court for the District of New Mexico."). "New Mexico's highest court may 'answer a question of law certified to it by a court of the United States … if the answer may be determinative of an issue in pending litigation in the certifying court and there is no controlling appellate decision, constitutional provision or statute of [New Mexico].'" *Morris v. Giant Four Corners, Inc.*, 791 F. App'x. 735, 737 (10th Cir. 2019) (unpublished) (quoting NMSA 1978, § 39-7-4; citing Rule 12-607 NMRA). Whether to certify is a matter of discretion. *Anderson Living Tr. v. Energen Res. Corp.*, 886 F.3d 826, 839 (10th Cir. 2018). However, certification is not routine. As summarized by the Tenth Circuit:

> While certification saves "time, energy, and resources and helps build a cooperative judicial federalism," *Lehman Bros. [v. Schein]*, 416 U.S. [386,] 391, 94 S.Ct. 1741, it "is not to be routinely invoked whenever a federal court is presented with an unsettled question of state law." *Armijo [v. Ex Cam, Inc.]*, 843 F.2d [406,] 407; *Boyd Rosene & Assocs., Inc. v. Kan. Mun. Gas Agency*, 178 F.3d 1363, 1365 (10th Cir. 1999) ("Certification is never compelled, even when there is no state law governing an issue."). We have a "duty to decide questions of state law even if difficult or uncertain." *Copier ex rel. Lindsey v. Smith & Wesson Corp.*, 138 F.3d

---

[2] *Cf.* 10th Cir. R. 27.4, a Tenth Circuit local rule permitting certification of questions of state law and abatement of the federal appellate case while those questions are decided.

833, 838 (10th Cir. 1998). "[W]e will not trouble our sister state courts every time an arguably unsettled question of state law comes across our desks. When we see a reasonably clear and principled course, we will seek to follow it ourselves." *Pino v. United States*, 507 F.3d 1233, 1236 (10th Cir. 2007).

*Anderson Living Tr. v. Energen Res. Corp.*, 886 F.3d 826, 839 (10th Cir. 2018). "Novel, unsettled questions of state law … not 'unique circumstances,' are necessary before federal courts may avail themselves of state certification procedures." *Arizonans for Official English v. Arizona*, 520 U.S. 43, 79 (1997). Under New Mexico's rule, certification should be limited to questions of law; facts should be either agreed to by the parties or determined prior to certification by the certifying court. *See* Rule 12-607(C) NMRA.

### III.     ISSUES PRESENTED

1.  Should the Court certify the following question to the New Mexico Supreme Court:

    May an adjudication court, pursuant to NMSA 1978, §§ 72-4-13 through 20, adjudicate a water right in an amount that accounts for the reasonable, continuous expansion of beneficial use of water pursuant to a plan put in place prior to the declaration of an underground water basin?

2.  Should the Court certify the following question to the New Mexico Supreme Court:

    May an adjudication court, pursuant to NMSA 1978, §§ 72-4-13 through 20, apply the relation back doctrine announced in *State ex rel. Reynolds v. Mendenhall*, 1961-NMSC-083, 68 N.M. 467 to a mining operation that has been diligently pursuing beneficial use of water pursuant to a plan developed and initiated prior to the declaration of the underground water basin over thirty-six years previously?

### IV.     ANALYSIS

Certification of questions from a federal court to a state supreme court should be limited to novel, unsettled questions of state law. *Arizonans for Official English v. Arizona*, 520 U.S. 43, 79 (1997). Where the legal principles to be applied are relatively clear and factual issues remain, certification is inappropriate. Applying those principles here simplifies Ms. Meech's questions: can the Court apply *Mendenhall* to her mining operations and her claim for a significant expansion

of her current water right into the future upon evidence of diligent application of water from the wells at issue? The questions were arguably unsettled before *Elephant Butte* but, as if anticipating this case, the New Mexico Court of Appeals appears to have answered them. *See* 2021 WL 4272676 (N.M. Ct. App. Sept. 17, 2021).

The New Mexico Court of Appeals did not hesitate to apply *Mendenhall* to mining in *Elephant Butte*, in fact pointing to a long history of case law applying the doctrine of relation to mining. 2021 WL 4272676 at *7 (citations omitted). The court also clarified the legal standard to be applied to the facts before the court: diligence[3] under the totality of the circumstances. *Id.* at *12. The "bedrock" requirement of diligently applying water to beneficial use within a reasonable time given the circumstances at hand is a factual inquiry and each case must "stand and be decided on its facts." *Id.* at *10. In sum, Ms. Meech's legal questions are answered by the court in *Elephant Butte*, and what remains is the factual question of whether she and her predecessors in interest applied water in this case to a beneficial use within a reasonable time under the circumstances. This case may present "unique circumstances" but no longer "novel" or "unsettled" questions of state law. *Arizona*, 520 U.S. at 79. Therefore, certification of Meech's questions is not appropriate and the Court should deny Meech's Motion to Certify in light of the New Mexico Court of Appeals' decision in *Elephant Butte* and proceed to consider Plaintiffs' pending request for summary judgment.

---

[3] "[T]he core of relation—requiring a lawful commencement of an appropriation with notice to the world of intent, followed by diligence in bringing the planned appropriation to fruition by application of water to a beneficial use in a reasonable time—has remained the same. The question in each case is whether in a given circumstance the would-be appropriator has been diligent." *State Eng'r v. Elephant Butte Irrigation Dist.*, 2021 WL 4272676 at *12 (N.M. Ct. App. Sept. 17, 2021).

## V.  CONCLUSION AND RECOMMENDATION

Ms. Meech does not present "novel" or "unsettled" questions of state law subject to certification, at least not after *Elephant Butte*. Rather, this case involves precisely the kind of circumstances where a federal court must dutifully attempt to apply the law to the facts before it. As such, the undersigned finds and recommends that Ms. Meech's Corrected Motion to Certify Questions to the New Mexico Supreme Court [Doc. 3488] should be **denied**.

_____
Jerry H. Ritter
U.S. Magistrate Judge

**THE PARTIES ARE FURTHER NOTIFIED THAT WITHIN 14 DAYS OF SERVICE** of a copy of these Proposed Findings and Recommended Disposition, they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636(b)(1). **A party must file any objections with the Clerk of the District Court within the fourteen-day period if that party wants to have appellate review of the proposed findings and recommended disposition. If no objections are filed, no appellate review will be allowed.**