IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA and
STATE OF NEW MEXICO, *ex rel*. STATE
ENGINEER,

    Plaintiffs,

and

ZUNI TRIBE, NAVAJO NATION,

    Plaintiffs-in-Intervention,

v.

A.R. PRODUCTIONS et al.,

    Defendants.

No. 6:01-cv-00072-DHU-JMR
ZUNI RIVER BASIN ADJUDICATION
Subfile No. ZRB-1-0148

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Magistrate Judge Jerry H. Ritter's Proposed Findings and Recommended Disposition ("PFRD"), filed April 28, 2022 (Doc. 3547) and the United States of America's and the State of New Mexico, *ex rel*. State Engineer's ("Plaintiffs") Objections to the Proposed Findings and Recommended Disposition (Doc. 3553). The Court, having a conducted a de novo review of Plaintiffs' objections, hereby OVERRULES Plaintiffs' objections and ADOPTS the PFRD for the reasons set forth below.

### Background

The Magistrate Judge provided a through history relevant to the Subfile at issue. The Court therefore only briefly recounts the nature of the Zuni River Basin Adjudication and the parties thereto. This is an action by the United States of America initiated in its own right and as trustee

for the Zuni Indian Tribe, the Navajo Nation, the Ramah Navajo Band, and various individual Native Americans having interest in trust patents within the Zuni River basin. *See* Am. Compl., Doc. 222. In this action, the federal and state governments seek "comprehensive general stream system adjudication pursuant to federal [and state law] of all claims to the right to the use of the waters of the Zuni River stream system" and a court-ordered declaration "setting forth the priority and extent of all the parties['] rights to the use of the waters" within the stream system. *Id*. at ¶ 1. The Defendants in this action "are all those within the Zuni River basin who may claim rights or interests in the use of the surface and/or ground waters of the Zuni River stream system …" *Id.* at ¶ 6. In short, the state and federal governments and the Navajo Nation and Zuni Tribe claim interests in the Zuni River stream system that are adverse to the rights of the named Defendants. *See id*. at ¶¶ 23-24.

One of those defendants is Norma Meech.[1] Meech is a principal in C&E Concrete Inc., "a business that has existed since the mid-1970s … [which] produces concrete asphalt, sand, gravel, and crushed rock, as well as engages in limestone mining operations." PFRD at 3-4. Meech's property, which is within the Zuni River Basin, "contains five water features—two wells (8B-1-W10 and 8B-1-W11) and three ponds (8B-1-SP34, 8B-1-SP66 and 8B-1-SP69(b))." *Id*. at 6. Meech drilled the two wells, 8B-1-W10 and 8B-1-W11, in 1988 and 1990, respectively, for dust suppression generated from mining activities. *See id.* at 4. While Well 8B-1-W11 continues to operate, Well 8B-1-W10 has been dormant since 2012. *See id.* at 4, 6. Meech intends to repair the dormant well and return it to capacity. *Id*. at 6. Meech drilled the two wells before the New Mexico State Engineer's extension of the Gallup Underground Water Basin in 1994. *Id.*

---

[1] Ms. Meech was substituted as a party following the death of her husband. *See* Doc. 3469.

As for the three ponds, one is an industrial pond (8B-1-SP69(b)) that has historically been filled by water pumped from the two wells. *See id.* at 7. The other two ponds are used for livestock purposes and have historically been filled by surface runoff. *See id.*

After the United States performed a hydrographic survey of the Basin and examined the Meech property for evidence of historic, beneficial water use, Plaintiffs developed and served a Consent Order on Meech. *See* Doc. 3491, 2. "[O]n-again, off-again consultations" occurred between 2006 and 2019, but the parties "were unable to fully resolve [their] dispute over the water right claims." *Id*. In January 2020, Plaintiffs filed a Notice that the Consultation Period Has Ended on the Subfile, "which required Meech to either accept the Consent Order bearing Plaintiffs' most recent offer or file a subfile answer." *Id*. at 3.

Meech filed a subfile answer, asserting that Plaintiffs' offers did not accurately reflect past beneficial use of water nor planned future use pursuant to *State ex rel. Reynolds v. Mendenhall*, 68 N.M. 467, 362 P.2d 998 (N.M. 1961). *See* Doc. 3449. As will be discussed more below, *Mendenhall* established a "relation-back doctrine in which pre-basin groundwater rights may be increased after a basin is declared." *United States v. Abousleman*, No. CV 83-1041 JC, 1999 WL 35809618, at *2 (D.N.M. May 4, 1999). [2]

Plaintiffs eventually moved for summary judgment "as to all the water rights associated with Meech's property as a matter of law." Doc. 3491, 2. Meech responded. While she agreed that judgment was appropriate for past beneficial use of Well 8B-1-W11, she maintained that "there

---

[2] When the State Engineer of New Mexico "declares" a basin, "the effect [is] to require all new groundwater diversions to be permitted through the State Engineer's office." *Id*. But existing wells, also called "pre-basin" wells are "recognized as valid, … and pre-basin wells do not require permits unless there is some change in their location, or in the purpose for which the water is to be used." *Id*. (citing N.M. Stat. Ann. 1978 §§ 72-12-4, 72-12-7(A)).

3

are genuine issues of material fact regarding past beneficial use of Well 8B-1-W10, the future output of both wells, and the evaporative losses sustained by her ponds." PFRD at 4.

The Magistrate Judge recommended granting in part and denying in part Plaintiffs' summary judgment motion. The Magistrate Judge found that the motion should be denied as to Meech's two wells and two livestock ponds because:

> Meech has produced sufficient evidence to create a genuine issue of material fact as to her past use of the now-dormant well (8-B1-W10), has created a genuine issue of material fact as to her expanding right for both wells under the relation doctrine, and has created a genuine issue of material fact as to the evaporative losses resulting from her livestock ponds.

*Id*. at 2.

However, the Magistrate Judge recommended granting summary judgment in Plaintiffs' favor on Meech's single industrial pond, warranting judgment as to the water rights associated for that single water feature. *See id*. at 16-19.

Plaintiffs timely objected. *See* Doc. 3553. They ask the Court to "overrule the PFRD and grant summary judgment in Plaintiffs' favor regarding the historical beneficial use" of the remaining four water features. *Id*. at 1. The Court will present additional facts and arguments as needed in the sections that follow.

**Standard of Review**

District courts may refer dispositive motions to a magistrate judge for a recommended disposition. *See* Fed. R. Civ. P. 72(b)(1) ("A magistrate judge must promptly conduct the required proceedings when assigned, without the parties' consent, to hear a pretrial matter dispositive of a claim or defense or a prisoner petition challenging the conditions of confinement."). Rule 72(b)(2) governs objections: "Within 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and

recommendations." When resolving objections to a magistrate judge's proposal, "[t]he district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3).

## Discussion

In *Mendenhall*, the New Mexico Supreme Court held that a claimant can "acquire a water right with a priority date as of the beginning of his work, notwithstanding the fact that the lands involved were put into a declared artesian basin before work was completed and the water put to beneficial use on the ground[.]" 68 N.M. at 468, 362 P.2d at 999. To prove a *Mendenhall* claim, Meech is required to show that she "(1) legally commenced drilling [her] well[s] before declaration of the artesian basin, (2) proceeded diligently to develop a means of applying the water pursuant to a plan, and (3) applied the water to beneficial use within a reasonable time." *State ex rel. Martinez v. McDermett*, 120 N.M. 327, 330, 901 P.2d 745, 748 (N.M. Ct. App. 1995) (citing *State ex rel. Reynolds v. Rio Rancho Estates, Inc.,* 95 N.M. 560, 563, 624 P.2d 502, 505 (N.M. 1981)). Here, the parties do not appear to dispute the first and second elements of the relation-back doctrine. It is undisputed that Meech drilled the wells in 1988 and 1990, and hence before the 1994 extension of the declared basin. The parties also do not dispute Meech's diligence. *See* PFRD at 15-16 ("Plaintiffs agree that Meech has acted diligently as a matter of law …."). The first two elements of a *Mendenhall* claim are therefore not at issue.

The parties dispute the third element, beneficial use. "Beneficial use" means the "direct use or storage and use of water by man for a beneficial purpose including, but not limited to, agricultural, municipal, commercial, industrial, domestic, livestock, fish and wildlife, and

5

recreational uses." N.M. Code R. 19.26.2.7(D) (2023). The Magistrate Judge described the doctrine of relation back as a "way to quantify the right of a claimant who can show actual beneficial use of a specific quantity of water at a certain date, but who want to claim a greater future quantity because of an expected expansion of that same use over time." PFRD at 15. According to the Magistrate Judge, Meech has raised fact issue concerning an "expanding water right projected into the next century for both wells" given her family's commercial mining activities. *Id*. at 2.

The Plaintiffs argue that the Magistrate Judge's interpretation of *Mendenhall* was legal error. According to Plaintiffs, New Mexico's relation-back cases teach that a reasonable time to develop a water right is about 20 years. Adjudged against this standard, Plaintiffs claim that the Magistrate incorrectly "allow[ed] Meech to create a question of fact regarding a … time period of more than [ ] 130 years to develop her water rights," and they argue that "an ever-expanding water right is antithetical to New Mexico's scheme of prior appropriation." Doc. 3553 at 3.

Having considered the parties' arguments, the Court overrules Plaintiffs' objections. While it is correct that "[a]n intended future use" does not establish beneficial use, *McDermett*, 120 N.M. at 330, 901 P.2d at 748, the relation doctrine does in fact "accommodate *questions of future use* by industry and municipalities." *State ex rel. Off. of State Eng'r v. Elephant Butte Irrigation Dist.*, 499 P.3d 690, 702 (N.M. Ct. App. 2021) (emphasis added); *State ex rel. State Engineer v. Crider*, 78 N.M. 312, 315-16, 431 P.2d 45, 48-49 (N.M. 1967) (cities of Artesia and Roswell had a right to appropriate water for future use based upon population increases so long as the water was applied to beneficial use with a reasonable time). The Magistrate Judge correctly explained that the beneficial use "inquiry can only be answered by expert analysis of Meech's expanding water rights in light of her mining activities," and evidence "related to how long Meech should be

permitted to continuing [sic] expanding her water rights in the two wells." PFRD at 16. He also ruled that the parties' dispute over the beneficial past use of Well 8B-1-W10 in particular "present[ed] a textbook example of a genuine dispute of material fact." PFRD at 14. The Court affirms these rulings, as they are consistent with the command that in water adjudication disputes each case should "stand and be decided on its own facts." *Elephant Butte*, 901 P.2d at 702.

Plaintiffs next challenge the Magistrate Judge's recommendation to deny summary judgment in their favor concerning Meech's two livestock ponds, which are filled by surface runoff. The Magistrate acknowledged that "there is no New Mexico case law definitively stating an entitlement to compensation of evaporative loss." PFRD at 11. However, he held that "the fact that some stored water is lost to evaporation has been judicially recognized," by the Tenth Circuit. *Id.* (citing *Jicarilla Apache Tribe v. United States*, 657 F.2d 1126, 1145 (10th Cir. 1981) ("We conclude that neither the Bureau nor the City may store water in violation of congressional directives, especially in light of the fact that the storage would result in a great amount of waste due to evaporation.")). And, the Magistrate held that the New Mexico Court of Appeals "hinted" in *Elephant Butte* "that it might be recoverable in the right circumstances." PFRD at 18. Assuming that evaporative loss is a recognized concept, the Magistrate Judge denied Plaintiffs' summary judgment request and held that "further factual development [was] needed" as to the two livestock ponds because the United States' expert quantified the water right for each pond but failed to account for evaporative losses. PFRD at 18.

Plaintiffs argue that this ruling was error. First, they argue that no law supports the Magistrate Judge's conclusion that evaporation from ponds filled by runoff constitutes a "beneficial use." They argue that *Elephant Butte* actually undermines the Magistrate's ruling because the court "in fact reversed the adjudication court's award of a water right based upon the

evaporation rate of [34.45 acre-feet per year of] an open pit supplied by groundwater." Doc. 3553 at 20. But Plaintiffs fail to mention that the court reversed simply because the party failed to submit sufficient evidence showing how the 34.45 acre-feet-per-year figure was calculated. In other words, the court made no holding on the merits of whether evaporative loss is allowed; it merely held that the evidentiary record was insufficient to support such a finding. Based on this dicta in *Elephant Butte*, along with the Tenth Circuit's *Jicarilla* case, the Magistrate Judge could have rationally concluded that evaporative loss is a judicially recognized concept. Plaintiffs in fact acknowledge in their objections that it is an "open question" in New Mexico whether evaporative loss is a beneficial use. Doc. 3553 at 18. Because the Magistrate Judge rationally concluded that evaporative loss could be a beneficial use, the Court affirms his ruling on the issue.

Plaintiffs also argue that the Magistrate Judge improperly placed the summary judgment burden upon them to quantify the amount of Meech's water right. Plaintiffs argue that even if evaporative loss is recognized, Meech still had to offer evidence of evaporative losses. The Court overrules Plaintiffs' objections. Where, as here, "the moving party has the burden [of proof]—the plaintiff on a claim for relief or the defendant on an affirmative defense—[its] showing must be sufficient for the court to hold that no reasonable trier of fact could find other than for the moving party." *Leone v. Owsley*, 810 F.3d 1149, 1153 (10th Cir. 2015) (citation omitted) (first alteration in original). In other words, "[t]he party who has the burden of proof on a dispositive issue cannot attain summary judgment unless the evidence that he provides on that issue is *conclusive*." *Id.* (citation omitted) (emphasis added). Plaintiffs' evidence is not "conclusive" and therefore Plaintiffs failed to carry their summary judgment burden. As the Magistrate Judge correctly recognized, "further factual development" was needed because Plaintiffs' expert did not calculate evaporative losses from the ponds. PFRD at 18. Calling for further factual development was not a

misallocation of summary judgment burdens by the Magistrate Judge. Instead, it was a recognition that Plaintiffs had to carry their burden in the first instance. Because Plaintiffs' evidence on evaporative losses is not conclusive to obtain summary judgment, the Court affirms the Magistrate Judge's ruling denying summary judgment in Plaintiffs' favor on the two livestock ponds.

## Conclusion

For the reasons explained herein, it is hereby ordered that:

1. The Magistrate Judge's Proposed Findings and Recommended Disposition (Doc. 3547) is **ADOPTED**, and

2. Plaintiffs United States of America's and State of New Mexico's Objections to the Proposed Findings and Recommended Disposition (Doc. 3553) are **OVERRULED**.

**IT IS SO ORDERED**.

_____
DAVID HERRERA URIAS
UNITED STATES DISTRICT JUDGE